## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **JOE RICHARD "TREY" POOL, III,** | : |
| **TRENTON DONN "TRENT" POOL,** | : |
| **and, ACCELEVATE2020, LLC,** | : |
| | : **CIVIL ACTION** |
| **Plaintiffs** | : |
| | : **No. 19-CV-2236** |
| **v.** | : |
| | : **Injunctive and Declaratory Relief** |
| **CITY OF HOUSTON, and, ANNA** | : **Requested** |
| **RUSSELL, in her official capacity as the** | : |
| **City Secretary of the City of Houston,** | : |
| | : |
| **Defendants.** | : |

## VERIFIED COMPLAINT
## FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs, JOE RICHARD "TREY" POOL, III (hereinafter "Trey

Pool"), TRENTON DONN "TRENT" POOL (hereinafter "Trent Pool"), and

ACCELEVATE2020, LLC, by and through their undersigned legal counsel,

respectfully file this action against Defendants, the CITY OF HOUSTON and

ANNA RUSSELL, in her official capacity as the City Secretary of the City of

Houston.

All Plaintiffs request emergency, temporary and permanent injunctive and

declaratory relief against Defendants CITY OF HOUSTON and ANNA

RUSSELL, prohibiting them from enforcing Article VII-b, Section 2 and Article

VII-a, Sections 2 & 3 of the Houston City Charter (the "challenged provisions")

(attached as **Exhibit C**) to the extent that, in tandem, they impose a voter registration and residency requirement within the City of Houston to circulate initiative or referendum petitions to place a measure on the Houston ballot, in violation of rights guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution.

## NATURE OF THE COMPLAINT

1.      This is a civil rights action brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging that the voter registration and Houston residency requirements to circulate initiative and referendum petitions imposed by the challenged provisions of the Houston City Charter violate rights guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution.

2.      Plaintiffs ask this Court for emergency, temporary and permanent injunctive relief prohibiting Defendants CITY OF HOUSTON and ANNA RUSSELL from enforcing the voter residency and registration requirements imposed by the challenged provisions to circulate initiative or referendum petitions pursuant to the Houston charter.  Plaintiffs also seek declaratory relief and nominal damages, as well as reasonable and necessary attorneys' fees, expenses, and costs.

3.    The challenged provisions impose a severe impairment of rights guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution.

4.    The challenged provisions are not narrowly tailored to advance a compelling governmental interest or important regulatory purpose.

5.    All Defendants are state actors within the meaning of 42 U.S.C. §1983 acting under color of state law.

## JURISDICTION

6.    Jurisdiction lies in this court under 28 U.S.C. § 1331, providing that district courts shall have original jurisdiction of all civil actions arising under the Constitution of the United States.

7.    Moreover, jurisdiction lies under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a), the jurisdictional counterpart of 42 U.S.C. § 1983, as Plaintiffs allege violation of rights guaranteed under the First and Fourteenth Amendments to the United States Constitution.  Plaintiff's claims for injunctive relief are authorized by Rule 57 and 65 of the Federal Rules of Civil Procedure, and by the general legal and equitable powers of this Court.  Plaintiffs further seek a declaration of rights in this case of actual controversy within this Court's jurisdiction pursuant to the Declaratory Judgments Act, 28 U.S.C. §§ 2201-02.

## VENUE

8.     Venue is proper in the United States District Court for the Southern District of Texas under 28 U.S.C. §1391 as Defendant CITY OF HOUSTON is located within the district and Defendant ANNA RUSSELL's principal place of business is within the district and all alleged relevant acts and omissions occur within the district.

## PARTIES

9.     Plaintiff Trey Pool is a resident of the State of California with family ties in Dripping Springs, Texas.  Trey Pool's residence address is 802 North Edgemont Street, Los Angeles, California.  Hesupports the proposed anti-corruption ordinance (described further below) that sponsors seek to place on the November 2019 Houston ballot.  Plaintiff Trey Pool intends to circulate the anti-corruption petition but is prohibited from doing so as a direct and proximate result of the challenged provisions. Plaintiff Trey Pool also intends to circulate future initiative and referendum petitions to place measures on the ballot in the City of Houston, particularly those furthering open and accountable government in a city known for rampant political corruption.  Pursuant to the challenged provisions, only registered voters of the City of Houston may validly circulate an initiative or referendum petition to place proposed measures on the Houston ballot.

