UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE RICHARD "TREY" POOL, III, <br> TRENTON DONN "TRENT" POOL, <br> and ACCELEVATE2020, LLC, <br><br> Plaintiffs <br><br> v. <br><br> CITY OF HOUSTON, and, ANNA <br> RUSSELL, in her official capacity as the <br> City Secretary of the City of Houston, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Case No. 4:19-cv-02236 |

## **PLAINTIFFS' OPPOSED MOTION FOR ATTORNEYS' FEES & EXPENSES**

TO THE HONORABLE JUDGE GILMORE:

Pursuant to 42 U.S.C. § 1988(b), Plaintiff respectfully moves the Court for an award of reasonable and necessary attorneys' fees and expenses, for the reasons set forth below and for such other reasons as may appear at any hearing on this motion.

### BACKGROUND

Plaintiffs filed their First Amended Verified Complaint on June 26, 2019. (Doc. 7.) The Complaint alleges that all Plaintiffs not only wished to engage in signature collection regarding the anti-corruption initiative petition that was circulating in Houston at the time, but also to circulate and support additional initiative and referendum petitions in Houston in the future. *See, e.g.*, Doc. 7 at ¶¶ 9 (Trey Pool), 14 (Trent Pool), 16 (Accelevate2020), 27, 31, 35, 55 (facial challenge), 63 (as-applied challenge). The Complaint sought a preliminary injunction, permanent injunction, declaratory judgment, nominal damages, and other relief. (Doc. 7 at 19-20.)

This Court held a hearing on Plaintiffs' motion for a temporary restraining order on July 1, 2019, and entered a TRO on the same date. (Doc. 15.) Plaintiff Trent Pool began collecting signatures shortly after. (Doc. 26 at 3)

In subsequent discussions between counsel for the Plaintiffs and Defendants, the parties agreed in principle to submitting an agreed proposed final judgment, and were beginning negotiations on such judgment. The parties also discussed attorneys' fees issues.

However, on August 15, 2019, the Court entered, *sua sponte*, an Order dismissing all claims. (Doc. 20.) This Order is premised on the statement that, "[a]t the motion hearing, the parties agreed that Plaintiff's claims would be moot at the expiration of the circulation period. The petition circulation period expired on July 9, 2019." *Id*.

Plaintiffs filed a Rule 59(e) motion on September 12, 2019, arguing that the order was manifestly erroneous as their claims were not moot. (Doc. 26)

The Court denied Plaintiffs motion by order entered on the Court's docket on November 4, 2019. (Doc. 33) The court ordered that Plaintiffs had five days to move for fees. This motion is timely filed because the fifth day after the Court's order was entered was a Saturday, and today, November 12, 2019, is the first day following that is not a Saturday, Sunday, or legal holiday. *See* Fed. R. Civ. P. 6(2)(C).[1]

## ARGUMENT

### I. Plaintiff is a prevailing party entitled to fees

"A prevailing party is a party who is successful 'on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit.'" *Abner v. Kan. City S. R.R. Co.*, 541 F.3d 372, 379 (5th Cir. 2008) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). "The touchstone of the prevailing party inquiry … is the material alteration of the legal

---
[1] Monday, November 11, 2019, was Veterans Day, a federal holiday.

relationship of the parties in a manner which Congress sought to promote in the fee statute." *Davis v. Abbott*, 781 F.3d 207, 213 (5th Cir. 2015) (quoting *Sole v. Wyner*, 551 U.S. 74, 82 (2007)). "A prevailing party must be one who has succeeded on any significant claim affording it some of the relief sought, either pendente lite or at the conclusion of the litigation." *Id*. (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist*., 489 U.S. 782, 791 (1989)). The grant of a TRO can be enough to create prevailing party status for a Plaintiff. *Black Heritage Soc. v. City of Houston*, No. CIVA H-07-0052, 2008 WL 2769790, at *5 (S.D. Tex. July 11, 2008) (finding that grant of TRO gave plaintiff prevailing party status that was not affected when defendant voluntarily ceased its actions by amending provision) (citing *Dearmore v. City of Garland*, 519 F.3d 517, 521 (5th Cir.2008)).

      Here, Plaintiffs secured a TRO against the city, which enjoined it from enforcing the challenged provisions of the charter and therefore enabled Plaintiffs to circulate the anti-corruption petition, something they would not have been able to do without the TRO. Plaintiff Trent Pool circulated the petition over several days in July after entry of the TRO and collected over 40 signatures. (Doc. 26 at 3). Moreover, in entering the TRO, the court was required to, and did, find that Plaintiffs were likely to prevail on the merits of the claims. Pool executed four separate affidavits with the language prescribed by this Court in the temporary restraining order, one to accompany each of the four pages containing petition signatures. *Id*. Pool submitted these signatures and his accompanying affidavits to the petition sponsors. *Id*. The sponsors have not submitted the petition to the City Secretary because they did not collect enough signatures. *Id*. All of Trent Pool's actions were made possible by the TRO. As recognized by the Southern District of Texas, the TRO alone confers prevailing party status to Plaintiffs, even if no further relief were to be obtained in this case. *See Dearmore*, 519 F.3d at 524; *Black Heritage Soc.,*

2008 WL 2769790, at *5 (TRO conferred prevailing party status where it included finding likelihood of success on the merits and allowed Plaintiffs to carry on desired activity without restriction by enjoined provisions).

