Case 4:19-cv-02236   Document 40   Filed on 05/22/20 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
May 22, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE RICHARD POOL, III, <br> TRENTON DONN POOL, and <br> ACCELEVATE2020, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF HOUSTON, and <br> ANNA RUSSELL, in her official capacity <br> as City Secretary of the City of Houston, <br><br> Defendants. | § § § § § § § § § § § § § § | CASE NO. 4:19-CV-02236 |

**O R D E R**

Pending before the Court is Plaintiffs Joe Richard "Trey" Pool, III, Trenton Donn "Trent" Pool, and Accelevate2020, LLC's (collectively "Plaintiffs'") Motion for Attorney Fees. **(Instrument No. 34)**.

**I.**

Plaintiff Joe Richard Pool, III ("Trey") is a resident of the State of California. (Instrument No. 7 at 4). Plaintiff Trenton Donn Pool ("Trent") is a resident and registered voter in Austin, Texas. Id. at 5. Trent established an entity, Plaintiff Accelevate2020, LLC ("Accelevate2020"), organized under the laws of Texas, to hire professional circulators for initiative and referendum petitions in the City of Houston. Id. at 8. Accelevate2020 and Trent alleged that they hired dozens of professional circulators who reside in multiple states to circulate election and referendum petitions for candidates and ballot measures Plaintiff supports or was hired to secure ballot access. Id. at 6-8.

On June 9, 2019, supporters of a so-called "anti-corruption ordinance" launched an initiative petition for an ordinance targeting so-called "Pay to Play" practices which allegedly would limit campaign contributions from city vendors. (Instrument No. 7 at 11). Plaintiffs alleged that they desired to immediately participate and gather signatures for the petition. Id. at 13. Additionally, Accelevate2020 alleged that it wished to use persons who reside out-of-state, and who reside in Houston but are not registered to vote in Houston, to circulate initiative and referendum petitions within the City of Houston now and in the future. Id.

Defendant the City of Houston ("Defendant" or the "City") authorized initiatives and referenda under its City Charter. (Instrument No. 7 at 9); *see* Houston, Tex., Charter art. VII-b, § 1 (1991) ("The people of Houston, in addition to the method of legislation hereinbefore provided, shall have the power of direct legislation by the initiative and referendum."). Circulators had to sign and verify petitions in a manner and form required by the Charter, which requires the circulators' affidavits. *See* Charter art. VII-a § 3a; Charter art. VII-b §2(a) (initiative), 3 (referendum). The Charter requires signers of the affidavit to be a qualified voter who, under Texas state law, must "be a resident of the county in which application for registration is made." *See* Tex. Elec. Code § 13.001(a)(5); Charter art. VII-a, § 3 (2012). Plaintiffs accordingly asserted that any signature collected by circulators who are not registered Houston voters would be invalid. (Instrument No. 7 at 10-11).

On June 21, 2019, Plaintiffs filed their Complaint against Defendants City of Houston and Anna Russell, in her official capacity as the City Secretary of the City of Houston. (Instrument No. 1). That same day, Plaintiffs filed their Motion for Temporary Restraining Order, (Instrument No. 2), and their Brief in Support. (Instrument No. 4). Plaintiffs filed their First Amended Complaint on June 26, 2019. (Instrument No. 7). Plaintiffs brought claims for

2

violations of their First and Fourteenth Amendment pursuant to 42 U.S.C. § 1983, alleging that, both facially and as-applied, Article VII-b, Section 2 and Article VII-a, Sections 2 and 3 of the Houston City Charter impair Plaintiffs rights. Id. at 16-19. Plaintiffs further sought declaratory relief and a temporary and permanent injunction against Defendants. Id. at 19-20.

