IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOE RICHARD "TREY" POOL, III, TRENTON DONN "TRENT" POOL, and, ACCELEVATE 2020, LLC, | : : : : : CIVIL ACTION |
| Plaintiffs, | : |
| v. | : No. 19-cv-2236 : : |
| CITY OF HOUSTON, and ANNA RUSSELL, in her official capacity as the City Secretary of the City of Houston, | : : : : |
| Defendants. | : |

## PLAINTIFFS' OPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

**Motion for Leave to File One Day Late Due to Technical Error**

In this document, Plaintiffs seek leave to file their second amended complaint. As an initial matter, Plaintiffs now must also request leave to file this motion one day late, due to an apparent glitch last night with CM/ECF.

April 1 is the deadline stated in the Court's recent order for amending. The undersigned counsel completed revisions to all documents, saved them as PDFs, and began attempting to file at approximately 11:40 p.m., working from a tablet at home, as he does regularly. He logged into the Southern District's CM/ECF interface as he normally does, and was able to proceed to enter the case number

1

and then select the type of motion ("Leave to File a Document"). However, after entering that selection, the next page only displayed the case name with a link, but did not display the rest of the content that is normally there, presenting the options where one clicks to upload the document, etc. Clicking on the case name brought up a new login window, requesting that counsel log in to PACER. Counsel attempted to start over three times using his normal browswer (Chrome), to no avail. Sometimes an error message would appear stating that counsel may already be logged in somewhere else, but counsel had not logged into the Southern District's CM/ECF on any other computer for at least a week, and verified again today upon arriving at the office that he was not logged into CM/ECF, for this or any other district. Counsel immediately notified associate Austin Whatley, who logged in from home using his CM/ECF account at around 11:53 p.m., attempted to file, and experienced the same error. Simultaneously, the undersigned counsel opened a different browser (Edge), and was able to log in (as above), but then experienced the same error after entering the type of motion. (The same error presented when counsel selected "miscellaneous" as the type of motion.) So the same error was experienced at least five times by two attorneys using three different browsers. By this time it was midnight.

The undersigned emailed opposing counsel shortly after midnight, attaching copies of the motion for leave, the proposed order, and the proposed second amended complaint, and explained the difficulty attempting to file.

Counsel has now, of course, added this section to request the Court's permission to file this motion one day late, in light of the error experienced last night. The City advised by email today that it is unopposed to the request to file today, although the City remains opposed to the underlying motion to amend the complaint.

**Motion for Leave to File Second Amended Complaint**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiffs respectfully request leave to file the attached second amended complaint to add an additional Plaintiff interested in circulating an initiative petition to enact a city ordinance in Houston using Plaintiffs Trenton Pool, Accelevate2020, LLC, and other non-Houston residents to collect signatures. Plaintiffs also seek to file the second amended complaint to advance additional constitutional claims against the defective circulator affidavit adopted by the Houston City Council in violation of Texas law and which imposes unconstitutional and burdensome requirements on non-resident or non-registered voter circulators as a condition of exercising constitutional rights that such persons already enjoy.

The City of Houston, remarkably, continues to treat the full protections of the First Amendment as some sort of trivial issue unworthy of proper resolution, and instead has adopted a defective circulator affidavit, subjecting Plaintiffs to burdensome waivers of pre-existing rights to due process, and the prospect of further litigation in state court, rather than fix the underlying City Charter provision which the City *purports* to acknowledge is unconstitutional. In fact, at the time this Court dismissed this action the parties were actively negotiating a consent decree to bring this action to a proper conclusion. Plaintiffs continue to trust that this Court understands that the protection of "core political speech" under the First Amendment is one of the most important and consequential of judicial acts and that no federal court has ever classified full adjudication of proper First Amendment claims as a *de minimis* exercise of its mandate and judicial power. The Fifth Circuit remanded this case for final resolution precisely because it found that there is a live dispute.

The declaratory and injunctive relief requested by Plaintiffs will eliminate the ban on non-resident circulators, permit Plaintiffs to circulate initiative petitions, and execute the required affidavit free from the offending unconstitutional requirement/clause and free from the threat of a state court private challenge. What is not tenable, and a continuing violation of Plaintiffs' constitutional rights, is the attempt by Defendants to circumvent state law and impose a defective


circulator affidavit, one which, itself, imposes unique and unjustified burdens and the waiver of rights by non-resident circulators not imposed on resident circulators and does nothing to protect the right of non-residents to circulate initiative and referendum petitions free from further state court challenge.

