## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **JOE RICHARD "TREY" POOL, III,** : | |
| **TRENTON DONN "TRENT" POOL,** : | |
| **ACCELEVATE2020, LLC, LIBERTY** : | |
| **INITIATIVE FUND, and PAUL JACOB** : | |
| : | **CIVIL ACTION** |
| **Plaintiffs** : | |
| : | **No. 19-CV-2236** |
| **v.** : | |
| : | **Injunctive and Declaratory Relief** |
| **CITY OF HOUSTON, and, ANNA** : | **Requested** |
| **RUSSELL, in her official capacity as the** : | |
| **City Secretary of the City of Houston,** : | |
| : | |
| **Defendants.** : | |

## SECOND AMENDED COMPLAINT

Plaintiffs, JOE RICHARD "TREY" POOL, III ( "Trey Pool"), TRENTON

DONN "TRENT" POOL ( "Trent Pool"), ACCELEVATE2020, LLC,

("Accelevate"), LIBERTY INITIATIVE FUND, and PAUL JACOB file this action

against Defendants, the CITY OF HOUSTON and PAT J. DANIEL, in her official

capacity as the City Secretary of the City of Houston.[1]

All Plaintiffs request declaratory and, if necessary, injunctive relief

prohibiting Defendants from enforcing Article VII-b, Section 2 ("The Initiative")

---

[1] Ms. Daniel is automatically substituted for Anna Russell, who is deceased, pursuant to the express and language of Federal Rule of Civil Procedure 25(d).

and Section 3 ("Referendum"), and Article VII-a, Sections 2 & 3, of the Houston City Charter (all four provisions collectively referred to as the "challenged provisions") to the extent that, in tandem, they impose a voter registration and residency requirement within the City of Houston to circulate initiative or referendum petitions to place a measure on the Houston ballot, in violation of rights guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution.

All Plaintiffs also request declaratory and, if necessary, injunctive relief prohibiting Defendants from enforcing the "Affidavit For Circulators Who Are Not Registered Voters of the City of Houston" (attached hereto as Exhibit A) (hereinafter the "Defective Circulator Affidavit") adopted by the Houston City Council on December 2, 2020, in violation of rights guaranteed under the First and Fourteenth Amendments to the United States Constitution, including, specifically, the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution, the prohibition against *Ex Post Facto* laws of Article I, Section 10, Clause 1 of the United States Constitution and in violation of the unconstitutional conditions doctrine. Additionally, Defendants' adoption of the Defective Circulator Affidavit violates Section 9.004 of the Texas Local Government Code, because the City Council has no authority to amend the home rule charter with a mere ordinance.

Second Amended Compl.

Plaintiff Liberty Initiative Fund (LIF) also requests compensatory damages of $10,000.00 that will be suffered by LIF upon a continuing delay in the proper resolution of Plaintiffs' rights under the First and Fourteenth Amendments to the United States Constitution which will prevent Plaintiff Liberty Fund from securing a lower per signature collection rate for 2021 than for 2022.

## NATURE OF THE COMPLAINT

1.      This is a civil rights action brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging that the voter registration and Houston residency requirements to circulate initiative and referendum petitions imposed by the challenged provisions of the Houston City Charter violate rights guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution.

2.      Plaintiffs also allege that the Defective Circulator Affidavit independently violates rights guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution,  the prohibition against *Ex Post Facto* laws guaranteed under Article I, Section 10, Clause 1 of the United States Constitution.

Second Amended Compl.

3.      Plaintiffs also advance pendent state laws claims alleging the Defective Circulator Affidavit was adopted by Defendants in violation of Section 9.004 of the Texas Local Government Code.

4.      Plaintiffs ask this Court for preliminary and permanent injunctive relief prohibiting Defendants the City of Houston and Pat J. Daniel from enforcing: (A) the voter residency and registration requirements imposed by the challenged provisions to circulate initiative or referendum petitions pursuant to the Houston charter; and (b) the Defective Circulator Affidavit.  Plaintiffs also seek declaratory relief, compensatory and nominal damages, as well as reasonable and necessary attorneys' fees, expenses, and costs.

5.      All Defendants are state actors within the meaning of 42 U.S.C. §1983 acting under color of state law.

## JURISDICTION

6.      Jurisdiction lies in this court under 28 U.S.C. § 1331, providing that district courts shall have original jurisdiction of all civil actions arising under the Constitution of the United States.

7.      Moreover, jurisdiction lies under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a), the jurisdictional counterpart of 42 U.S.C. § 1983, as Plaintiffs allege the violation of rights guaranteed under Article I, Section 10, Clause 1 of the United States Constitution, the First and Fourteenth Amendments to the United States

4

Constitution and the unconstitutional conditions doctrine.  Plaintiff's claims for injunctive relief are authorized by Rule 57 and 65 of the Federal Rules of Civil Procedure, and by the general legal and equitable powers of this Court.  Plaintiffs further seek a declaration of rights in this case of actual controversy within this Court's jurisdiction pursuant to the Declaratory Judgments Act, 28 U.S.C. §§ 2201-02.

8.      Jurisdiction lies in this Court to adjudicate pendent state law claims in this action under 28 U.S.C. §1367 (a), is authorized by Fed. R. Civ. P 18(a) and is mandatory under the doctrine of supplemental jurisdiction as set forth in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).  The pendent state law claims in this action arise from a common nucleus of operative facts as the federal questions in this Complaint.

## VENUE

9.      Venue is proper in the United States District Court for the Southern District of Texas under 28 U.S.C. §1391 as Defendants are located within the district and Defendants'  principal place of business is within the district and all alleged relevant acts and omissions occur within the district.

