UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE RICHARD "TREY" POOL, III, TRENTON DONN "TRENT" POOL, and ACCELEVATE2020, LLC, | § § § § | |
| Plaintiffs | § § | |
| v. | § § | Civil Case No. 4:19-cv-02236 |
| CITY OF HOUSTON, and ANNA RUSSELL, in her official capacity as the City Secretary of the City of Houston, | § § § § § | |
| Defendants. | § § | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' "MOTION TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT"**

Plaintiffs respond to the Defendants' motion as follows.

1

TABLE OF CONTENTS

Table of Authorities ..................................................................................................................3

Nature and Stage of the Proceedings .......................................................................................5

Issues to be Decided...................................................................................................................5

Background ................................................................................................................................5

Argument ....................................................................................................................................7

    I.   Standard of Review.........................................................................................................7

    II.  Plaintiffs' Prospective Claims Against the Challenged Charter Provisions Are Not Moot............................................................................................................................8

        a.  Defendants have not demonstrated mootness of challenges to charter by voluntary cessation..............................................................................................9

            i.  The offending charter provision has not been effectively repealed or amended ...................................................................................................9

                1.  An ordinance contrary to a home rule charter cannot moot Plaintiffs' facial claim against a charter provision .........................10

                2.  Even if the Ordinance were not already void, it can be repealed just as easily as it was enacted............................................................12

            ii.  The City is entitled to no presumption of good faith in these circumstances ...............................................................................................13

            iii.  A declaratory judgment, at a minimum, is appropriate and can provide effective relief..............................................................................................15

        b.  Prospect of relief against the terms of the new Ordinance alone precludes mootness ...................................................................................................................15

    III.  Plaintiffs' Claims for Nominal Damages Remain Justiciable ...........................................17

Conclusion ................................................................................................................................18

Certificate of Service ...............................................................................................................19

## TABLE OF AUTHORITIES

**Cases**

*Adarand Constructors, Inc. v. Slater*, 528 U.S. 216 (2000) ...........................................................11

*Already, LLC v. Nike, Inc.*, 568 U.S. 85 (2013)........................................................................8, 9

*Carruth v. Henderson*, 606 S.W.3d 917 (Tex. App.—Dallas 2020) ........................................10, 11

*Chafin v. Chafin*, 568 U.S. 165 (2013) ............................................................................................16

*Chamber of Commerce v. FEC*, 69 F.3d 600 (D.C. Cir. 1995) .......................................................13

*Citizens United v. Fed. Election Comm'n*, 558 U.S. 310 (2010) .....................................................11

*City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283 (1982) ......................................................9

*City of Wichita Falls v. Kemp Pub. Library Bd. of Trs.*,
    593 S.W.2d 834 (Tex. Civ. App.—Fort Worth 1980) ................................................10, 11

*Dacus v. Parker*, 466 S.W.3d 820 (Tex. 2015)...............................................................................14

*Dierlam v. Trump*, 977 F.3d 471 (5th Cir. 2020)............................................................................16

*Freedom From Religion Found. v. Abbott*, 955 F.3d 417 (5th Cir. 2020).......................................9

*Friends of the Earth, Inc. v. Laidlaw Envtl. Services (TOC), Inc.*, 528 U.S. 167 (2000)............6, 9

*Hispanic Leadership Fund, Inc. v. Walsh*, 42 F. Supp. 3d 365 (N.D.N.Y. 2014) .........................13

*In re Williams*, 470 S.W.3d 819 (Tex. 2015)...........................................................................11, 13

*In re Woodfill*, 470 S.W.3d 473 (Tex. 2015) ..................................................................................13

*KG Urban Enterprises, LLC v. Patrick*, 969 F. Supp. 2d 52 (D. Mass. 2013) ..............................11

*Knox v. Serv. Emps. Int'l Union, Local 10000*, 567 U.S. 298 (2012)..................................8, 14, 16

*Lower Colo. River Auth. v. City of San Marcos*, 523 S.W.2d 641 (Tex. 1975).............................10

