UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE RICHARD "TREY" POOL, et. al, | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | Civil Case No. 4:19-cv-02236 |
| | § | |
| CITY OF HOUSTON, and, PAT J. | § | |
| DANIEL, in her official capacity as the | § | |
| City Secretary of the City of Houston, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' JULY 15 LETTER REGARDING
STATUS OF DEFENDANTS' PROPOSED AMENDED MOTION TO DISMISS**

Defendants' letter, filed in response to Plaintiffs' July 6, 2021 "Notice of Status Regarding Defendants' Amended Motion to Dismiss," is needlessly hostile, particularly in light of the Defendants' utter failure to acknowledge this Court's consistent practice with respect to the handling of motions for leave to file documents.

This Court's consistent practice in this case regarding motions for leave to file documents has been to cause the document to be filed on the docket after granting the motion for leave.  On October 31, 2019, this Court granted the Plaintiffs' motion for leave to file a reply.  ECF No. 31.  While the proposed reply had been filed with the motion for leave on October 9 (ECF No. 30), the Court caused the reply to be filed on the docket as a separate entry on October 31, 2019. ECF No. 32.  In the same way, when the Court granted leave to file the Second Amended Complaint, the Second Amended Complaint was then filed again on the same day, ECF Nos. 63, 64, despite the fact that it had been submitted with the motion for leave earlier.  Applying this

1

same procedure means that the Defendants' Amended Motion to Dismiss should be expected to be filed on the docket after leave was granted.

And, in fact, although they play the ostrich now, the Defendants' own motion and proposed order (ECF No. 67) clearly reflect this understanding of the Court's consistent practice in this case. Defendants now point to an order granting a particular motion for leave by Judge Rosenthal, which order specifically states that the document "is *deemed filed* as of this date." *Sharps Compliance, Inc. v. United Parcel Service, Inc.*, H-10-0300, 2010 WL 838859, *1 (S.D. Tex. Mar. 5, 2010) (emphasis added). But the order at issue here, granting leave to file the motion with excess pages, does *not* state that the motion is "deemed filed" as of that date or any other date. ECF No. 69. Instead, following this Court's practice in this case, Defendants' own motion "request[ed] that this Court grant Defendants' Motion for Leave to Exceed Page Limit, and allow Houston to file the attached motion and memorandum[.]" ECF No. 67. Defendants' own proposed order—which the Court adopted—states that leave is granted, and that "said documents *may be filed* without complying with Procedure No. 4(H)." ECF No. 67-1 (proposed order); 69 (signed order) (emphasis added). Given consistent practice in this case with every motion for leave previously granted, this clearly means that the document will be filed subsequent to the order granting leave, either by the district clerk or by the Defendants. "May be filed" grants permission to file, which neither the Defendants nor the district clerk have done yet. Given the language of the Defendants' own motion and proposed order, and particularly in light of the consistent practice of this Court in this case, the order stating that the document "may be filed" certainly cannot be taken to mean that the document was "deemed" filed as of a prior date, when no such request was made nor clearly indicated in the order granting leave.

Accordingly, Plaintiffs filed the Notice of Status to notify the Court of the status of the document so that it could be filed and a response deadline established.  Defendants could have simply filed the document at any point after leave was granted (as they requested and the Court ordered).  If they were uncertain whether such action was required, and only realized it after Plaintiffs brought it to their attention, they could have simply filed it after Plaintiffs' Notice was filed, and Plaintiffs' response deadline would have been triggered.  Alternatively, Defendants could have followed up with the clerk or case manager at any point in the interim to ask the district clerk to file it, as has been done on the two prior occasions in this case after a motion for leave was granted.  Instead, their letter seeks a windfall procedural advantage, as if Plaintiffs had no intention of responding.  Plaintiffs' Notice of Status refutes any presumption of a lack of opposition.  Far from evidencing a lack of opposition, Plaintiffs have sought to ensure that the Amended Motion is filed, consistent with prior practice, so that they know when their deadline to respond falls.

As described above, Plaintiffs are fully justified in expecting that the document would be filed on the docket after leave was granted, and took the initiative in notifying the Court. Defendants' letter is disingenuous in light of the language of the Defendants' own motion and proposed order, and in light of this Court's practice, which Plaintiffs referenced in their Notice but the Defendants fail to acknowledge.  At worst, even if the Court views the situation as ambiguous, any ambiguity should not be read against Plaintiffs, who have a good faith basis for their understanding of the Court's procedures in this regard.  This is a simple matter and all Plaintiffs seek to establish is a clear response deadline.

Respectfully submitted,

*/s/ Jerad Najvar*
JERAD NAJVAR

3

Texas Bar No. 24068079
Southern District No. 1155651
jerad@najvarlaw.com
*Attorney-in-Charge*
2180 N. Loop W., Ste. 255
Houston, TX 77018
Tel.: 281.404.4696
Fax: 281.582.4138

PAUL A. ROSSI
Pennsylvania Bar. No. 84947
Pennsylvania Middle District Bar No. 84947
IMPG Advocates, Inc.
Paul-Rossi@comcast.net

NAJVAR LAW FIRM, PLLC
Austin M.B. Whatley
Texas Bar No. 24104681
Southern District No. 3348472
austin@najvarlaw.com
2180 N. Loop W., Suite 255
Houston, TX 77018

*Of Counsel*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on July 21, 2021, the foregoing document, and any accompanying exhibits and proposed order, was served by CM/ECF as follows:

Suzanne R. Chauvin
Senior Assistant City Attorney
City of Houston Legal Department
900 Bagby, 4th Floor
Houston, Texas 77002
Suzanne.Chauvin@houstontx.gov
832.393.6219 (O)
832.393.6259 (F)
*Counsel for Defendants*

    */s/ Jerad Najvar*
Jerad Najvar

4