UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE RICHARD "TREY" POOL, III, TRENTON DONN "TRENT" POOL, And, ACCELEVATE2020, LLC, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Case No. 4:19-cv-02236 |
| CITY OF HOUSTON, and, ANNA RUSSELL, in her official capacity as the City Secretary of the City of Houston, | § § § § § | |
| Defendants. | § § | |

## SUPPLEMENTAL DECLARATION
## OF TRENTON DONN "TRENT" POOL

I, Trenton Donn "Trent" Pool, declare under penalty of perjury as follows:

1. I am a plaintiff in the above-captioned case. I reside at 1000 Fiesta, Unit A, Austin, Texas. I hereby verify that the factual allegations in the Second Amended Complaint regarding my circumstances, plans, activities, and intentions, regarding myself and Accelevate2020, are true and correct.

2. I further offer this declaration to supplement the facts already stated in the record.

3. I have significant experience over many years circulating petitions. It is very difficult work, both mentally and physically. It requires mental and physical stamina to engage in hundreds of interactions a day, initiating conversations with passersby in public places, attempting to first get their attention and ask if they are registered to vote; then inform them of the issue in the petition; and then ultimately persuade them that the issue is worthy of public consideration on the ballot and convince them to sign. For these and other reasons, in my experience, professional

Exhibit G

circulators who are trained properly and are being paid for their time are absolutely critical to provide the best chance at securing enough signatures to get a measure on the ballot. Paid circulators are more effective and efficient in collecting valid signatures than volunteers. While some volunteers are motivated, others are not sufficiently motivated to put in the time and effort required. Collecting signatures effectively is skilled work, and trained circulators with experience across other petitions are far more effective than volunteers.

4. As a professional circulator myself, and a principal of Accelevate2020, I am engaged in petition circulation as a full-time professional endeavor. I regularly work for clients in all parts of the country, as illustrated in paragraph 12 of the Second Amended Complaint. These circulation jobs are often very time-sensitive, requiring my concentrated efforts to organize and deploy circulators and actively oversee circulation until the job is complete.

5. I cannot circulate petitions in Houston under the conditions Houston imposes under the Defective Circulator Affidavit. I cannot agree to return to Houston within 72 hours of any mere notice of a request by City officials where there is no requirement of a nexus to any judicial proceeding (the involvement of a court would help ensure that the City has some legitimate reason to demand circulators' presence—which they could defend in Court—before demanding it) and no recourse to the rules of procedure that afford subpoenaed parties and witnesses the ability to object to unreasonable timeframes that would unduly interfere with their other responsibilities.

6. The 72-hour period in many cases would be far too little time to allow me and Accelevate2020's other circulators to responsibly manage our schedules and obligations. I cannot agree to circulate under that condition, with no recourse to the rules governing reasonableness of response times that are afforded witnesses in the normal course, who have the ability to object and leverage a reasonable response time. Under those conditions, I cannot responsibly volunteer to

circulate in Houston, because I do not want to put myself in the position of having to either walk out unexpectedly on another client, on the one hand, or, on the other, to be seen as violating this rule of Houston's and putting signatures I've collected in jeopardy by not appearing within Houston's demanded timeframe. Putting myself in that conundrum could be disastrous to my reputation in the industry, not to mention potentially jeopardizing signatures I've collected on an issue I care about.

7. These concerns are even more acute in my capacity as principal of Accelevate2020. I cannot bid on jobs in Houston in light of the Charter requirements, which are the first problem in Houston and which must be declared unenforceable as alleged in the complaint. But even if the Charter provisions were enjoined, Accelevate2020 could not responsibly bid jobs in Houston due to the concerns with the Defective Criculator Affidavit stated above. Neither I, nor my hired circulators, can put ourselves in the position of having to choose between returning to Houston within three days of some informal notice (with no nexus to a judicial proceeding) or to remaining at work on another matter in another location so as not to interrupt that job. The mere allegation that I or my circulators have violated a rule like Houston's unreasonable notice requirement would damage my professional reputation and/or jeopardize client relationships or even jeopardize the success of a petition that may be interrupted by an unreasonable request from Houston officials.

8. These requirements also make it harder to recruit sufficient circulators. More persons would be available and willing to circulate if they did not have to agree to these requirements.

9. Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury that the statements contained herein are true and correct.

10. If called upon to testify, I would testify competently as to matters stated herein.

11. Executed August 2, 2021, in San Francisco County, California.

_____
**Trenton Donn "Trent" Pool**