# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 17-1925

SHAWN WILMOTH, TRENTON POOL, SIGNATURE MASTER, INC., BENEZET CONSULTING LLC

Plaintiffs-Appellants,

v.

KIM GUADAGNO, in her official capacity as the Secretary of State of New Jersey

Defendant-Appellee.

**Appeal from the Final Order of the
United States District Court for the District of New Jersey
Dated March 24, 2017, Civil Action No. 16-cv-01854 (PGS)**

**APPELLANTS' OPENING BRIEF
&
APPENDIX – VOLUME I
(APPENDIX PAGES A-1 THROUGH A-31)**

| | |
|---|---|
| LAWRENCE M. OTTER, ESQUIRE | PAUL A. ROSSI, ESQUIRE |
| *Counsel to Plaintiffs-Appellants* | *Counsel to Plaintiffs-Appellants* |
| P.O. Box 575 | 316 Hill Street |
| Silverdale, PA  18962 | Mountville, PA  17554 |
| (267) 261.2948 | (717) 961.8978 |
| larryotter@hotmail.com | Paul-Rossi@comcast.net |

*FILED ELECTRONICALLY*

i

Exhibit G

political information and ideas by dramatically reducing the number of available petition circulators.

Contrary to the lower court's justifications for granting the Defendant-Appellee's motion to dismiss, it is constitutionally irrelevant how many voters there are in the State of New Jersey available to circulate election petitions because the only number that matter for purposes of triggering strict scrutiny analysis is that the challenged restrictions drastically reduce the number of available petition circulators from over 330 million to just 1 million. Once strict scrutiny analysis if triggered, the State of New Jersey cannot prove that the challenged restrictions are narrowly tailored to advance a compelling governmental interest because Plaintiffs-Appellants have specifically plead that they are willing to submit to the jurisdiction of the State of New Jersey for the purpose of investigating and prosecution of any allegation of election petition fraud, which has been recognized by the courts as a less restrictive means of advancing the state's legitimate interest in policing election petition fraud than broad restrictions placed on out-of-state circulators challenged in this appeal. Accordingly, the challenged statute cannot survive strict scrutiny analysis and Plaintiffs-Appellants' complaint not only state valid constitutional claims sufficient to survive a motion to dismiss, but prevail on the merits on a motion for summary judgment after the close of discovery in this case.