

**CITY OF HOUSTON**
Legal Department

Sylvester Turner
Mayor

Arturo G. Michel
City Attorney
Legal Department
P.O. Box 368
Houston, Texas 77001-0368
City Hall Annex
900 Bagby, 4th Floor
Houston, Texas 77002

832.393.6491 - Telephone
832.393.6259 - Facsimile
www.houstontx.gov

January 26, 2022

*Via E-Filing*

The Hon. Lee H. Rosenthal, Chief Judge
Southern District of Texas-Houston Division
515 Rusk Street
Houston, Texas 77002

Re:   No. 4:19-cv-02236; *Joe Richard "Trey" Pool, III, et al. v. City of Houston, et al.*; in the United States District Court for the Southern District of Texas, Houston Division

Dear Judge Rosenthal:

At yesterday's hearing, the Court made several requests for caselaw and information of City Defendants' counsel. The City Defendants file this letter to attempt to respond, as best they can, to such requests.

**1.**   *Severance issues* – As discussed during the argument, City Defendants do not believe that there is any strict severance issue in this case. Instead, severance principles may apply to Houston's handling of unconstitutional provisions in its charter or may be helpful in understanding Houston's approach to such provisions. Nevertheless, this Court inquired as to whether there was a severance/savings clause that expressly applies to the challenged charter provisions. There is not one; however, City defendants believe that several other general provisions, cases, and rules apply, *if necessary*.

First, the Supreme Court now presumes unconstitutional provisions are severable from constitutional portions:

The Hon. Lee H. Rosenthal
January 26, 2022
Page 2

> the [Supreme] Court's cases have … developed a *strong presumption of severability*. The Court presumes that an unconstitutional provision in a law is severable from the remainder of the law or statute… The Court's precedents reflect a decisive preference for surgical severance rather than wholesale destruction, *even in the absence of a severability clause*.

*Barr v. Am. Ass'n of Political Consultants, Inc.*, 140 S. Ct. 2335, 2350-51 (2020) (emphasis supplied). Plaintiffs have not attempted to overcome that presumption or address severability in any meaningful way. To the contrary, their request for targeted relief, addressing only the challenged provisions, and failure to challenge the remainder of the circulator provision, presuppose severability, even if no severability clause applied.

Second, when there is no expressly applicable severance clause, this Court may *not* presume unconstitutional provisions are *not* severable. "In the absence of a severability clause, however, Congress' silence is just that—silence—and does not raise a presumption against severability." *Alaska Airlines, Inc. v. Brock*, 480 U.S. 678, 686 (1987); *Tilton v. Richardson*, 403 U.S. 672, 684 (1971) (plurality opinion).

Third, the Texas Supreme Court and Fifth Circuit have applied the Code Construction Act's severability rules to municipal laws. *See* Tex. Gov't Code § 311.032; *Unincorporated Non-profit Ass'n of Concerned Eastside Citizens & Prop. Owners v. City of San Antonio*, 657 Fed. App'x 279, 283 & n.2 (5th Cir. 2016) (recognizing *Bates*); *City of Houston v. Bates*, 406 S.W.3d 539, 549 (Tex. 2013); *see Rosenblatt v. City of Houston*, 31 S.W.3d 399, 403 (Tex. App.—Corpus Christi 2000, pet. denied). Tex. Gov't Code § 311.032(c) provides that:

> In a statute that does not contain a provision for severability or non-severability, if any provision of the statute or its application to any person or circumstance is held invalid, that invalidity does not affect other provisions or applications of the statute that can be given effect without the invalid provision or application, and to this end the provisions of the statute are severable.

The Code Construction Act also specifically applies to Chapter 9 of the Local Government Code, which addresses charter amendments, petitions, and elections and which Plaintiffs invoked here. *See* Tex. Loc. Gov't Code § 1.002.

Fourth, as discussed briefly in the City Defendants' prior submissions, Houston's Code of Ordinances and Charter contain numerous savings provisions and severability clauses that illustrate that their approach to treating unconstitutional provisions as unenforceable, but giving full effect to the remaining constitutional

The Hon. Lee H. Rosenthal
January 26, 2022
Page 3

portions, reflects that of the U.S. and Texas Supreme Courts and Texas code construction statutes. *See* list, attached as Exh. A, per the Court's request.

Fifth, as a general rule, irrespective of severance principles, City officials have no duty or obligation to enforce unconstitutional provisions in municipal laws and, according to some legal scholars, may have an affirmative obligation not to do so. In particular, city officials have no duty to enforce unconstitutional laws, which "[a]re void *ab initio*, or void from inception, as if they never existed." *See Montgomery v. Louisiana*, 577 U.S. 190 (2016); Saikrishna Bangalore Prakash, The Executive's Duty to Disregard Unconstitutional Law, 96 Geo. L.J. 1613, 1616 (2008).