10.     Plaintiff Trent Pool[1] is a resident of Austin, Texas, residing at 1000 Fiesta, Unit A, Austin, Texas, and registered to vote at such residence.  He cares deeply about many issues related to politics and good government, including supporting individual liberty and limited government, sound fiscal and tax policy, governmental transparency and ethics, protecting the sanctity of life, and Second Amendment rights, among others.  One issue of particular importance to Plaintiff Trent Pool, and relevant here, is his firm support of direct democracy through ballot measure elections.  Plaintiff generally believes that providing citizens more choices on the ballot—*i.e.*, more opportunities to weigh in directly on policy proposals through the ballot box—is desirable.  That belief inspires his longtime dedication to petition efforts and was one of the founding principles behind his old firm, Benezet Consulting, and also a cornerstone of the new entity, Plaintiff Accelevate2020 LLC which also specializes in petition consulting and deployment of professional petition circulators for clients.

11.  Plaintiff Trent Pool has made his passion his business as an executive in these professional election petition circulating firms.  Trent Pool has circulated candidate and ballot measure (initiative/referendum) petitions in the State of Texas and multiple other states over the past seven years.  He has circulated petitions for

---

[1] Plaintiff Trent Pool's verification is designated as **Exhibit A**, and will be filed as a supplemental exhibit to this Complaint as soon as the signed verification is received from Plaintiff.

5

ballot access on behalf of candidates, new political parties, and initiatives and referenda including but not limited to the following: Ron Paul in Pennsylvania for the 2012 Primary Election; Gary Johnson in Pennsylvania for the 2012 General Election; Gary Johnson and Jill Stein in Alaska for the 2012 General Election; New Party nomination petitions for "Americans Elect" in Alaska and North Dakota in 2012; New Party nomination petitions for "Americans for Limited Government" in Oregon in 2008; Casino Gaming Referendum petitions in Arkansas in 2012; Medical Marijuana referendum petitions in Arkansas in 2012; Ted Cruz in Pennsylvania, Illinois, Vermont, Indiana and Rhode Island for the 2016 Primary Election; Roque De La Fuente in Pennsylvania, Indiana, Wisconsin, and Connecticut for the 2016 Primary Election; Rand Paul in Indiana, Vermont, Illinois, and Rhode Island for the 2016 Primary Election; Roque De La Fuente in Pennsylvania, Alaska, North Dakota, South Dakota, Alabama, Mississippi, Washington, Minnesota, Michigan, Kentucky, Virginia and Ohio for the 2016 General Election; Jill Stein in Pennsylvania and Virginia for the 2016 General Election; Rick Santorum in Indiana for the 2016 Primary Election; Carly Fiorina in Indiana for the 2016 Primary Election; Ben Carson in Indiana for the 2016 Primary Election; Donald Trump in Indiana for the 2016 Primary Election; and dozens of Texas judicial candidates.

12.     Through his work, Plaintiff Trent Pool has hired dozens of professional circulators residing in multiple states to circulate election and referendum petitions for candidates and ballot questions Plaintiff Pool supported and/or for which he was hired to secure ballot access.

13.     Despite running a business employing professional circulators, Plaintiff Trent Pool continues to personally circulate petitions and gather signatures on many petitions because he cares deeply about the issues involved. For example, he personally gathered signatures in support of the 2012 petition to change Austin City Council elections from all at-large to a system featuring district-based elections, and the 2018 petition for an audit of Austin finances.  He has also organized a signature-collection effort in support of the 2013 petition for a referendum on Houston's "equal rights ordinance" (ERO).  As a volunteer, Pool assumed responsibility late in the petition drive for assisting with signature collection, and after training volunteer circulators and collecting signatures himself, contributed more than ten thousand signatures in support of the ERO referendum.