## II.   Calculating the Fees

### a.   a. Lodestar

The Fifth Circuit uses a two-step process to calculate attorneys' fees. *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999).  First, a court calculates a "lodestar" figure "by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work." *Id*.  In so doing, the court considers whether the attorneys demonstrated proper billing judgment by "writing off unproductive, excessive, or redundant hours." *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996).  The plaintiff has the burden of showing the reasonableness of the hours billed and proving the exercise of billing judgment. *Id*. at 770.

After calculating the lodestar, the court may increase or decrease it based on the factors set forth in *Johnson v. Georgia Highway Express*, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974), abrogated on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87 (1989). *Heidtman*, 171 F.3d at 1043.  Those factors are: (1) the time and labor required by the litigation; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases. *Id*. at 1043 n. 5 (citing *Johnson*, 488 F.2d at 717–

19). *See also Hensley*, 461 U.S. at 434 n.9 (noting that many of the Johnson factors are "subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate").

### b. Compensable Activities

Compensable legal services include services performed before suit is formally commenced, such as drafting of the initial pleadings and the work associated with the development of the theory of the case. *Webb v. Bd. of Educ.*, 471 U.S. 234, 243 (1985); *Dowell v. City of Apopka*, 698 F.2d 1181, 1188 (11th Cir. 1983). See *Ognibene v. Parkes*, 2014 WL 2610947, *3 (S.D.N.Y. Jul. 22, 2014) (awarding compensation for all 174.8 hours expended drafting complaint asserting twenty claims challenging constitutionality of city campaign finance scheme, even though plaintiffs only succeeded on two, because "a complaint is the starting point of any litigation and there is no contention that the claims were frivolous or entirely unrelated to the subject matter of the action"). Reasonable travel time should be compensable under section 1988. *Henry v. Webermeir*, 738 F.2d 188, 194 (7th Cir. 1984).

## III. Calculating the Fee – Application to the Instant Case

### a. Calculation of hours requested

Jerad Najvar served as attorney-in-charge for Plaintiff, contemporaneously recording a total of 80.29 hours from his initial contact with Rossi (June 2019) to November 12, 2019. As attorney-in-charge, Najvar contributed substantial research, drafting, and coordination on the instant matter. Najvar excised about 6.85 hours in the exercise of billing judgment. Additionally, he is not currently asking for about five hours of time logged attributable to the merits phase of the case. This yields a request for of about 67.5142 hours of Najvar's time, billed at $350/hour (totaling $23,630 incurred on fee issues). Appx. B. $2,683.33 of this was incurred on fee issues

through November 12, 2019. Najvar also accumulated 621.70 in expenses (filing fee and costs of service). Appx C. Thus, Najvar requests a total of **$23,630** in fees and **$621.70** in costs (**$24,251.70 total**).

Austin Whatley served as co-counsel for Plaintiff, contemporaneously recording 87.10 hours from his initial contact with Rossi (June 2019) through the Court's denial of Plaintiffs' Rule 59(e) motion (November 4, 2019). Whatley spent an additional 13.3 hours preparing this motion, bringing the total hours worked to 100.40. Whatley provided research and drafting assistance to Najvar and Rossi. Whatley also assisted Rossi in preparations before the TRO hearing and appeared in the hearing as co-counsel. In an exercise of billing judgment, Whatley excised 31.60 hours to account for potentially duplicative research and drafting, and potentially excessive time. Appx. E. This yields a total request of 68.80 hours (from investigation through the Rule 59(e) motion) billed at $165/hour, for a total of **$11,352.00**.

Plaintiff's co-counsel, Paul Rossi, contemporaneously recorded a total of 54.0 hours from investigation through the Court's denial of Plaintiffs' Rule 59(e) motion. Rossi also accumulated $1,622.19 in expenses (airfare and hotel) in travelling to the hearing. Rossi attended the TRO hearing before the Court on July 1, 2019, as Najvar had a conflict with another case in McAllen, Texas that could not be rescheduled.[2] Counsel determined that, in Najvar's absence, Rossi would best be suited to argue the TRO because, as a first year attorney, Whatley did not have the requisite experience to anticipate and argue the various questions presented by the briefing or that the Court might ask, concerning the substantive and procedural issues in the case, including various strands of justiciability case law. Although Rossi's travel was therefore reasonable and necessary, Rossi does not seek compensation for his travel time to and from the hearing. Neither does Rossi seek compensation for time spent sending and reviewing email, phone calls (beyond

---

[2] Specifically, Najvar was required to attend a pretrial hearing in the federal district court in McAllen.

initial consultations with client and local counsel), drafting clients' declarations, or the time spent preparing his time records. He has additionally excised 13.5 hours in an exercise of billing judgment, yielding a request for 34.29 hours of Rossi's time billed at $350/hour, plus his expenses. Appx. G. Thus, Rossi requests a total of **$14,175.00** in fees and **$1,622.19** in costs (**$15,797.19 total**).