On July 1, 2019, this Court held a hearing for a temporary restraining order. On the same day, the Court granted in part Plaintiff's Motion for Temporary Restraining Order, enjoining the City from enforcing the residency and voter registration requirements with respect to Plaintiff's petition circulated from July 1, 2019 to July 9, 2019. (Instrument No. 15). Because Plaintiffs' claims were moot at the expiration of the petition's circulation period, July 9, 2019, the Court entered an Order on August 14, 2019, dismissing Plaintiffs' claims. (Instrument No. 20).

On September 12, 2019, Plaintiffs filed a Motion to Alter Judgment seeking to reopen the case for further proceedings. (Instrument No. 26). The Court denied Plaintiffs' motion on November 4, 2019. (Instrument No. 33). On November 12, 2019, Plaintiffs filed their Motion for Attorney's Fees. (Instrument No. 34). On December 3, 2019, Defendants filed their Response to Plaintiffs' Motion. (Instrument No. 36). On December 9, 2019, Plaintiffs filed their Reply in support of their Motion. (Instrument No. 38).

**II.**

42 U.S.C. § 1988 states, in relevant part, "In any action or proceeding to enforce a provision of [§ 1983], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fees as part of the costs." District courts have broad discretion to award attorney's fees under § 1988(b). *Dearmore v. City of Garland*, 519 F.3d 517, 520 (5th Cir. 2008). The movant for attorney's fees bears the burden of establishing entitlement to the fees. *Davis*, 781 F.3d at 214 (internal citations omitted).

Only a "prevailing party" is eligible for attorney's fees. *Hewitt v. Helms*, 482 U.S. 755, 759 (1987); *Houston Chronicle Pub. Co. v. City of League City, Tex.*, 488 F.3d 613, 623 (5th Cir. 2007). To qualify as a prevailing party, "the plaintiff must (1) obtain actual relief, such as an enforceable judgment or a consent decree; (2) that materially alters the legal relationship between the parties; and (3) modifies the defendant's behavior in a way that directly benefits the plaintiff at the time of the judgment or settlement." *Walker v. City of Mesquite*, 313 F.3d 246, 249 (5th Cir. 2002); *see also Davis v. Abbott*, 781 F.3d 207, 214 (5th Cir. 2015). The crux of the prevailing party inquiry is the "material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Sole v. Wyner*, 551 U.S. 74, 82 (2007) (quoting *Tex. State Teachers Assn. v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-793 (1989)). A prevailing party does not include "a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 600 (2001).

Any alteration in the parties' relationship must have the "necessary judicial *imprimatur*." *Petteway*, 738 F.3d at 137. "Although an enforceable judgment on the merits and a court-ordered consent decree have sufficient judicial *imprimatur*, these examples are not exclusive." *See Dearmore*, 519 U.S. at 522. A plaintiff can be a "prevailing party" when he or she has obtained a preliminary injunction. *Dearmore*, 519 U.S. at 522. This includes temporary restraining orders when it does more than preserve the status quo. *See Petteway v. Henry*, 738 F.3d 132, 137 (5th Cir. 2013); *see generally Black Heritage Soc. v. City of Houston*, No. H-07-0052, 2008 WL 27697690, (S.D. Tex. July 11, 2008). However, if plaintiff's success is "purely technical or de minimis, it is not a prevailing party." *Petteway v. Henry*, 738 F.3d 132, 137 (5th Cir. 2013).

### III.

Plaintiffs argue that securing a temporary restraining order ("TRO") against the City conferred to them prevailing party status even if no further relief were to be obtained. (Instrument No. 34 at 3). Defendant argues that Plaintiffs are not the prevailing parties since Defendant never defended the constitutionality of the charter provision in dispute. (Instrument No. 36 at 7).

The parties do not contest that the first prong of the prevailing party analysis has been satisfied—that Plaintiffs received a judicially-enforceable judgment in the form of a TRO. *See* (Instrument No. 36 at 7); *see also Petteway v. Henry*, 738 F.3d at 137 (noting that a temporary injunction is a judicially-sanctioned relief). Defendant challenges whether the TRO satisfies the latter two prongs.