**I.      Legal Standard**

Rule 15(a) of the Federal Rules of Civil Procedure requires that amended pleadings at this stage of the litigation must be made with either consent of the opposing party or leave of the court.  Opposing counsel does not consent to the filing of an amended pleading. Accordingly, leave of this court is required to amend Plaintiffs' complaint.  Leave "shall be freely given when justice so requires."  FED. R. CIV. P. 15(a)(2); *Price v. Pinacle Brands, Inc.*, 138 F.3d 602, 607-08 (5th Cir. 1998).  The Fifth Circuit has concluded Rule 15(a) "evinces a bias in favor of granting leave to amend."  *Goldstein v. MCI Worldcom*, 340 F.3d 238, 254 (5th Cir. 2003).  Accordingly, the Federal Rules set forth a liberal policy in favor of permitting amendment of pleadings, and district courts are not to deny such amendments absent "a substantial reason" to do so. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981); *Potter v. Bexar County Hosp. Dist.*, 195 Fed. App'x. 205, 208-09 (5th Cir. 2006) (unpublished).

While leave to amend pleadings "is by no means automatic," *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted), courts "should

freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). When determining whether to grant a motion for leave to amend, courts in this circuit may consider several factors, including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. *Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 994 (5th Cir. 2005); *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 321 (5th Cir. 1991).

**II. Analysis**

    **A. No Undue Delay**

Plaintiffs have not engaged in any undue delay in seeking to file a second amended complaint. While this action was filed on June 21, 2019, shortly after this court granted Plaintiffs' motion for a temporary restraining order on July 1, 2019 (ECF Doc. #15), this Court dismissed Plaintiffs' claims as moot on August 4, 2019 (ECF Doc. #20). The Court's order dismissing Plaintiffs' claims as moot was just reversed and judgment entered by the United States Court of Appeals for the Fifth Circuit on February 9, 2021 (ECF Docs. #44 & #45).

Houston's unlawful efforts to impose additional requirements to the circulator affidavit were adopted during the pendency of Plaintiffs' appeal of this Court's dismissal in the Fifth Circuit. Houston's adoption of a defective circulator affidavit in violation of Texas law and the imposition of additional conditions

unrelated and unnecessary to the non-resident circulator ban gives rise to additional constitutional claims that Plaintiffs have a right to challenge in this action through a timely second amended complaint. Plaintiffs advised this Court of their intent to file the instant motion at their first opportunity during the case management conference held on March 19, 2021. Further, the current Plaintiffs were advised that Liberty Initiative Fund intended to circulate an initiative petition to enact an ordinance on February 22, 2021. Accordingly, there is no undue delay upon which this Court may deny the instant motion for leave to amend.

### B. No Bad Faith or Dilatory Motive

Only Defendants have engaged in bad faith and dilatory motives. Despite acknowledgment that the ban on non-resident petition circulators is unconstitutional, Defendants refuse to engage in a permanent fix to the underlying constitutional infirmity of the circulator affidavit. Further, Defendants are fully aware that the new, defective, circulator affidavit was adopted in violation of state law and that, with respect to City Charter provisions, the city council has no authority to *sua sponte* alter charter provisions raising the very real prospect of a private legal challenge by opponents of Plaintiffs' proposed initiative.

The Texas Supreme Court, in a case involving the City of Houston, has established that the power of initiative and referendum, as provided for in the city's

7

charter, is the exercise by the people of a power reserved to them. *Taxpayers' Ass'n of Harris Cnty. V. City of Houston*, 105 S.W. 2d 655, 657 (Tex. 1937).

Plaintiffs' only motive to file a second amended complaint is to establish the fullest extent of rights reserved to them under the federal constitution at the earliest possible opportunity – an opportunity which can only be triggered upon the filing of an answer to Plaintiffs' second amended complaint. Accordingly, Plaintiffs' motion for leave to further amend the pleading in this action is not presented in bad faith or for any dilatory motive.