## PARTIES

10.      Plaintiff TREY POOL is a resident of the State of California with family ties in Dripping Springs, Texas.  Trey Pool's residence address is 802 North

Second Amended Compl.

Edgemont Street, Los Angeles, California.  He supports Plaintiff LIF's proposed initiative petition to amend the Houston Code of Ordinances to prohibit non-citizens from voting in local elections, as has been permitted in other states (described further below) that sponsors seek to place on the November 2021 or 2022 Houston ballot, and intends to help to collect signatures for that effort.  Plaintiff Trey Pool also intends to circulate future initiative and referendum petitions to place measures on the ballot in the City of Houston, particularly those furthering open and accountable government.  Pursuant to the challenged provisions, only registered voters of the City of Houston may validly circulate an initiative or referendum petition to place proposed measures on the Houston ballot.

11.     Plaintiff TRENT POOL is a resident of Austin, Texas, residing at 1000 Fiesta, Unit A, Austin, Texas, and registered to vote at such residence.  He cares deeply about many issues related to politics and good government, including supporting individual liberty and limited government, sound fiscal and tax policy, governmental transparency and ethics, protecting the sanctity of life, and Second Amendment rights, among others.  One issue of particular importance to Plaintiff Trent Pool, and relevant here, is his firm support of direct democracy through ballot measure elections.  Plaintiff generally believes that providing citizens more choices on the ballot—*i.e.*, more opportunities to weigh in directly on policy proposals through the ballot box—is desirable.  That belief inspires his longtime dedication to

Second Amended Compl.

petition efforts and was one of the founding principles behind his old firm, Benezet Consulting, and also a cornerstone of the new entity, Plaintiff Accelevate2020 LLC which also specializes in petition consulting and deployment of professional petition circulators for clients.

12.     Plaintiff Trent Pool has made his passion his business as an executive in these professional election petition circulating firms.  Trent Pool has circulated candidate and ballot measure (initiative/referendum) petitions in the State of Texas and multiple other states over the past seven years.  He has circulated petitions for ballot access on behalf of candidates, new political parties, and initiatives and referenda including but not limited to the following: Ron Paul in Pennsylvania for the 2012 Primary Election; Gary Johnson in Pennsylvania for the 2012 General Election; Gary Johnson and Jill Stein in Alaska for the 2012 General Election; New Party nomination petitions for "Americans Elect" in Alaska and North Dakota in 2012; New Party nomination petitions for "Americans for Limited Government" in Oregon in 2008; Casino Gaming Referendum petitions in Arkansas in 2012; Medical Marijuana referendum petitions in Arkansas in 2012; Ted Cruz in Pennsylvania, Illinois, Vermont, Indiana and Rhode Island for the 2016 Primary Election; Roque De La Fuente in Pennsylvania, Indiana, Wisconsin, and Connecticut for the 2016 Primary Election; Rand Paul in Indiana, Vermont, Illinois, and Rhode Island for the 2016 Primary Election; Roque De La Fuente in Pennsylvania, Alaska, North Dakota,

7

South Dakota, Alabama, Mississippi, Washington, Minnesota, Michigan, Kentucky, Virginia and Ohio for the 2016 General Election; Jill Stein in Pennsylvania and Virginia for the 2016 General Election; Rick Santorum in Indiana for the 2016 Primary Election; Carly Fiorina in Indiana for the 2016 Primary Election; Ben Carson in Indiana for the 2016 Primary Election; Donald Trump in Indiana for the 2016 Primary Election; and dozens of Texas judicial candidates.

13.     Through his work, Plaintiff Trent Pool has hired dozens of professional circulators residing in multiple states to circulate election and referendum petitions for candidates and ballot questions Plaintiff Pool supported and/or for which he was hired to secure ballot access.

14.     Despite running a business employing professional circulators, Plaintiff Trent Pool continues to personally circulate petitions and gather signatures on many petitions because he cares deeply about the issues involved.  For example, he personally gathered signatures in support of the 2012 petition to change Austin City Council elections from all at-large to a system featuring district-based elections, and the 2018 petition for an audit of Austin finances.  He has also organized a signature-collection effort in support of the 2014 petition for a referendum on Houston's "equal rights ordinance" (ERO).  As a volunteer, Pool assumed responsibility late in the petition drive for training volunteer circulators, who then contributed more than ten thousand signatures in support of the ERO referendum.   Moreover, Trent Pool

Second Amended Compl.

reasonably avoided circulation of the anti-corruption petition that was the subject of the original complaint in this matter on at least three occasions due to a reasonable fear of enforcement of the challenged provisions.  Specifically, Trent Pool was in Houston, with copies of the anti-corruption petition form, and ready and willing to circulate but did not do so, solely due to the prospect of enforcement of the challenged provisions, during June 12-14, again from June 20-24, and again in the period until the TRO was entered on July 1, as described in his prior pleadings in this matter and in his presentation to the Fifth Circuit.  The Fifth Circuit held that Trent Pool established injury-in-fact for standing, and this is the law of the case. This self-censorship constitutes actualized injury to Pool's First Amendment rights for which he seeks at least nominal damages.

15.    As elaborated further below, Plaintiff Trent Pool supports the citizen only voting initiative to amend the Houston Code of Ordinances to prohibit the extension of voting franchise to non-citizens, as has been done in other jurisdictions, which is supported by Plaintiffs LIF and Paul Jacob who intend place the initiative on the November 2021 or 2022 Houston ballot.  Plaintiff Trent Pool also intends to circulate future initiative and referendum petitions under the Houston City Charter. He intends to circulate the citizen only voting initiative but is prohibited from doing so as a direct and proximate result of the challenged provisions of the Houston City Charter, which still requires that a circulator execute an affidavit that the circulator

Second Amended Compl.

signed the petition, which, in turn, requires that the circulator be a registered voter of the City of Houston to validly sign an initiative or referendum petition.