*McConnell v. Fed. Election Commission*, 540 U.S. 93, 199 (2003).............................................11

*Miss. State Chapter, Operation PUSH, Inc. v. Mabus*, 932 F.2d 400 (5th Cir. 1991) ..................12

*New York State Rifle & Pistol Ass'n, Inc. v. City of New York, New York*,
    140 S. Ct. 1525 (2020)........................................................................................................17

*Pool v. City of Houston*, 978 F.3d 307 (5th Cir. 2020)......................................................... passim

*Proctor v. Andrews*, 972 S.W.2d 729 (Tex. 1998) ..........................................................................10

*Sossamon v. Lone Star State of Tex.*, 560 F.3d 316 (5th Cir. 2009) ...............................................7

*Speech First, Inc. v. Fenves*, 979 F.3d 319 (5th Cir. 2020) ............................................................14

*Spell v. Edwards*, 962 F.3d 175 (5th Cir. 2020) ......................................................................8, 12

*Steffel v. Thompson*, 415 U.S. 452 (1974) ...................................................................................15

*Texas v. Equal Employment Opportunity Comm'n*, 933 F.3d 433 (5th Cir. 2019) .........................9

*Univ. of Notre Dame v. Sebelius*, 743 F.3d 547 (7th Cir. 2014) ....................................................16

*Veasey v. Abbott*, 888 F.3d 792 (5th Cir. 2018) ............................................................................12

**Other Authority**

City of Houston, Tex., Charter, art. VII-a, § 3 ................................................................................6

City of Houston, Tex., Code of Ordinances, No. 2020-1033 (Dec. 2, 2020) ...................................

## NATURE AND STAGE OF PROCEEDINGS

Plaintiffs' First Amended Complaint states First Amendment facial and as-applied challenges against the provisions of the Houston Charter requiring petition circulators to be "qualified voters" of the City. The district court dismissed the case as moot; Plaintiffs appealed and the Court of Appeals reversed and remanded for further proceedings on October 23, 2020. Defendants sought rehearing en banc, which was denied.

Defendants have not filed an Answer. They file this motion citing new evidence, but have simultaneously opposed the Plaintiffs' motion to amend their complaint to challenge the very ordinance that forms the basis of their instant motion—an ordinance that was not considered by City Council until *after* the Court of Appeals rejected all the City's arguments and remanded the case.

## ISSUES TO BE DECIDED

Defendants' motion argues only that Plaintiffs' prospective claims (for declaratory and injunctive relief) are moot, and that Plaintiffs lack "standing" to seek nominal damages. *See* Mtn. at 2 (statement of issues).

## BACKGROUND

Defendants' motion misapprehends several principles governing the proceedings in this case, from the standard of review to the merits. This necessitates a review of pertinent holdings from the Fifth Circuit panel opinion, which are the law of the case.

First, the Fifth Circuit recognized that Plaintiffs established standing to pursue their claims for prospective relief. *Pool v. City of Houston*, 978 F.3d 307, 313, 314 n.10 (5th Cir. 2020), *reh'g denied* ("[W]e hold that the Pools have standing to pursue their claims for

declaratory and injunctive relief[.]").[1]  Finding a reasonable fear of future enforcement to support these prospective claims, the panel noted that "even though the Pools filed this case twenty years after *Buckley*, the petition form still obligated circulators to swear they are 'qualified voters of the City of Houston.'"  *Pool*, 978 F.3d at 312 (quoting Charter, art. VII-a, § 3).  The panel also recognized that there was an objective basis for concluding that Houston "*has* attempted" to enforce the challenged provisions despite *Buckley* having been on the books for years, pointing to the City's actions and arguments in the HERO litigation in 2014, which was the last time a petition subject to the challenged provisions was at issue.  *Id.* at 312-13 (italics supplied by the Court).  Having found standing, the Fifth Circuit explained that Houston's "post-suit disavowal of the qualified voter requirement" pertains to mootness.  *Id.* at 313.