Sixth, as discussed in the City Defendants' amended motion, at 38-39, the U.S. Supreme Court has held that cities have authority to work around unconstitutional provisions they may no longer enforce. In *Wise v. Lipscomb*, 437 U.S. 535, 544 (1978), the U.S. Supreme Court held that, when a Dallas city charter provision governing apportionment was declared unconstitutional, the provision became "null and void," and *freed the City Council to enact a new redistricting plan even though it was still in that city's charter*. It explained:

> It is suggested that the city was without power to enact the ordinance because the at-large system declared unconstitutional was established by the City Charter and because, under the Texas Constitution, Art. XI, § 5, and Texas statutory law, Tex. Rev. Civ. Stat. Ann. Art. 1170 (Vernon Supp. 1978), the Charter cannot be amended without a vote of the people. But the District Court was of a different view. *Although the Council itself had no power to change the at-large system as long as the Charter provision remained intact, once the Charter provision was declared unconstitutional, and, in effect, null and void, the Council was free to exercise its legislative powers which it did by enacting the eight/three plan.* When the City Council reapportioned itself by means of resolution and ordinance, *it was not purporting to amend the City Charter but only to exercise its legislative powers as Dallas' governing body.*

*Id.* (emphasis supplied) (citations omitted). That is precisely what Houston did here.

Seventh, there is no law requiring that a circulator petition be utilized only if it appears in a city charter and Houston's authority to create a new affidavit form does not rely on its charter. The affidavit form's presence in the Charter here appears to be an artifact of a time, more than 100 years ago, when virtually everything was in city charters. In most cities, however, circulator affidavits are created by rule or ordinance or merely rely on Texas Election Code, Section 141.065, a provision establishing

The Hon. Lee H. Rosenthal
January 26, 2022
Page 4

minimum standards for candidate circulator affidavits, standards that do not require public vote or charter amendment. *See In re Angelini*, 186 S.W.3d 558, 560 (Tex. 2006) (addressing signatures that did not comply with Election Code requirements for circulator affidavits); *In re Martinez*, No. 04-20-00424-CV, 2020 WL 6048768, at *1 (Tex. App.—San Antonio Oct. 14, 2020, no pet.) (same); *In re Stanley*, No. 05-19-00287-CV, 2019 WL 1219332, at *1 (Tex. App.—Dallas Mar. 15, 2019, no pet.) (same).

Finally, in the absence of an enforceable, contrary provision in its charter, Houston, as a home rule city, has the full power of self-government. Tex. Loc. Gov't Code § 51.072(a); *Powell v. City of Houston*, 628 S.W.3d 838, 855–56 (Tex. 2021).

Houston then had the authority both to treat the challenged provisions as unconstitutional and unenforceable under *Buckley and* to enact ordinances to supply a substitute affidavit that would enable circulators in Houston to operate. Ordinance No. 2020-1033 is thus a valid enactment, irrespective of whether it contains or is specifically subject to a severance provision.

**2.   *Ordinance No. 2020-1033*** – It is undisputed that Plaintiffs agreed to a requirement that that circulators submit to the jurisdiction of Harris County courts and "to personally appear in Houston . . . within 72 hours of a request by the City of Houston." *See* Def.'s Exh. A. Plaintiffs no longer seem to object to the requirement that they submit to Harris County courts' jurisdiction. Under the doctrine of invited error, "a party generally may not invite error and then complain thereof." *United States v. Baytank, Inc.*, 934 F.2d 599, 606–07 (5th Cir. 1991) (quoted in *United States v. Sharpe*, 996 F.2d 125, 129 (6th Cir. 1993)); *Munoz v. State Farm Lloyds of Tex.*, 522 F.3d 568, 573 (5th Cir. 2008). Alternatively, Plaintiffs' complaints are simply waived, or counsel's agreement may be considered a judicial admission. In addition, City Defendants have argued that Plaintiffs are judicially estopped from challenging provisions they advocated for and courts relied upon in other cases. This Court inquired as to any additional or more detailed legal and factual underpinnings of City Defendants' arguments.

**A.   *Judicial estoppel*** – In prior litigation, Plaintiff Trenton Pool advocated for a requirement that petition circulators agree to submit to, as well as appear in, the jurisdiction where they gathered petition signatures as the less restrictive measure that should be adopted by other governmental entities in laws governing circulators. *See* Defs' Memo. ISO Amend. Mtn. to Dismiss at fn.32 (Dkt. 68). Importantly, the courts presiding over these suits accepted and relied on Plaintiff Pool's arguments on these measures in their rulings.