14.     As elaborated further below, Plaintiff Trent Pool supports the proposed anti-corruption ordinance that sponsors seek to place on the November 2019 Houston ballot.  Plaintiff Trent Pool also intends to circulate future initiative and referendum petitions under the Houston City Charter.  He intends to circulate

the anti-corruption petition but is prohibited from doing so as a direct and proximate result of the challenged provisions of the Houston City Charter, requiring that a circulator execute an affidavit that the circulator signed the petition, which, in turn, requires that the circulator be a registered voter of the City of Houston to validly sign an initiative or referendum petition.

15.     As a Texas resident, Plaintiff Trent Pool is subject to the general jurisdiction of the State of Texas and is willing to submit to the jurisdiction of the City of Houston for purposes of any subsequent investigation and/or prosecution related to any petitions circulated by Plaintiff Trey Pool as a condition precedent to being permitted to circulate referendum petitions in the City of Houston.

16.     Plaintiff Accelevate2020, LLC is a registered limited liability company organized under the laws of Texas and is professional petition circulator firm who intends to circulate initiative and referendum petitions in the City of Houston using professional circulators who are not residents or registered voters in the City of Houston.  Accelevate2020 employs professional circulators who are not registered voters of the City of Houston.  Accelevate2020 cannot bid for contracts to circulate initiative or referendum petitions in the City of Houston as a direct and proximate result of the challenged provisions.  Accelevate2020's principal place of business is at 3800 Creek Road, in Dripping Springs, Texas.

17.     Defendant the City of Houston (sometimes referred to herein as "the City") is the Texas municipality where Plaintiffs wish to circulate initiative petitions to place a proposed anti-corruption ordinance on the Defendant City of Houston's November 2019  ballot, and future petitions for initiative and referendum. The City's principal place of business is 900 Bagby Street in the City of Houston, Texas.

18.     Defendant Anna Russell is the City Secretary of Defendant City of Houston and is the official charged with accepting and/or rejecting initiative and referendum petitions authorized under the City's charter, and is the official charged with enforcing the provisions which Plaintiffs challenge in this action.  Defendant Anna Russell is made a party to this action in her official capacity as the City Secretary.  Russell's principal place of business is 900 Bagby Street, Room P101, in the City of Houston, Texas.

## FACTS

**Houston circulator requirements**

19.     Houston authorizes initiatives and referenda under its home rule charter.

20.     For both initiative and referendum petitions, the charter requires a petition "signed and verified in the manner and form required for recall petition in Article VII-a[.]"  Charter art. VII-b, §§ 2(a) (initiative), (3) (referendum).  Article

9

VII-a, in turn, governs the "Form of Petition," and requires the circulator to affirm under oath that he or she not only witnessed the signatures appearing on the petition pages circulated, but also that the circulator is "one of the signers of the…petition." *Id.*, art. VII-a, § 3.

21.     One must be a "qualified voter" of the City of Houston to be eligible to sign the petition. *Id.*, art. VII-a, § 2.

22.     As Houston lies within the State of Texas, one is only a "qualified voter" of the City if one is a "qualified voter" according to Texas law.  This requires one to be a resident of the City of Houston, *see* Tex. Elec. Code § 13.001(a)(5) ("Eligibility for Registration"), *id.* § 11.001(a)(2) ("Eligibility to Vote"), and, among other things, *registered to vote* in the City of Houston.  *See* Tex. Elec. Code § 11.002(a)(6) (emphasis added).

23.     As a result, the challenged provisions preclude a person from serving as a circulator of a petition if that person is not a resident and registered voter of the City of Houston.  Any signatures collected by a circulator who does not meet these requirements are invalid because they are not "signed and verified in the manner and form" required by the Charter, which requires the circulator's affidavit made under oath.  Charter art. VII-b, § 2(a).

24.     Signatures for an initiative or referendum in the City of Houston are required be collected within a period of 30 days.  Charter art. VII-a, § 3a.