Plaintiffs additionally request $3,500 for anticipated time incurred on this fee application. The undersigned counsel has already spent 13.3 hours associated with this application between Nov. 8 and Nov. 12 (totaling $2,194.50). Additionally, Najvar has spent 7.6666 hours associated with this fee motion as well (totaling $2,683.33). As Plaintiffs have already incurred a total of $4,877.83 in fees associated with this motion, Plaintiffs seek **$7,000** (the already incurred amount + $2,122.17) as an anticipated reasonable fee regarding the fee application, and they seek permission to supplement this request if necessary.

This results in a total of $51,279.17 in attorneys' fees requested (comprised of Najvar's $23,630.00 + Whatley's $11,352.00 + Rossi's $14,175.00 + $2,122.17 on the fee application). All of this time was both reasonable and necessary in order to obtain the relief requested and granted, and the hourly rates are reasonable rates well within the prevailing rates for attorneys of comparable skill and experience in the Southern District of Texas. See Appx. A, D, F (Declarations of Najvar, Whatley, and Rossi). Plaintiffs also request reimbursement for their reasonable and necessary out-of-pocket expenses totaling $2,243.89. The grand total requested, including attorneys' fees and out of pocket expenses, is **$53,523.06.**

Plaintiffs' request is more than reasonable for a First Amendment case such as this, both in terms of hours expended and total fees. *See Johnson*, 488 F.2d at 719 ("The reasonableness of

a fee may also be considered in the light of awards made in similar litigation within and without the court's circuit.").

Plaintiffs' request here is in line with other cases that were completed following the grant of a TRO. *See e.g. Causeway Med. Suite v. Foster*, CIV.A.99-509, 2000 WL 533515, at *4 (E.D. La. May 2, 2000) (finding an award of $52,631.36 in attorneys' fees (equaling $78,476.05 adjusted for inflation to 2019), was appropriate following grant of TRO). Plaintiffs' counsel expended substantial energy in properly delegating research and drafting duties to avoid duplicative or excessive work between the attorneys involved. Najvar, Whatley, and Rossi have all exercised cautious billing discretion, having struck substantial compensable hours from their request. Rossi and Whatley have each excised over a third of their compensable hours seeking to ensure that no requested attorneys' fees are the product of duplicative or excessive work. As a further exercise of judgment, Rossi has not even requested his compensable time spent traveling round-trip from Pennsylvania for the hearing on July 1, 2019.

## CONCLUSION

For the reasons shown, Plaintiffs request attorneys' fees and costs as discussed above. Plaintiffs further request interest at prevailing market rates from the date of final judgment. Plaintiffs reserve the right to amend this fee request to include a request for time expended on any additional briefing or appeal regarding this motion or otherwise in relation to the issue of attorneys' fees and costs in this case. Plaintiffs note that this fee request seeks fees solely with respect to the TRO phase and fees incurred on this application. Plaintiffs will appeal the Court's order dismissing their claims (and the subsequent order denying their Rule 59(e) motion). Should Plaintiffs succeed in that appeal, they will seek any further fees incurred in subsequent phases of the case, as appropriate, by separate motion(s).

        **Respectfully submitted,**

/s/ Austin Whatley
**AUSTIN M. B. WHATLEY**
Texas Bar No. 24104681
Southern District No. 3348472
austin@najvarlaw.com
*Of Counsel*

**JERAD NAJVAR**
Texas Bar No. 24068079
Southern District No. 1155651
2180 N. Loop W., Ste. 255
Houston, TX 77018
Tel.: 281.404.4696
Fax: 281.582.4138
jerad@najvarlaw.com
*Attorney-in-Charge*

**PAUL A. ROSSI**
Pennsylvania Bar. No. 84947
Pennsylvania Middle District Bar No. 84947
IMPG Advocates, Inc.
Paul-Rossi@comcast.net
*Of Counsel*

Najvar Law Firm, PLLC
2180 N. Loop W.,
Suite 255
Houston, TX 77018
*Of Counsel*

        **Counsel for Plaintiffs**

### CERTIFICATE OF CONFERENCE

Defendants have stated that they are opposed to any motion for fees arising from the issuance of the TRO, for various reasons as stated in their response to Plaintiffs' protective motion for fees filed on September 17, 2019. Plaintiffs have therefore indicated their opposition to this motion.

        /s/ Austin Whatley
        Austin Whatley

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on November 12, 2019, the foregoing document, and any accompanying exhibits, was served by CM/ECF as follows:

Suzanne R. Chauvin
Senior Assistant City Attorney
City of Houston Legal Department
900 Bagby, 4th Floor
Houston, Texas 77002
Suzanne.Chauvin@houstontx.gov
832.393.6219 (O)
832.393.6259 (F)
*Counsel for Defendants*

                                                                        /s/ Austin Whatley
                                                                         Austin Whatley