First, Defendant contends that the Order did not materially alter the parties' relationship with one another as the City never defended the constitutionality of the charter provision. (Instrument No. 36 at 7). While an injunction may create a new legal relationship, it may nevertheless be insufficient to materially alter the conduct of defendant. *Petteway*, 738 F.3d at 138. This is especially the case when the injunctive relief is purely technical or *de minimis*. *Id.* at 137. Here, the injunctive relief Plaintiffs received were *de minimis*. Defendants' Response to Plaintiffs' Motion for a TRO stated that they had no intention of enforcing the residency and voter registration requirement. (Instrument No. 10 at 7). Defendants have acknowledged that at least the registered voter requirement was unconstitutional under *Buckley v. American Constitutional Law Foundation*, 525 U.S. 182, 186 (1999). (Instrument No. 10 at 21). On record, at the motion hearing, Defendants also recognized that the relevant charter provision, including the residency requirement, was *de facto* unconstitutional as it was intertwined with the voter-

registration requirement. (Instrument No. 24 at 20-24). At the motion hearing, Defendants also made clear that they were willing to accept modified verification language for prospective petitions that do not require attestation of residency and voter registration status. (Instruments No. 10 at 7; No. 24 at 4-5). This evidence demonstrates that Plaintiffs' injunctive relief was purely technical and *de minimis*. Because Plaintiffs' relief acquired was *de minimis*, Plaintiffs are not a "prevailing party."

Even if Plaintiffs had satisfied the second prong, Plaintiffs' temporary restraining order fails on the third prong—that the injunctive relief modified Defendant's behavior in a way that directly benefited Plaintiffs. Plaintiffs argue that the temporary restraining order enjoined the City from enforcing the challenged provisions of the charter and enabled Plaintiffs to circulate the anti-pay-to-play petition. (Instrument No. 34 at 4). But the Plaintiffs can only speculate as to whether this result flowed from the temporary restraining order. As stated above, the City had voluntarily committed to refraining from applying the relevant charter provisions to the Plaintiffs' circulated petition. (Instrument No. 10 at 21). Furthermore, both parties recognize that the petition signatures, and accompanying affidavits, were not submitted to the City Secretary because not enough signatures were collected. *See* (Instruments No. 34 at 4; 36 at 5-6). This further establishes the absence of a benefit derived from securing the temporary restraining order. Thus, Plaintiffs have failed to meet their burden of demonstrating that they are prevailing parties.

Plaintiffs rely on *Black Heritage Society* to support their argument, but fail to recognize the material dissimilarities. (Instrument No. 38 at 3). In *Black Heritage Society*, the Court granted a TRO enjoining the City from enforcing a 2005 ordinance that permitted only one parade to take place on a given day in downtown Houston and used "constitutionally dubious

factors" to arbitrate which group would receive the permit if there was a conflict. 2008 WL 2769790, at *1, *5. The Court determined that attorney's fees was warranted because there was a substantial likelihood of success on the merits and the City rendered the case moot when it amended the offending portions of the ordinance to be consistent with the plaintiffs' demand. *Id.* at *5. Here, while this Court determined that there was a substantial likelihood of success on the merits of Plaintiffs' claims, Plaintiffs' claims were not rendered moot by Defendant's conduct. All parties recognized that on July 9, 2019, the circulation period would expire. (Instrument No. 24 at 14-15). Thus, after July 9, 2019, there was no longer a live controversy and Plaintiffs' claims were mooted. *See* (Instrument No. 33 at 4).

Because Plaintiffs fail to meet their burden of demonstrating that they are prevailing parties, Plaintiffs are not entitled to attorney's fees. Accordingly, Plaintiffs' Motion for Attorney's Fees is **DENIED**. **(Instrument No. 34)**.

### IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney's Fees is **DENIED**. **(Instrument No. 34).**

The Clerk shall enter this Order and provide a copy to all parties.

**SIGNED** on this the 22nd day of May, 2020, at Houston, Texas.

_____
**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**