### C. Plaintiffs Have Not Failed to Cure Pleadings Through Prior Amendment

Plaintiffs' pleadings are not defective. Plaintiffs have also not previously sought leave to file a further amended complaint from this Court. Previously, Plaintiffs filed an amended complaint to quickly correct technical issues within the 21-day period permitted under the rules. Accordingly, this prong provides no basis to deny the instant motion to amend.

### D. No Undue Prejudice to Defendants

Defendants have yet to file an answer to Plaintiffs' complaint. The parties have just completed the case management conference. Accordingly, Plaintiffs' second amended complaint does not prejudice Defendants – at all.

### E.      No Futility of Amendment

Plaintiffs' second amended complaint is not futile. The proposed new Plaintiffs, Liberty Initiative Fund and Paul Jacob, intend to circulate, with a local sponsor, an initiative petition to enact an ordinance but cannot take the risk to dedicate thousands of dollars to collecting signatures which must be verified pursuant to a defective circulator affidavit, triggering a likely state court challenge by opponents of Plaintiffs' proposed charter amendment. Accordingly, Plaintiffs require – and are entitled – to a final adjudication of their rights clearly established under the First and Fourteenth Amendments to the United States Constitution that their petition drive is free, from the outset, of any outstanding legal questions concerning the process of collecting and executing a proper circulator affidavit.

Furthermore, the defective circulator affidavit concocted by Defendants' legal counsel and the Houston city council, on its face, imposes unequal treatment between resident and non-resident circulators with punitive provisions unrelated to non-resident circulators submitting to the jurisdiction of the City of Houston. For instance, the defective non-resident circulator affidavit sought to be imposed by Defendants, require non-resident circulators to waive the state law right to object to an unreasonable time to respond to any subpoena issued and requires them to accept a 72-hour time period, no matter their location upon notice, to appear at their own expense in the City of Houston – a requirement not imposed on resident

circulators. These burdens are purportedly imposed even absent any underlying court or administrative proceeding—simply at the request of the City. Additionally, the defective circulator affidavit requires the non-resident circulator to certify to the ambiguous and otherwise unconstitutional provision that they have "never been convicted of crimes of fraud or misrepresentation" all upon penalty of perjury – legal jeopardy not imposed on resident circulators. Such additional provisions independently give rise to cognizable First Amendment, Equal Protection, Due Process, Unconstitutional Condition, and *Ex Post Facto* constitutional claims, made part of Plaintiffs' amended complaint. Accordingly, Plaintiffs' amended complaint is not futile.

### III. Conclusion

Plaintiffs' motion for leave to file an amended complaint should be granted as there is no basis recognized by the Fifth Circuit Court of Appeals to deny Plaintiffs' instant motion to file an amended complaint.

        Respectfully submitted,

        */s/ Jerad Najvar*
        Jerad Wayne Najvar
        Texas Bar No. 24068079
        Southern District No. 1155651
        2180 North Loop West,
        Suite 255
        Houston, TX 77018
        281.404.4696 phone
        281.582.4138 fax
        jerad@najvarlaw.com

*Attorney in Charge for Plaintiffs*

*Of counsel*:

IMPG ADVOCATES, INC.
Paul A. Rossi
*Admission Pro Hac Vice*
PA. Bar I.D. #84947
316 Hill Street
Mountville, PA 17554
Phone: 717.961.8978
Paul-Rossi@comcast.net

NAJVAR LAW FIRM, PLLC
Austin M.B. Whatley
Texas Bar No. 24104681
Southern District No. 3348472
2180 North Loop West.,
Suite 255
Houston, TX 77018
281.410.2003 phone
austin@najvarlaw.com

## Certificate of Conference

I hereby certify that on April 1, 2021, I conferred with counsel for Defendants by email, who advised that the Defendants are opposed to this motion to amend. Defendants are not opposed to the motion being filed one day late, as noted above.

*/s/ Jerad Najvar*
Jerad Wayne Najvar

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed this day with the Clerk of the Court through the Court's ECF system and that a copy was automatically served upon the following opposing counsel for Defendants"

Suzanne R. Chauvin
Senior Assistant City Attorney
City of Houston Legal Department
900 Bagby, 4th Floor
Houston, Texas 77002
Suzanne.Chauvin@houstontx.gov

<div style="text-align:right">

*/s/ Jerad Najvar*
Jerad Wayne Najvar

</div>