16.     Plaintiff LIF is a nonprofit 501(c)(4) organization actively engaged in supporting direct democracy action to prohibit non-citizen voting in the United States.  Plaintiff LIF is organizing and intends to support an initiative petition to amend the Houston Code of Ordinances to prohibit non-citizen voting in Houston for either the 2021 or 2022 Houston general election ballot. Plaintiff LIF is the original national proponent of the effort to institute bans on non-citizen voting through state ballot initiatives and referendums.  Plaintiff LIF's mission is to promote and support the empowerment of citizens through the use of the initiative and referendum process and intend to remain active in the State of Texas indefinitely.  Plaintiff LIF is headquartered at: 13168 Centerpointe Way, Suite 202, Woodbridge, VA  22183.

17.     Plaintiff Paul Jacob is president of Plaintiff LIF and intends to assist in the collection of signatures to place a non-citizen voting initiative on the Houston 2021/2022 general election ballot to amend the Houston Code of Ordinances. Plaintiff Paul Jacob is a resident and registered voter of the Commonwealth of Virginia.

18.     Plaintiff LIF has supported dozens of ballot initiatives across the county and has contracted the services of professional petition circulators who reside in

Second Amended Compl.

multiple states because they are more effective and efficient in collecting valid signatures than local volunteers that are expensive to recruit, train, deploy and often fail to collect valid signatures in sufficient numbers that Plaintiff LIF can rely upon to qualify a ballot question for the ballot.

19.    Plaintiff LIF intends to hire Plaintiffs Trenton Pool and Accelevate 2020 to circulate the citizen-only voting initiative in Houston.

20.    The requirement for Plaintiffs to execute the Defective Circulator Affidavit threatens to invalidate all signatures collected by Plaintiffs through a state court challenge that Plaintiffs failed to properly execute the circulator affidavit mandated by the Houston City Charter.

21.    As a Texas resident, Plaintiff Trent Pool is subject to the general jurisdiction of the State of Texas and is willing to submit to the jurisdiction of Harris County for purposes of any subsequent investigation and/or prosecution related to any petitions circulated by Plaintiff Trent Pool in the City of Houston.

22.    Plaintiffs are not willing to execute the Defective Circulator Affidavit as it requires them to waive rights established under Texas law, submit to requirements not imposed on circulators who are registered voter of the City of Houston in violation of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and to execute an oath, under penalty of perjury, which is vague and overbroad in violation of the First and

Fourteenth Amendments (including the Due Process Clause) to the United States Constitution and constitutes an *Ex Post Facto* law in violation of Article I, Section 10, Clause 1 of the United States Constitution, a violation of the unconstitutional conditions doctrine and was adopted in violation of Texas state law.

23.     Plaintiff ACCELEVATE202 is a registered limited liability company organized under the laws of Texas and is a professional petition circulator firm. Accelevate2020 contacts with professional circulators to collect signatures on ballot access petitions who are not registered voters of the City of Houston. Accelevate2020 cannot bid for contracts to circulate initiative or referendum petitions in the City of Houston as a direct and proximate result of the challenged provisions.  Accelevate2020's principal place of business is at 3800 Creek Road, in Dripping Springs, Texas.

24.     Defendant the City of Houston (sometimes referred to herein as "the City") is a Texas municipality located in Harris County, Texas with the capacity to sue and be sued. The City's principal place of business is 900 Bagby Street in the City of Houston.

25.     Defendant Pat J. Daniel is the City Secretary of Defendant City of Houston and is the official charged with accepting and/or rejecting initiative and referendum petitions authorized under the City's charter, and is the official charged with enforcing the provisions which Plaintiffs challenge in this action.  She is made

12

a party to this action in her official capacity as the City Secretary.  Her principal

place of business is 900 Bagby Street, Room P101, in the City of Houston, Texas.

## FACTS

**Houston circulator requirements**

26.     Houston authorizes initiatives and referenda under its home rule

charter.

27.     For both initiative and referendum petitions, the charter requires a

petition "signed and verified in the manner and form required for recall petition in

Article VII-a[.]" Charter art. VII-b, §§ 2(a) (initiative), (3) (referendum).  Article

VII-a, in turn, governs the "Form of Petition," and requires the circulator to affirm

under oath that he or she not only witnessed the signatures appearing on the petition

pages circulated, but also that the circulator is "one of the signers of the…petition."

*Id.*, art. VII-a, § 3.

28.     One must be a "qualified voter" of the City of Houston to be eligible to

sign the petition.  *Id.*, art. VII-a, § 2.

29.     As Houston lies within the State of Texas, one is only a "qualified

voter" of the City if one is a "qualified voter" according to Texas law.  This requires

one to be a resident of the City of Houston, *see* Tex. Elec. Code § 13.001(a)(5)

("Eligibility for Registration"), *id.* § 11.001(a)(2) ("Eligibility to Vote"), and, among

Second Amended Compl.

other things, *registered to vote* in the City of Houston.  *See* Tex. Elec. Code § 11.002(a)(6) (emphasis added).

30.     As a result, the challenged provisions preclude a person from serving as a circulator of a petition if that person is not a resident and registered voter of the City of Houston.  Any signatures collected by a circulator who does not meet these requirements are invalid because they are not "signed and verified in the manner and form" required by the Charter, which requires the circulator's affidavit made under oath.  Charter art. VII-b, § 2(a).