Regarding mootness, the panel clearly recognized that Houston's argument—based on its alleged "post-suit disavowal of the qualified voter requirement"—*is* the defense of voluntary cessation, and that Houston bears the burden of establishing it.  *Id.* at 313-14; *id.* at 314 ("Voluntarily stopping an unconstitutional practice renders a case moot only 'if subsequent events make it absolutely clear that the allegedly wrongful behavior can not reasonably be expected to recur.'") (quoting *Friends of the Earth v. Laidlaw*, 528 U.S. at 189 (cleaned up)).  The court held that "the City has not met its 'heavy burden' of showing that the Pools' challenges are moot."  First, the Court stated that any attempt to rely on *Buckley*'s force in the mootness context is mistaken, because *Buckley* came down long before this suit was filed, and the Court had already held that the City's actions post-*Buckley reinforced* a reasonable fear of enforcement supporting standing.  978 F.3d at 313 n.8.

---

[1] Recognizing that "[o]nly one plaintiff is needed to establish standing for each form of requested relief," *Pool*, 978 F.3d at 312 n.7, the panel focused its standing discussion primarily on Trent Pool's experience, although it did reference "the Pools" standing more broadly in reiterating its holding, *id.* at 314, 314 n.10.  Defendants' motion does not attempt any particularized challenge to the standing of any Plaintiff here.

6

Applying voluntary cessation caselaw considering "formally announced changes to official governmental policy," *Pool*, 978 F.3d at 314 (quoting *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 325 (5th Cir. 2009), the Court held that the City had not proven, based on the "Editor's note" on the City website, that it had made "a formal policy change" that was "permanent" or "legally effective," *id.* at 314. Thus, the panel concluded, "[i]n ruling on the request for a permanent injunction, the district court may consider whether to allow additional evidence concerning the legal authority behind the new form and the extent to which it is binding." *Id.* at 314. A declaratory judgment is also clearly on the table. *Id.* at 314 n.10.

Finally, the panel noted that, because it held that standing is established regarding the prospective claims, it need not address whether the nominal damages claim alone would preclude mootness, noting that that issue was before the Supreme Court.

## ARGUMENT

### I. Standard of Review

In remanding this case for continued consideration of Plaintiffs' claims, the Fifth Circuit also recognized that, in ruling on those claims, the district court "may consider whether to allow additional evidence concerning the legal authority behind the new form and the extent to which it is binding." *Pool*, 978 F.3d at 314. That decision was issued on October 23, 2020. The City now asks this court to consider evidence along these lines, namely, an ordinance passed after the panel decision, in December 2020, arguing that *now* it has evidence mooting the case. However, the City's motion repeatedly misstates the standard of review and burdens in this context, in contravention of clearly established law and the plain text of the panel opinion.

Defendants' motion argues that Plaintiffs' prospective claims "are moot" based on "additional steps" that the City has taken which, it claims, establish the dispute cannot

reasonably be expected to recur. Mot. at 5-8. Despite this seeming recognition of the legal standard at play, the City studiously avoids uttering the words "voluntary cessation," and, as discussed below, does not provide a *single case* purporting to establish that the circumstances here satisfy the City's burden. This is the City's desperate attempt to avoid the applicable burdens.

The Fifth Circuit could not have been clearer: a defendant's post-suit disavowal of enforcement *is* the defense of voluntary cessation. 978 F.3d at 313-14; *see also Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). Houston cannot avoid the burdens of the doctrine by refusing to say its name, whether considered as a 12(b)(1) motion or a motion under Rule 56 (to which Plaintiffs object, strenuously, particularly in light of the fac the Defendants purport to rely on new evidence after appeal that Plaintiffs have not had a chance to challenge).