The Hon. Lee H. Rosenthal
January 26, 2022
Page 5

- *Wilmoth v. Sec'y of N.J.*, 731 Fed. App'x 97, 104-05 (3d Cir. 2018) ("Thus, to survive strict scrutiny, New Jersey must 'show[] that [Appellants'] proposed less restrictive alternatives are less effective than' N.J. Stat. Ann. § 19:23-11 in achieving the State's asserted interests. Because satisfying this burden necessarily requires recourse to an evidentiary record, we have no choice but to remand for further proceedings." (citations omitted));

- *Benezet Consulting, LLC v. Boockvar*, No. 1:16-CV-00074, 2020 WL 5095887, at *2 (M.D. Pa. Aug. 28, 2020) ("[T]he Court finds that Defendants have not met their burden, for purposes of strict scrutiny, of demonstrating that Benezet and Pool's submission to the jurisdiction of the Commonwealth does not advance the Commonwealth's compelling interest in maintaining the integrity of the election process. Accordingly, the In-State Witness Requirement, as applied to Benezet and Pool with respect to Republican candidates, does not pass strict scrutiny and, as a result, violates the First Amendment.");

- *Alexander Arsenault, Trenton Pool, & Roque De La Fuente v. Tahesha Way*, 539 F. Supp. 3d 335, 338 (D.N.J. 2021) (final ruling) ("Overall, New Jersey has neither produced evidence of the problems that the residency requirement purports to address, nor meaningfully refuted the less restrictive alternative methods Plaintiffs proposed. Therefore, in accordance with the Third Circuit's rationale, N.J. Stat. Ann. § 19:23-11's residency requirement does not survive strict scrutiny . . . .").

There is no indication that Plaintiff Pool's position in these previous lawsuits was inadvertent; therefore, Plaintiff Pool is judicially estopped from challenging Ordinance 2020-1033's requirement that circulators submit to the jurisdiction of Harris County courts and appear in Houston.

Alternatively, if this Court finds that it must rule on the constitutionality of this requirement, several federal courts have previously found constitutional similar requirements for circulators to agree to appear in and submit to local jurisdiction. *See, e.g.*, *Nader v. Brewer*, 531 F.3d 1028, 1037 (9th Cir. 2008) (citing *Chandler v. City of Arvada*, 282 F.3d 1236, 1242-44 (10th Cir. 2002)).

The Hon. Lee H. Rosenthal
January 26, 2022
Page 6

  **B.**  *Judicial admission/waiver/invited error* – In Plaintiffs' briefing and argument at oral hearing on January 25, they argued that the timeframe to appear in Houston—72 hours—was unconstitutional. First, Plaintiffs have failed to plead or sufficiently plead under *Iqbal* and *Twombly* how this timeframe is a severe restriction on their speech under *Anderson/Burdick*. That fact alone should result in dismissal, irrespective of waiver or estoppel issues.

  Second, Plaintiffs have already admitted in this lawsuit that the 72-hour period is "reasonable," which waives their right to allege otherwise, much less to allege that it is a severe restriction on their First Amendment rights for purposes of satisfying *Anderson/Burdick*. Specifically, Plaintiffs' counsel argued in the hearing on a request for a temporary restraining order that a 24-hour notice to appear was not acceptable, and then he had this exchange with the Court:

COURT:    So what do you think is a reasonable amount of time? 72 hours?

MR. ROSSI:   Yes, Your Honor. We would be amenable to that, Your Honor.

Defs' Ex. D at 14:10-14. Nothing about Plaintiffs' counsel's statements on the record appears to be inadvertent. Instead of agreeing that 72-hours' notice was reasonable, he could have asked for more time. He did not and his agreement was clearly intentional. A judicial admission that is made intentionally acts "as a waiver, releasing the opponent from proof of fact." *Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476 (5th Cir. 2001). Plaintiffs' counsel's statement is thus a judicial admission that relieves City Defendants of the burden, if any, of proving the 72-hours' notice requirement is constitutional and bars Plaintiffs from continuing to allege that this timeframe makes Ordinance 2020-1033's remaining, challenged restrictions unconstitutional.

  Alternatively, to the extent this Court does not consider counsel's statement a judicial admission, then Plaintiffs have waived this complaint or invited any error here.