**Anti-Corruption Initiative Petition Currently Circulating in Houston**

25.     On June 9, 2019, supporters initiated a drive for signatures for an initiative petition for an ordinance targeting so-called "Pay to Play" practices, which would limit campaign contributions from city vendors, among other things (the "anti-corruption ordinance").

26.     Plaintiff Trent Pool desires immediately to participate and gather signatures for this petition as a volunteer because it is an issue he cares about.

27.     Were it not for the challenged provisions dictating that any signatures gathered by Trent Pool would be invalid, Trent Pool would have already begun circulating petition pages for the anti-corruption ordinance.  The organizers of the drive are actively seeking volunteers to circulate petitions, and Trent Pool wants to do so.  He has a copy of the petition (attached as **Exhibit B**) and stands ready to gather signatures now and until the petition is submitted.  If the petition is submitted 30 days after the first signature was secured, the deadline for the petition to be submitted is July 9, 2019.  Trent Pool will not circulate the petition, or future petitions for initiatives or referenda in the City of Houston, however, unless the challenged provisions are rendered unenforceable so that signatures he gathers will be valid.  He is also not willing to sign the circulator's affidavit under penalty of perjury while such affidavit requires him to affirm that he signed the petition, which he is ineligible to sign because he is not a registered voter of Houston.

28.     While Plaintiff Trent Pool is already a resident of Texas, he also stands ready and willing to take any appropriate action to submit to the jurisdiction of the City of Houston for purposes of any subsequent investigation and/or prosecution with respect to any petitions circulated by Plaintiff Trent Pool.

29.     Plaintiff Trey Pool is a resident of the State of California.

30.     Plaintiff Trey Pool is not a registered voter of the City of Houston.

31.     Plaintiff Trey Pool wishes to immediately circulate petitions for the anti-corruption ordinance through July 9, 2019.  Trey Pool will not circulate the petition, or future petitions for initiative or referenda in the City of Houston, however, unless the challenged provisions are rendered unenforceable so that signatures he gathers will be valid, and he is not placing himself at pain of perjury prosecution for affirming that he signed a petition that he is not eligible to sign.

32.     Plaintiff Trey Pool is willing, as a condition precedent to being able to validly circulate petitions in the City of Houston, to submit to the jurisdiction of the State of Texas and the City of Houston, Texas, for the purpose of any subsequent investigation and/or prosecution related to any petitions circulated by Plaintiff Trey Pool.

33.     Plaintiffs Trent Pool and Trey Pool wish to be able to circulate initiative and referendum petitions in the City of Houston to support all future such petitions to place such measures on Houston's ballot as alleged herein.

34.     In the course of circulating and soliciting signatures for the current anti-corruption ordinance petition and any future petition, Plaintiffs Trent Pool and Trey Pool would necessarily engage in persuasive political speech in encouraging Houston voters to support and sign the petition.  They would explain the nature and purposes of the measure at issue and engage in discussion.  They view this act, and the voters' act of providing their support and their signature to the petition, as core political association—demonstrative expressive association between the signatory voters and the Plaintiffs as circulators supporting political change—that is valuable and expresses a message regardless of the ultimate success or failure of the petition at issue.

35.     Plaintiff Accelevate2020 wishes to use persons who reside out-of-state, and who reside in Houston but are not registered to vote in Houston, to circulate initiative and referendum petitions within the City of Houston now and in the future.

36.     Plaintiff Accelevate2020 is not able to bid on contracts for the circulation of initiative or referenda petitions within the City of Houston because none of its circulators are registered voters within the City of Houston.

37.     Article VII-a, Section 3 of the Houston City Charter, cited above, is set out here in further detail.  The provision requires, in relevant part, each circulator of the petition to execute a sworn jurat providing that:

"The form of petition above provided shall be as follows…. 'I, _____, being first duly sworn on oath depose and say: ***that I am one of the signers of the above petition, that the statements made therein are true,*** and that each signature appearing thereto was made in my presence on the day and date it purports to have been made, and I solemnly swear that the same is a genuine signature of the person whose name it purports to be.