31.     Signatures for an initiative or referendum in the City of Houston are required to be collected within a period of 30 days.  Charter art. VII-a, § 3a.

**Citizen Only Voting Initiative Sponsored by Plaintiff LIF**

32.     In February 2021, LIF determined to organize an initiative petition in Houston to amend the Code of Ordinances to prohibit the extension of the right to vote in local elections to non-citizens, as has been done in several local jurisdictions in California.

33.     Plaintiff LIF intends to organize and support a petition drive to collect the required number of valid signatures to place the citizen-only voting initiative on the 2021/2022 Houston general election ballot.

34.     Plaintiff Trent Pool intends to participate and gather signatures for the citizen-only voting initiative because it is an issue he cares about.

Second Amended Compl.

35.     Plaintiff LIF intends to hire Plaintiffs Trenton Pool and Accelevate2020, and Trey Pool to circulate the citizen-only voting initiative for the 2021/2022 Houston general election ballot.

36.     Plaintiff Trent Pool will not circulate LIF's citizen-only voting initiative, or future petitions for initiatives or referenda in the City of Houston, unless the challenged provisions banning non-residents from circulating initiative petitions are rendered unenforceable so that the signatures Plaintiffs collect will be valid.

37.     Plaintiffs Trent Pool, Trey Pool, and Paul Jacob are not willing to sign the Defective Circulator Affidavit because it requires them to waive rights provided under Texas law which are not required for them to submit to the jurisdiction of Houston, including, specifically, the requirement to present themselves, upon mere notice (not service of any actual subpoena or even formal notice), in Houston within 72-hours, at the City's sole discretion untethered to any judicial or even City administrative proceeding, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the state law right to object to an unreasonable period of time to respond to a subpoena.

38.     Plaintiffs Trent Pool, Trey Pool, and Paul Jacob are not willing to sign the Defective Circulator Affidavit because it requires them to swear, under penalty of perjury, to a vague and overbroad oath that they have never been convicted of the crimes of fraud or misrepresentation in violation of both the ban on *Ex Post Facto*

15

law under Article I, Section 10, Clause 1 of the United States Constitution and the First and Fourteenth Amendments to the United States Constitution as an excessive impairment to the exercise of "core political speech" and a violation of the Equal Protection Clause.

39.     While Plaintiff Trent Pool is a resident of Texas, he stands ready and willing to take any *appropriate* action to submit to the jurisdiction of the Harris County courts for purposes of any subsequent investigation and/or prosecution with respect to any petitions circulated by Plaintiff Trent Pool.

40.     Plaintiff Trent Pool is not a registered voter of the City of Houston.

41.     Plaintiff Paul Jacob, a resident and registered voter of the Commonwealth of Virginia, is willing to submit to the jurisdiction of Harris County courts for purposes of any subsequent investigation and/or prosecution with respect to any petitions circulated by Plaintiff Paul Jacob.

42.     Plaintiff Trey Pool, a resident and registered voter of the state of California, is willing to submit to the jurisdiction of the Harris County courts for purposes of any subsequent investigation and/or prosecution with respect to any petitions circulated by Plaintiff Trey Pool.

43.     Plaintiffs Trent Pool and Trey Pool wish to be able to circulate initiative and referendum petitions in the City of Houston to support all future such petitions to place such measures on Houston's ballot as alleged herein.

Second Amended Compl.

44.     In the course of circulating and soliciting signatures for LIF's citizen only voting initiative, Plaintiffs Trent Pool, Trey Pool, and Paul Jacob would necessarily engage in persuasive political speech in encouraging Houston voters to support and sign the petition.  They would explain the nature and purposes of the measure at issue and engage in discussion.  They view this act, and the voters' act of providing their support and their signature to the petition, as core political association—demonstrative expressive association between the signatory voters and the Plaintiffs as circulators supporting political change—that is valuable and expresses a message regardless of the ultimate success or failure of the petition at issue.

45.     Plaintiff Accelevate2020 intends to use persons who are not residents of the state of Texas to circulate initiative and referendum petitions within the City of Houston now and in the future.

46.     Plaintiff Accelevate2020 is not able to bid on contracts for the circulation of initiative or referenda petitions within the City of Houston because none of its circulators are registered voters within the City of Houston.

47.     Article VII-a, Section 3 of the Houston City Charter, cited above, is set out here in further detail.  The provision requires, in relevant part, each circulator of the petition to execute a sworn jurat providing that:

> "The form of petition above provided shall be as follows…. 'I, _____, being first duly sworn on oath depose and say: ***that I***

17

___am one of the signers of the above petition, that the statements made
therein are true,___ and that each signature appearing thereto was made in
my presence on the day and date it purports to have been made, and I
solemnly swear that the same is a genuine signature of the person whose
name it purports to be.

_____

  Sworn to and subscribed before me this _____ day of _____, 2____.

/s/_____

  _Notary Public, State of Texas_

48.    As a direct and proximate result of Article VII-b, Section 2 and Article
VII-a, Sections 2 & 3 of the Houston City Charter, out-of-state residents may not
validly circulate initiative or referendum petitions in the City of Houston to place a
proposed measure on Houston's ballot, diminishing the total quantum of speech
available to circulate such petitions in the City of Houston.

49.    As a further direct and proximate result of the challenged provisions,
residents of the State of Texas who are not residents of the City of Houston may not
validly circulate initiative or referendum petitions in the City of Houston to place a
proposed measure on Houston's ballot, further diminishing the total quantum of
speech available to circulate such petitions in the City of Houston, and diminishing
the chance of success for such petitions.