II. **Plaintiffs' Prospective Claims Against the Challenged Charter Provisions Are Not Moot.**

A matter is only moot "when it is impossible for a court to grant *any effectual relief whatever* to the prevailing party." *Spell v. Edwards*, 962 F.3d 175, 179 (5th Cir. 2020) (quoting *Knox v. Serv. Emps. Int'l Union, Local 10000*, 567 U.S. 298, 307 (2012)) (emphasis added). Plaintiffs' prospective claims against the charter requirement is not moot because Defendants have not met their burden of establishing mootness by voluntary compliance. Thus, Plaintiffs are entitled to a judgment declaring the unconstitutionality of the charter requirement, and, if appropriate in addition to such declaration, a permanent injunction as well. However, even if the December 2020 ordinance the City points to could be given legal effect (and it cannot), its availability would not moot the controversy, because the Court can still provide relief against the unconstitutional terms of the ordinance (which Plaintiffs have moved to challenge in light of the City's post-appeal assertion of such ordinance).

### a. Defendants have not demonstrated mootness of challenges to charter by voluntary cessation.

As noted above, the City's argument is mootness by voluntary cessation, whether they admit it or not. It is well settled that "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *Friends of the Earth, Inc. v. Laidlaw Envtl. Services (TOC), Inc*., 528 U.S. 167, 189 (2000) (citing *City of Mesquite*, 455 U.S., at 289). "[I]f it did, the courts would be compelled to leave '[t]he defendant ... free to return to his old ways." *Id.* A defendant claiming that its voluntary compliance moots a case bears a heavy burden and must show that "subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Texas v. Equal Employment Opportunity Comm'n*, 933 F.3d 433, 449 (5th Cir. 2019).

### i. The offending charter provision has not been effectively repealed or amended.

The Fifth Circuit applied the established requirement that a formal and effective policy change is a prerequisite to establishing mootness for voluntary compliance. 978 F.3d at 314 (noting "it is not clear the City made a formal policy change"). The panel expressed concern with the question whether the claimed policy was "permanent" or "legally effective." *Id.* While the City now suggests that the post-appeal Ordinance sufficiently formalizes the policy so as to satisfy the City's burden, the Ordinance cannot constitute the requisite "formal policy change" (so long as the *charter* provision remains on the books and not subject to a judicial order) because (1) the Ordinance is null and void as outside City Council's authority, and (2) even if the Ordinance were otherwise within Council authority, it is subject to repeal by a later Council just as easily as it was purportedly enacted by a prior Council.

### 1. An *ordinance* contrary to a home rule charter cannot moot Plaintiffs' facial claim against a *charter* provision.

9

The City Council's invitation to ignore the express terms of the charter, based on an ordinance, does not moot Plaintiffs' challenge because an ordinance cannot constitute a formal policy change to the charter, which prevails over any ordinance. This principle is evident from at least two lines of authority.

"A home rule city derives its power ... from Article XI, Section 5, of the Texas Constitution." *Lower Colo. River Auth. v. City of San Marcos*, 523 S.W.2d 641, 643 (Tex. 1975). As such, a home rule city "has all the powers of the state not inconsistent with the Constitution, the general laws, *or the city's charter*." *Proctor v. Andrews*, 972 S.W.2d 729, 733 (Tex. 1998) (emphasis added). "A city's Charter functions as its organic law in the same nature as a constitution *and it is therefore not capable of being repudiated by ordinance*." *Carruth v. Henderson*, 606 S.W.3d 917, 927 (Tex. App.—Dallas 2020, __) (citing *City of Wichita Falls v. Kemp Pub. Library Bd. of Trs.*, 593 S.W.2d 834 (Tex. Civ. App.—Fort Worth 1980, writ ref'd n.r.e.) (emphasis added). As an example, in *City of Wichita Falls*, a Texas court, reviewing the relationship between the City and a public library in a 1980 dispute, held that the library's personnel policies established in a *1927 ordinance* were in conflict with the city charter and thus void. 593 S.W.2d at 836-37. The court declared that the charter controlled the relationship, not the ordinance, and remanded to the district court to assess the case in light of the requirements of the charter, not the ordinance. *Id.* at 837. It follows that the Houston City Council's attempt to fashion a procedure here pertaining to non-resident circulators that directly contradicts the express provisions of the City Charter is void. It leaves any petition pages circulated pursuant to this new, void procedure subject to legal challenge in any action—either by a future Houston city administration or by a third party—to enforce the charter jurat over the void ordinance. Texas law clearly permits such third-party actions for mandamus to enforce the requirements of a home