  This Court may take judicial notice that Texas Rule of Civil Procedure 21 requires three days' notice upon all parties before they are required to appear before Texas state courts. Tex. R. Civ. P. 21(b). As nothing about Houston's substitute's 72-hour requirement has the formality of a court proceeding, this requirement would unquestionably be constitutional. As City Defendants' counsel argued at this Court's hearing, Houston must use a narrowly tailored alternative to the unconstitutional provisions; it need not find the narrowest possible alternative. *See Bd. of Trs. v. Fox*, 492 U.S. 469, 480 (1989) (cited in *HEB Ministries, Inc. v. Tex. Higher Educ. Coordinating Bd.*, 235 S.W.3d 627, 671 (Tex. 2007) ("the Constitution does not require the narrowest possible restriction")).

The Hon. Lee H. Rosenthal
January 26, 2022
Page 7

      For these reasons, this Court should grant Houston's pending motions and objections and enter judgment accordingly. Should the Court have any additional questions, please do not hesitate to contact either undersigned counsel. Thank you for your consideration in this matter.

                                                    Respectfully submitted,

                                              */s/ Collyn A. Peddie*
                                             Collyn A. Peddie
                                             Senior Assistant City Attorney
                                             832.393.6463
                                             collyn.peddie@houstontx.gov
                                             Lori J. Yount
                                             Senior Assistant City Attorney
                                             832.393.6459
                                             lori.yount@houstontx.gov

cc:   Jerad Najvar
       Austin M.B. Whatley
       Paul A. Rossi

Exh. A

unconstitutional                          🔍   OPTIONS ▾

| CODES 21 | ORDINANCES 14 | DOCUMENTS | Relevance ▾ |

**Products**

✓ Code of Ordinances                                           21

**Content**

SELECT ALL   SELECT NONE

✓ CODE OF ORDINANCES CITY OF HOUSTON, TEXAS                    3

✓ CHARTER                                                      12

✓ APPENDICES                                                   3

✓ Chapter 1 - GENERAL PROVISIONS                               3

21 results   ➕SAVE THIS SEARCH

---

**SELECT ALL**

☐ **Section 12. - Savings Clause.**
Code of Ordinances / CHARTER / ARTICLE VII. - CITY COUNCIL

sub-section, clause, sentence or phrase of this article is for any reason held to be unconstitutional or invalid, such decision shall not affect the validity of this article. (Added

☐ **Section 9. - Saving Clause.**
Code of Ordinances / CHARTER / ARTICLE VI. - THE MAYOR

sub-section, clause, sentence or phrase of this Article is for any reason held to be unconstitutional or invalid, such decision shall not affect the validity of this Article. (Added

☐ **Section 9. - Saving Clause.**
Code of Ordinances / CHARTER / ARTICLE VI. - THE MAYOR

sub-section, clause, sentence or phrase of this Article is for any reason held to be unconstitutional or invalid, such decision shall not affect the validity of this Article. (Added

### ☐ Section 12. - Savings Clause.
Code of Ordinances / CHARTER / ARTICLE VII. - CITY COUNCIL

sub-section, clause, sentence or phrase of this article is for any reason held to be unconstitutional or invalid, such decision shall not affect the validity of this article. (Added

### ☐ Section 9. - Saving Clause.
Code of Ordinances / CHARTER / ARTICLE VI. - THE MAYOR

sub-section, clause, sentence or phrase of this Article is for any reason held to be unconstitutional or invalid, such decision shall not affect the validity of this Article. (Added

### ☐ Section 12. - Savings Clause.
Code of Ordinances / CHARTER / ARTICLE VII. - CITY COUNCIL

sub-section, clause, sentence or phrase of this article is for any reason held to be unconstitutional or invalid, such decision shall not affect the validity of this article. (Added

### ☐ Sec. 1-8. - Severability of parts of Code.
Code of Ordinances / Chapter 1 - GENERAL PROVISIONS

phrase, clause, sentence, paragraph or section of this Code shall be declared unconstitutional by the valid judgment or decree of any court of competent jurisdiction, such

### ☐ Sec. 1-8. - Severability of parts of Code.
Code of Ordinances / Chapter 1 - GENERAL PROVISIONS

phrase, clause, sentence, paragraph or section of this Code shall be declared unconstitutional by the valid judgment or decree of any court of competent jurisdiction, such

### ☐ Sec. 1-8. - Severability of parts of Code.
Code of Ordinances / Chapter 1 - GENERAL PROVISIONS

phrase, clause, sentence, paragraph or section of this Code shall be declared unconstitutional by the valid judgment or decree of any court of competent jurisdiction, such

### ☐ Section 12. - Saving Clause.
Code of Ordinances / CHARTER / ARTICLE V. - OFFICERS AND ELECTIONS

sub-section, clause, sentence or phrase of this article is for any reason held to be unconstitutional or invalid, such decision shall not affect the validity of the remainder of this