_____

  Sworn to and subscribed before me this _____ day of _____, 2____.

/s/_____
  *Notary Public, State of Texas*

38.    As a direct and proximate result of Article VII-b, Section 2 and Article VII-a, Sections 2 & 3 of the Houston City Charter, out-of-state residents may not validly circulate initiative or referendum petitions in the City of Houston to place a proposed measure on Houston's ballot, diminishing the total quantum of speech available to circulate such petitions in the City of Houston.

39.    As a further direct and proximate result of the challenged provisions, residents of the State of Texas who are not residents of the City of Houston may not validly circulate initiative or referendum petitions in the City of Houston to place a proposed measure on Houston's ballot, diminishing the total quantum of speech available to circulate such petitions in the City of Houston, and diminishing the chance of success for such petitions.

40.    As an additional further direct and proximate result of the challenged provisions, only signers of the initiative or referendum petition may validly

circulate referendum petitions in the City of Houston to place a proposed referendum on Houston's ballot, diminishing the total quantum of speech available to circulate referendum petitions in the City of Houston.

41.     The challenged provisions are not narrowly tailored to advance a compelling or any sufficient governmental interest.

42.      The challenged provisions not advance a legitimate regulatory interest.

43.     In tandem, the challenged provisions impose a severe impairment to rights guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution.

44.     The Supreme Court of the United States has clearly established that any restriction that excludes a large number of individuals from participating in core political speech triggers strict scrutiny analysis under First Amendment analysis.

45.     The circulation of referendum and initiative petitions is core political speech afforded the highest level of protections under the First Amendment to the United States Constitution.

46.     The United States Supreme Court has clearly decided that voter registration requirements imposed on the right to circulate such petitions triggers strict scrutiny analysis under First Amendment jurisprudence.

47.   In tandem, assuming that the current voter registration totals of Harris County, Texas approximates the total voter registration totals of the City of Houston, the challenged provisions exclude 99.317% of the United States population, or 324,965,224 U.S. citizens, from validly circulating referendum petitions in the City of Houston.

48.   An actual and justiciable controversy exists as to which Plaintiffs require a declaration of their federal constitutional rights.

49.   Plaintiffs have no adequate remedy at law.

50.   Plaintiffs are suffering, or will imminently suffer, irreparable harm as a result of Defendants City of Houston and Anna Russell's enforcement of the challenged provisions of the Houston City Charter and the harm will continue unless declared unlawful and enjoined by this Court.

## COUNT I – FACIAL CHALLENGE
**(Article VII-b, Section 2 & Article VII-a, Sections 2 & 3 of the Houston City Charter Impair Rights Guaranteed Under the First and Fourteenth Amendments to the United States Constitution)**

51.   Plaintiffs reassert each preceding allegation as if set forth fully herein.

52.   Article VII-b, Section 2 and Article VII-a, Sections 2 & 3 of the Houston City Charter restrict the circulation of initiative and referendum petitions to registered voters of the City of Houston.

53.     Plaintiffs are not registered or qualified voters of the City of Houston and are not eligible to become registered voters of the City of Houston because they do not reside in the City.

54.     Plaintiffs intend to circulate the anti-corruption ordinance petition within the City of Houston to place a proposed ordinance on the 2019 Houston ballot.

55.     Plaintiffs intend to circulate additional initiative and referendum petitions in the future to place measures on the Houston ballot, including in particular those targeted at attacking fiscal irresponsibility, excessive taxation, and corruption within the City of Houston and to force more open and transparent government on the City of Houston.

56.     Plaintiffs are prohibited from engaging in core political speech within the City of Houston as a direct and proximate result of the Houston voter registration requirement imposed by the challenged provisions of the Houston City Charter.

57.     The challenged provisions of the Houston City Charter impose a severe restraint on Plaintiffs' rights guaranteed under the First and Fourteenth Amendments to the United States Constitution for which Plaintiffs demand their requested relief.