50.    As an additional further direct and proximate result of the challenged
provisions, only signers of the initiative or referendum petition may validly circulate
referendum petitions in the City of Houston to place a proposed referendum on

18

Second Amended Compl.

Houston's ballot, diminishing the total quantum of speech available to circulate referendum petitions in the City of Houston.

51. The challenged provisions are not narrowly tailored to advance a compelling or any sufficient governmental interest.

52. The challenged provisions do not advance a legitimate regulatory interest.

53. In tandem, the challenged provisions impose a severe impairment to rights guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution.

54. The Supreme Court of the United States has clearly established that any restriction that excludes a large number of individuals from participating in core political speech triggers strict scrutiny analysis under First Amendment analysis.

55. The circulation of referendum and initiative petitions is core political speech afforded the highest level of protections under the First Amendment to the United States Constitution.

56. The United States Supreme Court has clearly decided that voter registration requirements imposed on the right to circulate initiative and referendum petitions triggers strict scrutiny analysis under First Amendment jurisprudence.

57. In tandem, assuming that the current voter registration totals of Harris County, Texas approximates the total voter registration totals of the City of Houston,

Second Amended Compl.

the challenged provisions exclude 99.317% of the United States population, or 324,965,224 U.S. citizens, from validly circulating referendum petitions in the City of Houston.

**Defective Circulator Affidavit**

58.     Section 9.004 of the Texas Local Government Code provides that the city charter can only be amended through the approval of the municipality's qualified voters at an election.

59.     Ignoring this statute, the Houston City Council adopted the Defective Circulator Affidavit, purporting to authorize a circulator jurat different than the one mandated by the charter.

60.     The Defective Circulator Affidavit states that it is required to be executed by any circulator who is not a registered voter of the city of Houston, including, documented permanent residents of the United States (i.e., certain non-citizens).

61.     The Defective Circulator Affidavit provides as follows:

STATE OF TEXAS        §

COUNTY OF HARRIS  §

I, _____, being first duly sworn on oath depose and say:

I am a circulator who is not registered to vote in the City of Houston. I hereby subject myself to the jurisdiction of the Courts of Texas in connection with any allegation of fraud or misrepresentation associated with the circulation of signatures for any initiative, referendum, or

recall petition circulated in the City of Houston by me.  I am a citizen of the United States or a documented permanent resident; I have never been convicted of the crimes of fraud or misrepresentation; I agree to submit myself to the jurisdiction of the Harris County courts and waive any challenge to venue and personal jurisdiction in connection with the matters encompassed by this affidavit.  Should the need for me to personally appear in Houston arise, I agree to make myself available in person in Houston, at my own expense, within 72 hours of a request by the City of Houston concerning matters encompassed by this affidavit. I further depose and say that each signature appearing on this petition was made in my presence on the day and date it purports to have been made, and I solemnly swear that the same is a genuine signature of the person whose name it purports to be

Name:_____

Address:_____

Contact Number:_____

Email Address:_____

Sworn to and subscribed before me this ___ day of _____, _____
Month        Year

/s/_____
Notary Public, State of Texas

62.     None of the provisions of the Defective Circulator Affidavit apply to circulators who are registered voters of the city of Houston except for the substantively cognate requirement to affirm that: "each signature appearing thereto was made in my presence on the day and date it purports to have been made, and I solemnly swear that the same is a genuine signature of the person whose name it purports to be."

21

63.     The Defective Circulator Affidavit was adopted on December 2, 2020.

64.     The prohibition against *Ex Post Facto* laws set forth in Article I, Section 10, Clause 1 of the United States Constitution prohibits the City of Houston from excluding any circulator convicted of the "crimes of fraud or misrepresentation" prior to the date the Houston City Charter if properly amended.

65     Assuming *arguendo* in the unlikely event that a court of competent jurisdiction accepts the Defective Circulator Affidavit was properly adopted, the requirement that circulators who are not registered to vote in the City of Houston execute an affidavit, under penalty of perjury, that they have "never been convicted of the crimes of fraud or misrepresentation" violates the *Ex Post Facto* prohibition of criminal punishment of Article I, Section 10, Clause 1 of the United States Constitution because such a provision cannot apply to any conviction prior to the adoption of the Defective Circulator Affidavit on December 2, 2020.

66.     Defendant City of Houston does not prohibit registered voters of the City of Houston who have been "convicted of the crimes of fraud or misrepresentation" from circulating initiative petitions in the City of Houston in violation of rights guaranteed to Plaintiffs under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

67.     The Defective Circulator Affidavit's requirement that circulators who are not registered to vote in the City of Houston execute an affidavit, under penalty

of perjury, that they have never been "convicted of the crime of fraud or misrepresentation" is vague and overbroad in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

68.   The Defective Circulator Affidavit fails to define what constitutes a crime of fraud or misrepresentation or fraud.

69.   The Defective Circulator Affidavit fails to define what constitutes a conviction of a crime of fraud or misrepresentation.

70.   The Defective Circulator Affidavit fails to define if a plea of *nolo contendere* constitutes a disqualifying conviction.

71.   The Defective Circulator Affidavit fails to define if a conviction of a misdemeanor constitutes a disqualifying conviction.

72.   The Defective Circulator Affidavit fails to define if a disqualifying conviction includes convictions outside the jurisdiction of the state of Texas.

73.   Both the affidavit required to be executed by registered voters as set forth in the Houston City Charter and the Defective Circulator Affidavit requires the circulator to execute an affidavit, under penalty of perjury, that they have not engaged in signature fraud.