rule charter. *In re Woodfill*, 470 S.W.3d 473 (Tex. 2015) (mandamus instructing City of Houston validate HERO petition as required by the terms of the charter); *Carruth*, 606 S.W.3d at 932 (directing issuance of writ of mandamus against Dallas City Secretary to follow procedures set out in charter regarding referendum petition). When voluntary cessation conflicts with a law still on the books, the threat of a third-party lawsuit can preclude mootness. *Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 222-24 (2000); *KG Urban Enterprises, LLC v. Patrick*, 969 F. Supp. 2d 52 (D. Mass. 2013).

The above principles cohere with, or express, a larger principle illustrated in a recent holding by the United States Supreme Court in a related context in *McConnell v. Fed. Election Commission*, 540 U.S. 93, 199, 202, 212 (2003), *overruled in part on other grounds by Citizens United v. Fed. Election Comm'n*, 558 U.S. 310 (2010). In *McConnell*, the Supreme Court disavowed the district court's reasoning that an FEC *regulation* purporting to address the plaintiffs' concerns rendered their challenge to the underlying *statute* unripe. *Id.* at 212 ("We are not certain that a *regulation* purporting to limit the range of circumstances in which a speech-burdening *statute* will be enforced can render nonjusticiable a facial challenge to the (concededly broader) underlying statute.") (emphasis added). The fact that *McConnell* analyzed a ripeness rather than mootness argument is immaterial. The material point is the recognition that a purported regulatory change—taken at a level lower than the challenged statute—does not obviate a facial challenge to the statute; the statute prevails over the purported regulation, and, thus, the statute must be dealt with.

Houston's Ordinance, therefore, does not constitute the kind of "permanent" and "legally effective" "formal policy change" required as the most basic pre-requisite to satisfying the City's heavy burden of mooting this case. As noted, the City has declined to provide the court a single

11

citation to a voluntary cessation case supporting its position, because the City hopes to avoid the burdens it clearly bears. But even the cases holding that mootness was established simply highlight the untenableness of the City's argument here, because those cases reflect the kind of formal change *to the very statute or provision challenged* which is absent here. *See Spell*, 962 F.3d at 179 (citing examples).[2] While Houston did actually amend the charter's petition form requirements in 2012—more than a decade after *Buckley*—tellingly, it did not amend the language challenged here.[3] Plaintiffs' prospective claims are not moot unless the charter itself is amended. And, in the absence of a charter amendment, the only way to remedy the injury is for this court to enter a declaration of unconstitutionality, which, because it will provide *judicial* assurance that the charter cannot be enforced, *then* allows the City to adopt a substitute procedure by ordinance if it wishes.

To the extent the City tries to rely on any force from *Buckley* in its mootness argument, this is foreclosed by the Fifth Circuit. 978 F.3d at 313 n.8.

### 2. Even if the Ordinance were not already void, it can be repealed just as easily as it was enacted.

Even if the Ordinance were legally effective, it would not moot the prospective claims because it can be repealed or changed just as easily as it was enacted. Even if the Ordinance were within Council's authority, it amounts only to a vote to ignore the fundamental law of the

---

[2] In some cases, even an amendment to the challenged provision is insufficient to satisfy the government's burden where the plaintiffs challenge the supposed remedy-by-amendment as insufficient to cure the alleged deficiencies. The Fifth Circuit has recognized at least two such instances in recent history. *Veasey v. Abbott*, 888 F.3d 792, 799 (5th Cir. 2018); *Miss. State Chapter, Operation PUSH, Inc. v. Mabus*, 932 F.2d 400, 412-13 (5th Cir. 1991). Indeed, Plaintiffs here challenge the purported substitute procedure, even if it were valid, as an unjustified burden on their First Amendment rights, among other reasons.