<u>**COUNT II – AS-APPLIED CHALLENGE**</u>

**(Article VII-b, Section 2 & Article VII-a, Sections 2 & 3 of the Houston City Charter Impair Rights Guaranteed Under the First and Fourteenth Amendments to the United States Constitution As-Applied to Plaintiffs)**

58.   Plaintiffs reassert each preceding allegation as if set forth fully herein.

59.   The challenged provisions restrict the circulation of referendum petitions, for both city initiatives and referenda, to registered voters of the City of Houston.

60.   Plaintiffs are not registered or qualified voters of the City of Houston.

61.   Plaintiffs Trey Pool and Trenton Pool are willing to submit to the jurisdiction of the State of Texas and the City of Houston for the investigation and/or prosecution of any issue related to the circulation of initiative or referendum petitions that they circulate in the City of Houston as a condition precedent to being allowed to lawfully circulate such petitions within the City of Houston.

62.   Plaintiffs intend to circulate an anti-corruption referendum petition within the City of Houston to place a proposed ordinance on the November 2019 Houston ballot.

63.   Plaintiffs intend to circulate and support future efforts to circulate initiative and referendum petitions in the City of Houston in the future.

64.   Plaintiff Accelevate2020 employs many professional circulators who are not registered voters of Houston, precluding Accelevate 2020 from bidding on

petition circulation jobs in the City of Houston and using its employees as circulators.

65. Plaintiffs are prohibited from engaging in core political speech within the City of Houston as a direct and proximate result of the Houston voter registration requirement imposed by the challenged provisions.

66. The challenged provisions, as applied to Plaintiffs Trey Pool and Trenton Pool, and Accelevate 2020 LLC, impose a severe restraint on Plaintiffs' rights guaranteed under the First and Fourteenth Amendments to the United States Constitution for which Plaintiffs demand their requested relief.

## **<u>REQUEST FOR RELIEF</u>**

**WHEREFORE,** Plaintiffs respectfully request that this Court:

a. Enter an emergency and/or preliminary injunction against Defendants City of Houston and Anna Russell, prohibiting the enforcement of Article VII-b, Section 2, and Article VII-a, Sections 2 and 3, and any other relevant provisions or regulations, to the extent that they prohibit persons not registered to vote in the City of Houston from collecting valid petition signatures;

b. Declare that the voter registration requirement to validly circulate referendum petitions within the City of Houston imposed by Article VII-b, Section 2 and Article VII-a, Sections 2 & 3 of the Houston City Charter is unconstitutional;

c.      Enter permanent injunctive relief against Defendants City of Houston and Anna Russell's enforcement of the voter registration requirement to validly circulate initiative or referendum petitions within the City of Houston imposed by Article VII-b, Section 2 and Article VII-a, Sections 2 & 3 of the Houston City Charter;

d.      Waiver of the requirement of paying a bond for the issuance of the requested emergency temporary restraining order or other injunctive relief;

e.      Nominal damages for the violation of Plaintiffs' rights;

f.      Award Plaintiffs the cost of this action, together with their reasonable and necessary attorneys' fees and expenses pursuant to 42 U.S.C. §1988; and,

g.      Retain jurisdiction of this action and grant Plaintiffs such other relief which may in the determination of this Honorable Court to be necessary and proper.

Respectfully submitted,

/s/ Jerad Najvar
Jerad Wayne Najvar
Texas Bar No. 24068079
Southern District No. 1155651
2180 North Loop West,
Suite 255
Houston, TX 77018
281.404.4696 phone
281.582.4138 fax
jerad@najvarlaw.com
*Attorney in Charge for Plaintiffs*

*Of counsel*:

Paul Rossi*
Indiana Bar No. 20346-98
LAW OFFICE OF PAUL ROSSI LLC
1601 Northview Drive
Lowell, IN 46356
219.690.1200 phone
paul-rossi@comcast.net
*Motion for admission *pro hac vice* forthcoming.

NAJVAR LAW FIRM, PLLC
Austin M.B. Whatley
Texas Bar No. 24104681
Southern District No. 3348472
281.410.2003 phone
austin@najvarlaw.com
2180 North Loop West.,
Ste. 255
Houston, TX 77018