74.   Disqualifying circulators who are not registered voters because they were found guilty of fraud or misrepresentation unrelated to the circulation of election petitions fails to advance any governmental interest as signature fraud is

Second Amended Compl.

protected both by the circulator affidavit executed under penalty of perjury and by separate criminal offenses under Texas law, including, felony forgery and tampering with a government record.

75.     The Defective Circulator Affidavit requires circulators who are not registered voters of the City of Houston to execute an affidavit, under penalty of perjury, to agree to present themselves within 72 hours of notice is not imposed on circulators who are registered to vote in the City of Houston in violation of the Equal Protection Clause of the Fourteenth Amendments to the United States Constitution.

76.     Defendant City Secretary is not under any time pressure to certify initiative petition signatures such that a 72-hour requirement is necessary or reasonable for a circulator who is not registered to vote in the City of Houston to present himself/herself for a proceeding in the City of Houston upon mere notice.

77.     The requirement that circulators who are not registered to vote in the City of Houston must execute an affidavit agreeing to present themselves within 72-hours upon mere notice imposes a severe burden in violation of the First and Fourteenth Amendments to the United States Constitution.

78.     Circulators who are registered voters of the City of Houston are free to leave the City of Houston after filing initiative petitions and free to object to a subpoena requiring them to present themselves in Houston within an unreasonable period of time.

Second Amended Compl.

79.     Circulators who are registered voters of the City of Houston are not required to waive the right to service of process before they must present themselves for any proceeding related to initiative petitions filed by the circulator.

80.     The Defective Circulator Affidavit requires circulators who are not registered voters of the City of Houston to waive service of process before they must return to the City of Houston for any proceeding related to initiative petitions filed by the circulator upon mere notice in violation of the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution.

81.     The Defective Circulator Affidavit conditions the right of circulators who are not registered to vote in the City of Houston upon them waiving rights guaranteed to them under the First and Fourteenth Amendments to the United States Constitution in violation of the unconstitutional conditions doctrine.

**Economic Damage Caused by Delay in Adjudication of Plaintiff LIF's Rights.**

82.     The cost per signature offered to Plaintiff LIF by Plaintiff Accelevate2020 is $.50 less per signature for signatures collected on or before August 1, 2021, than signatures collected after August 1, 2021.

83.     Plaintiff LIF will not subject its circulators to the registered voter requirement imposed by the challenged provisions or the myriad of burdensome, unconstitutional provisions and legal jeopardy imposed by the Defective Circulator Affidavit.

Second Amended Compl.

84.     Accordingly, the continuing delay in the resolution of Plaintiffs' rights under the First and Fourteenth Amendments is causing Plaintiff LIF economic damages in excess of $10,000.00

85.     An actual and justiciable controversy exists as to which Plaintiffs require a declaration of their federal constitutional rights.

86.     Plaintiffs have no adequate remedy at law.

87.     Plaintiffs are suffering, or will imminently suffer, irreparable harm as a result of Defendants enforcement of the challenged provisions and the harm will continue unless declared unlawful by this Court.

## COUNT I – FACIAL CHALLENGE
### (The Challenged Provisions of the Houston City Charter Impair Rights Guaranteed Under the First and Fourteenth Amendments to the United States Constitution)

88.     Plaintiffs reassert each preceding allegation as if set forth fully herein.

89.     The challenged provisions restrict the circulation of initiative and referendum petitions to registered voters of the City of Houston.

90.     Plaintiffs Trey Pool, Trent Pool, and Paul Jacob are not registered or qualified voters of the City of Houston and are not eligible to become registered voters of the City of Houston because they do not reside in the City.

91.     Plaintiffs Trey Pool, Trent Pool, Paul Jacob, Accelevate 2020, and LIF intend to circulate Plaintiff LIF's citizen only-voting initiative to prohibit non-

Second Amended Compl.

citizens from voting in Houston elections to place the proposed ordinance on the 2021 or 2022 Houston general election ballot.

92.     Plaintiffs intend to circulate additional initiative and referendum petitions in the future to place measures on the Houston ballot, including in particular those targeted at attacking fiscal irresponsibility, excessive taxation, and corruption within the City of Houston and to force more open and transparent government on the City of Houston.

93.     Plaintiffs are prohibited from engaging in core political speech within the City of Houston as a direct and proximate result of the Houston voter registration requirement imposed by the challenged provisions of the Houston City Charter.

94.     The challenged provisions impose a severe restraint on Plaintiffs' rights guaranteed under the First and Fourteenth Amendments to the United States Constitution for which Plaintiffs demand their requested relief.

## COUNT II – AS-APPLIED CHALLENGE
### (The Challenged Provisions Impair Rights Guaranteed Under the First and Fourteenth Amendments to the United States Constitution As-Applied to Plaintiffs)

95.     Plaintiffs reassert each preceding allegation as if set forth fully herein.

96.     The challenged provisions restrict the circulation of petitions, for both city initiatives and referenda, to registered voters of the City of Houston.

97.     Plaintiffs Trey Pool, Trent Pool, and Paul Jacob are not registered or qualified voters of the City of Houston.

98.     Plaintiffs Trey Pool, Trenton Pool, and Paul Jacob are willing to submit to the jurisdiction of the State of Texas and Harris County for the investigation and/or prosecution of any issue related to the circulation of initiative or referendum petitions that they circulate in the City of Houston.

99.     Plaintiffs Trey Pool, Trent Pool, Paul Jacob, Accelevate 2020, and LIF intend to circulate Plaintiff LIF's citizen-only voting initiative to place the proposed ordinance on the 2021 or 2022 Houston general election ballot.