[3] The 2012 amendment, which the City put on the ballot, updated an anachronistic method of calculating the number of signatures required (such that it is based on the number of votes cast in a preceding general election for mayor, instead of, as stated in the prior version, the "total vote cast at the Democratic Primary for the nomination of Mayor and Commissioners"). The different versions of the Charter are available at https://library.municode.com/tx/houston/codes/code_of_ordinances?nodeId=CH_ARTVII-BLEPEINRE.

12

city, suggesting that it will not be enforced. Several courts have held that such actions are insufficient to moot a challenge to the underlying law. *Chamber of Commerce v. FEC*, 69 F.3d 600, 603 (D.C. Cir. 1995) (finding plaintiffs had standing despite the fact that the FEC declined to enforce a rule as it could alter its stance at any point); *Hispanic Leadership Fund, Inc. v. Walsh*, 42 F. Supp. 3d 365, 375 (N.D.N.Y. 2014) ("Although the Court does not doubt the sincerity of the Board of Elections, finding that Plaintiffs' challenge is now moot would allow Defendants to change their mind and enforce this provision as soon as this action is terminated or when the composition of the Board of Elections changes.").

### ii. The City is entitled to no presumption of good faith in these circumstances.

Plaintiffs explained that the City could not rely on any presumption of good faith in the voluntary cessation analysis that might otherwise apply for a government entity, for three reasons.

First, as noted above, a formal and legally effective policy change is a prerequisite to the application of such a presumption.

Second, the inherently political nature of petitioning, and the City's demonstrated willingness to take aggressive action against petitions disfavored by the administration in power, rebut any presumption that the City is a neutral arbiter in the process. The presumption that a government defendant is a disinterested actor in enforcing laws in general is demonstrably *not* the case with respect to a city's positioning regarding controversial and inherently political *initiatives and referenda*. In fact, recent experience reflects that the City of Houston engages as a partisan to oppose the verification of, and ultimate vote on, petitions which are opposed by the administration then in power. After the City's fourteen-attorney effort to avoid validating the ERO petition in 2014, the Supreme Court of Texas had to first force the City to validate it, *In re*

13

*Woodfill*, 470 S.W.3d 473 (Tex. 2015), and then to re-write the ballot description so that it was not misleading to voters, *In re Williams*, 470 S.W.3d 819 (Tex. 2015). Again, the City was held to have used misleading language on a ballot measure in 2010 to avoid mentioning a drainage fee, *Dacus v. Parker*, 466 S.W.3d 820 (Tex. 2015), prompting one Supreme Court justice to refer to the City's position as "egregious" "semantic obfuscation." *Id.* at 830 (Guzman, J., concurring). As noted above, courts have frequently recognized that, in the absence of a repeal, present statements of intent not to enforce a given provision do not moot a case because leaving the law on the books without a declaration of illegality enables a future administration to revert to the prior policy. *See id.* at 53.

Third is the timing of the actions relied upon here. Post-suit (and post appeal) maneuvers designed to insulate from review must be viewed with a critical eye. *Knox*, 567 U.S. at 307. *Knox* noted that the defendant only offered refunds to plaintiffs' class members after the Supreme Court had granted *certiorari*, indicating that the judgment in their favor may be in doubt, and it did so even though the *Knox* plaintiffs sought only retrospective relief—specifically, refunds. Here, the City Council only purported to ratify the "Editor's note" two months after the panel decision specifically directing the district court to consider Plaintiffs' permanent injunction request, similarly indicating that Houston was only purporting to honor the plaintiffs' claims to avoid a final judgment. *See also Speech First, Inc. v. Fenves*, 979 F.3d 319, 329 (5th Cir. 2020) (timing of changes to University policy suspicious where "first announced … in the University's appellate brief").