100.    Plaintiffs intend to circulate and support future efforts to circulate initiative and referendum petitions in the City of Houston in the future.

101.    Plaintiff Accelevate 2020 contracts many professional circulators who are not registered voters of Houston, precluding Accelevate 2020 from bidding on petition circulation jobs in the City of Houston and using its employees as circulators.

102.    Plaintiffs are prohibited from engaging in core political speech within the City of Houston as a direct and proximate result of the Houston voter registration requirement imposed by the challenged provisions.

103.    The challenged provisions, as applied to Plaintiffs Trey Pool, Trenton Pool, Paul Jacob, Accelevate 2020, and LIF impose a severe restraint on Plaintiffs'

rights guaranteed under the First and Fourteenth Amendments to the United States Constitution for which Plaintiffs demand their requested relief.

## COUNT III – FACIAL CHALLENGE
**(The Defective Circulator Affidavit Violates Rights Guaranteed to Plaintiffs Under the Equal Protection Clause of the Fourteenth Amendment)**

104.   Plaintiffs reassert each preceding allegation as if set forth fully herein.

105.   The Defective Circulator Affidavit requires circulators of initiative petitions who are not registered voters of the City of Houston to execute an affidavit, under penalty of perjury, to attest to facts that circulators who are registered voters of the City of Houston are not required to execute.

106.   Accordingly, the Defective Circulator Affidavit is facially unconstitutional under the Equal Protection Clause of the Fourteenth Amendments for all who are required to execute the Defective Circulator Affidavit, including Plaintiffs, for which Plaintiffs demand their requested relief.

## COUNT IV – AS APPLIED CHALLENGE
**(The Defective Circulator Affidavit Violates Rights Guaranteed Under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution As Applied to Plaintiffs)**

107.   Plaintiffs reassert each preceding allegation as if set forth fully herein.

108.   The Defective Circulator Affidavit requires circulators of initiative petitions who are not registered voters of the City of Houston to execute an affidavit, under penalty of perjury, to attest to facts that circulators who are registered voters of the City of Houston are not required to execute.

29

Second Amended Compl.

109.    Accordingly, the Defective Circulator Affidavit is unconstitutional under the Equal Protection Clause of the Fourteenth Amendments as applied to Plaintiffs who are circulators not registered to vote in the City of Houston and putatively required to execute the Defective Circulator Affidavit for which Plaintiffs demand their requested relief.

## COUNT V – FACIAL CHALLENGE
**(The Defective Circulator Affidavit Violates Rights Guaranteed to Plaintiffs Under the Due Process Clause of the Fourteenth Amendment to the United States Constitution)**

110.    Plaintiffs reassert each preceding allegation as if set forth fully herein.

111.    The Defective Circulator Affidavit requires circulators of initiative/referendum petitions who are not registered voters of the City of Houston to execute an affidavit, under penalty of perjury, to attest to vague and overbroad facts that circulators who are registered voters of the City of Houston are not required to execute.

112.    Accordingly, the Defective Circulator Affidavit is facially unconstitutional under the Due Process Clause Protection Clause of the Fourteenth Amendments for all who are required to execute the Defective Circulator Affidavit for which Plaintiffs demand their requested relief.

## COUNT VI – AS APPLIED CHALLENGE
**(The Defective Circulator Affidavit Violates Rights Guaranteed Under the Due Process Clause of the Fourteenth Amendment to the United States Constitution As Applied to Plaintiffs)**

30

113.   Plaintiffs reassert each preceding allegation as if set forth fully herein.

114.   The Defective Circulator Affidavit requires circulators of initiative petitions who are not registered voters of the City of Houston to execute an affidavit, under penalty of perjury, to attest to vague and overbroad facts that circulators who are registered voters of the City of Houston are not required to execute.

115.   Accordingly, the Defective Circulator Affidavit is unconstitutional under the Due Process Clause Protection Clause of the Fourteenth Amendments as applied to Plaintiffs who are not registered voters of the City of Houston who are required to execute the putative Defective Circulator Affidavit for which Plaintiffs demand their requested relief.

## COUNT VII – FACIAL CHALLENGE
**(The Defective Circulator Affidavit Violates Rights Guaranteed to Plaintiffs Under the First & Fourteenth Amendments to the United States Constitution)**

116.   Plaintiffs reassert each preceding allegation as if set forth fully herein.

117.   The Defective Circulator Affidavit severely impairs "core-political speech" guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution by forcing circulators who are not registered to vote in the City of Houston to execute an affidavit which is not the affidavit mandated by the Houston City Charter subjecting any signatures collected by them to be subject to a private state court challenge.  It further impairs First Amendment activity of Plaintiffs by imposing an unnecessary and undue burden on Plaintiffs' associational

31

rights, forcing Plaintiffs to forego rights to due process of law (regarding appropriate notice and opportunity to object under the law) in order to exercise associational rights that they already have.

118. Accordingly, the Defective Circulator Affidavit is facially unconstitutional under the First and Fourteenth Amendments to the United States Constitution for all who are required to execute the Defective Circulator Affidavit for which Plaintiffs demand their requested relief.