### iii. A declaratory judgment, at a minimum, is appropriate and can provide effective relief.

Defendants cannot establish mootness of the prospective claims, and Plaintiffs are entitled at a minimum to a declaratory judgment that the challenged charter provisions are

unconstitutional and unenforceable. The Declaratory Judgements Act was enacted precisely to provide a type of relief to remedy an unconstitutional statute or policy in a manner less intrusive than an actual injunction and available even in instances where an injunction would not be appropriate. *Steffel v. Thompson*, 415 U.S. 452, 467-68 (1974) (internal citations omitted). A declaratory judgment is a judgment that declares a challenged provision unconstitutional and unenforceable, although it does not erase said provision from the code books. *Id.* at 469 (explaining that a declaratory judgment is "valuable to the plaintiff *though it cannot make even an unconstitutional statute disappear*") (emphasis added). In other words, it is clearly established that, in asking for a declaratory judgment, Plaintiffs are not asking the Court to literally erase the charter provisions, or order Houston to amend the charter, as the City has misleadingly argued. Thus, the Court's inability to order such action does not mean the Court cannot enter a declaratory judgment; indeed, the Court's inability to order such action *is the reason the declaratory judgment power exists*. The declaratory judgment means that, despite the fact that the challenged provision remains in the code books, it may not constitutionally be imposed. *Id.* at 470-71. And it is the entry of such a judgment that will then allow a substitute policy that the City may enact to have legal effect that it cannot have otherwise. *Id.* at 470 (explaining that entry of a declaratory judgment has the effect of enabling enforcement authorities to modify their policies).

### b. Prospect of relief against the terms of the new Ordinance alone precludes mootness.

Defendants' purported new circulator affidavit does not satisfy their burden of demonstrating that Plaintiffs' claims against the challenged charter provisions are moot, for all the reasons discussed above. However, even if the new non-resident circulator procedure were a

legally valid exercise of the City Council's authority, its enactment cannot moot this case where Plaintiffs have constitutional claims against the terms imposed by the new affidavit.

*Knox* provides an apt analogy. There, the Union attempted to moot the case by suddenly offering refunds to the objecting union members, but the members responded that the supposed remedy was still unnecessarily burdensome because it contained "conditions, caveats, and confusions as unnecessary complications aimed at reducing the number of class members who claim a refund." 567 U.S. at 308. The Court held that the members' objections to the terms of the supposed remedy precluded mootness because "there is still a live controversy as to the adequacy of the SEIU's refund notice," and "a case becomes moot only when it is impossible for a court to grant 'any effectual relief whatever' to the prevailing party." *Id.* at 307. Similarly here, the City's unilateral decision to substitute new conditions on non-resident circulation would impose unnecessary burdens on Plaintiffs' same First Amendment rights to petition, and Plaintiffs retain a concrete interest precluding mootness even if it were solely to challenge the new ordinance. *Id.* at 307-08.

The Fifth Circuit recently asserted that, if *any* interest remains, "however small," that a "case is not moot." *Dierlam v. Trump*, 977 F.3d 471, 476–77 (5th Cir. 2020), *cert. denied sub nom. Dierlam v. Biden*, 20-946, 2021 WL 666483 (U.S. Feb. 22, 2021) (citing *Univ. of Notre Dame v. Sebelius*, 743 F.3d 547, 553 (7th Cir. 2014), *judgment vacated sub nom. Univ. of Notre Dame v. Burwell*, 575 U.S. 901 (2015)). Indeed, even if it is "uncertain that the court's relief will have any practical impact on the plaintiff," the case is not moot. *Id.* (citing *Chafin v. Chafin*, 568 U.S. 165, 175, 133 S. Ct. 1017, 1025, 185 L. Ed. 2d 1 (2013)). This is especially true when "the mootness is attributable to a change in the legal framework governing the case." *Id.* at 477 (citing *New York State Rifle & Pistol Ass'n, Inc. v. City of New York, New York*, 140 S. Ct. 1525,

1526 (2020). In those cases, a plaintiff "may have some residual claim under the new framework that was understandably not asserted previously." *Id.* This reflects the same principle precluding mootness in the cases cited at page __ note __, *supra*.