## COUNT VIII – AS APPLIED CHALLENGE
### (The Defective Circulator Affidavit Violates Rights Guaranteed Under the First & Fourteenth Amendments to the United States Constitution As Applied to Plaintiffs)

119. Plaintiffs reassert each preceding allegation as if set forth fully herein.

120. The Defective Circulator Affidavit severely impairs "core-political speech" guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution by forcing circulators who are not registered to vote in the City of Houston to execute an affidavit which is not the affidavit mandated by the Houston City Charter subjecting any signatures collected by them to be subject to a private state court challenge. It further impairs First Amendment activity of Plaintiffs by imposing an unnecessary and undue burden on Plaintiffs' associational rights, forcing Plaintiffs to forego rights to due process of law (regarding appropriate notice and opportunity to object under the law) in order to exercise associational rights that they already have.

Second Amended Compl.

121.   Accordingly, the Defective Circulator Affidavit is unconstitutional under the First and Fourteenth Amendments to the United States Constitution as applied to Plaintiffs who are not registered voters of the City of Houston who are required to execute the putative Defective Circulator Affidavit for which Plaintiffs demand their requested relief.

### COUNT IX – FACIAL AND AS APPLIED CHALLENGE
### (Unconstitutional Condition)

122.   Plaintiffs reassert each preceding allegation as if set forth fully herein.

123.   The Defective Circulator Affidavit requires Plaintiffs to waive constitutional rights under Article I, Section 10, Clause 1 and the First and Fourteenth Amendments to the United States Constitution, including to due process of law, as a condition precedent to being able to exercise rights guaranteed to them to engage in "core political speech" afforded the highest level of protection under the First and Fourteenth Amendments to the United States Constitution.

124.   Accordingly, the Defective Circulator Affidavit violates the unconstitutional conditions doctrine for which Plaintiffs demand their requested relief.

### PENDENT STATE LAW CLAIM:

### COUNT X – DEFECTIVE CIRCULATOR AFFIDAVIT IS AN INVALID PURPORTED EXERCISE OF CITY AUTHORITY

125.   Plaintiffs reassert each preceding allegation as if set forth fully herein.

126.   The Defective Circulator Affidavit was adopted by the Houston City Council in violation of Chapter 9, Section 9.004 of the Texas Local Government Code which sets forth the exclusive mechanism to amend the Houston City Charter. The City's purported ordinance, contradicting the express language of the Charter, is null and void and does not solve Plaintiffs' problems because it is not enforceable at law, including against a challenge by a future City administration that decides to enforce the charter, or in a legal challenge brought by a third party to enforce the charter.

127.   Accordingly, the Defective Circulator Affidavit is invalid as being adopted to amend a provision of the Houston City Charter which cannot be accomplished through a vote of the Houston City Council as set forth in Chapter 9, Section 9.004 of the Texas Local Government Code for which Plaintiffs demand their requested relief.

## **REQUEST FOR RELIEF**

Plaintiffs respectfully request that this Court:

a.     Enter declaratory judgment that the challenged provisions are unconstitutional to the extent that they prohibit persons not registered to vote in the City of Houston or not residents of the City from collecting valid petition signatures for initiatives or referenda;

34

Second Amended Compl.

b.      If necessary and appropriate in addition to a declaratory judgment, enter a preliminary and/or permanent injunction against Defendants, prohibiting the enforcement of the challenged provisions;

c.      Enter declaratory judgment that the Defective Circulator Affidavit is unconstitutional for any or all of the reasons alleged herein, or, at a minimum, that the Defective Circulator Affidavit is a legal nullity as outside the City Council's authority under Texas law;

d.      If necessary and appropriate in addition to a declaratory judgment, enter a preliminary and/or permanent injunction against Defendants, prohibiting enforcement of the Defective Circulator Affidavit;

e.      Actual compensatory damages, estimated at $10,000.00, that Plaintiff LIF will suffer if the right of Plaintiff Accelevate2020 is not clearly established without the need to execute the Defective Circulator Affidavit on or before a date sufficiently in advance of August 1, 2021 to allow Accelevate2020 to perform the planned work for LIF at the lower rate offered by Accelevate2020.

f.      Waiver of the requirement of paying a bond for the issuance of the requested injunctive relief;

g.      Nominal damages for the violation of Plaintiffs' rights;

h.      Award Plaintiffs the cost of this action, together with their reasonable and necessary attorneys' fees and expenses pursuant to 42 U.S.C. § 1988; and,

i.      Retain jurisdiction of this action and grant Plaintiffs such other relief which the Court may determine to be necessary and proper.

Respectfully submitted,

*/s/ Jerad Najvar*
Jerad Wayne Najvar
Texas Bar No. 24068079
Southern District No. 1155651
2180 North Loop West,
Suite 255
Houston, TX 77018
281.404.4696 phone
281.582.4138 fax
jerad@najvarlaw.com
*Attorney in Charge for*
*Plaintiffs*

*Of counsel*:

IMPG ADVOCATES, INC.
Paul A. Rossi
*Admission Pro Hac Vice*
316 Hill Street
Mountville, PA  17554
Phone:  717.961.8978
Paul-Rossi@comcast.net

NAJVAR LAW FIRM, PLLC
Austin M.B. Whatley
Texas Bar No. 24104681
Southern District No. 3348472
281.410.2003 phone
austin@najvarlaw.com
2180 North Loop West.,
Ste. 255
Houston, TX 77018

Second Amended Compl.

## Certificate of Service

I hereby certify that the foregoing document was served on the Clerk of this Court via the Court's ECF filing system as that a copy of the foregoing was automatically served upon the following opposing counsel:

Suzanne R. Chauvin
Senior Assistant City Attorney
City of Houston Legal Department
900 Bagby, 4th Floor
Houston, Texas 77002
Suzanne.Chauvin@houstontx.gov


*/s/ Jerad Najvar*
Jerad Wayne Najvar

Second Amended Compl.