### III. Plaintiffs' Claims for Nominal Damages Remain Justiciable.

Defendants' argument on nominal damages badly misstates the Supreme Court's recent decision in *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 797 (2021), and ignores Fifth Circuit precedent establishing standing for Plaintiffs' claims here.

Uzuegbunam involved a situation in which the challenged policy had actually been enforced against the plaintiff, and held that nominal damages alone precluded mootness of his claim. *Id.* at 797.

Not only does the case not preclude Plaintiffs' nominal damages claim, but if anything, it further buttresses it because it held that nominal damages alone preclude mootness. Further, it is settled Fifth Circuit law that even *past* chilled speech alone is realized injury to Plaintiffs' First Amendment rights. *Howard Gault Co. v. Texas Rural Legal Aid, Inc.*, 848 F.2d 544, 558 (5th Cir. 1988) (holding Plaintiff Gamez-Prince had standing based solely on *past* chilled speech, which "is a direct injury, suffered as a result of the operation of the challenged statutes"). This injury entitles them to an award of nominal damages as a matter of law, even without any actual damages. *Familias Unidas v. Briscoe*, 619 F.2d 391, 396-97, 402 (5th Cir. 1980) (awarding nominal damages for past chilled speech); *Carey v. Piphus*, 435 U.S. 247, 266-67 (1978) (even in the absence of proof of actual injury, denial of the right to procedural due process required an award of nominal damages not to exceed one dollar). "[The Fifth Circuit] and other [courts] have consistently held that a claim for nominal damages avoids mootness." *Morgan v. Plano Ind. Sch. Dist.*, 589 F.3d 740 (5th Cir. 2009) (holding plaintiffs' challenge to 2004 school policy, since

replaced by a new policy, was not moot due to nominal damages claim, and remanding for determination of facial and as-applied validity of 2004 policy). That is, even if a case would otherwise be mooted, the presence of nominal damages from *past* chilled speech alone precludes mootness. *See id.* The principle illustrated in *Morgan* is all the more applicable where the challenged provision remains, un-repealed, on the books. Plaintiffs here had their speech chilled during at least three discrete periods prior to and during the litigation of this case, and this is actualized injury entitling them to nominal damages.

## Conclusion

For the reasons given, and any additional reasons that may appear at any hearing on this motion, Defendants' motion should be denied.

Respectfully submitted,

*/s/ Jerad Najvar*
JERAD NAJVAR
Texas Bar No. 24068079
Southern District No. 1155651
2180 N. Loop W., Ste. 255
Houston, TX 77018
Tel.: 281.404.4696
Fax: 281.582.4138
jerad@najvarlaw.com
*Attorney-in-Charge*

AUSTIN M. B. WHATLEY
Texas Bar No. 24104681
Southern District No. 3348472
austin@najvarlaw.com
*Of Counsel*

PAUL A. ROSSI
Pennsylvania Bar. No. 84947

Pennsylvania Middle District Bar No. 84947
IMPG Advocates, Inc.
Paul-Rossi@comcast.net
*Of Counsel*

Najvar Law Firm, PLLC
2180 N. Loop W.,
Suite 255
Houston, TX 77018
*Of Counsel*

**Counsel for Plaintiffs**

### CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on April 8, 2021, the foregoing document, and any accompanying exhibits, was served by CM/ECF as follows:

Suzanne R. Chauvin
Senior Assistant City Attorney
City of Houston Legal Department
900 Bagby, 4th Floor
Houston, Texas 77002
Suzanne.Chauvin@houstontx.gov
832.393.6219 (O)
832.393.6259 (F)
*Counsel for Defendants*

                    */s/ Jerad Najvar*
                    Jerad Najvar