UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE RICHARD "TREY" POOL, III, et. al, | § § § | |
| Plaintiffs | § § | |
| v. | § § | Civil Case No. 4:19-cv-02236 |
| CITY OF HOUSTON, et al., | § § § | |
| Defendants. | § § | |

**PLAINTIFFS' OPPOSED MOTION**
**FOR LEAVE TO AMEND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

TO THE HONORABLE JUDGE ROSENTHAL:

Plaintiffs respectfully request leave to amend their motion for attorneys' fees and expenses, filed August 5, 2022. Most importantly, the proposed amended motion is (i) corrected to include (former) NLF associate attorney Austin Whatley's time incurred during the TRO phase in the final calculation (time that Plaintiffs already knew about because it was already requested, with the appropriate backup documentation, on the record in November and December 2019), (ii) corrected to include Whatley's updated declaration, which Plaintiffs referenced in the original motion but did not have available at that time, as discussed below. The amended motion also makes minor edits and clarifications, including a table summarizing Najvar's time by phase of the litigation to assist in reviewing his time records, and adds the docket sheets from the merits and fee appeals as exhibits.

Plaintiffs emailed Defendants to provide Whatley's updated declaration and recent time records (subsequent to the TRO phase) on Monday, August 8, and requested Defendants' position on this motion to amend. Undersigned counsel followed up again on Thursday to request the

1

City's response, and counsel for the City responded Thursday afternoon to state that the City is opposed. No reason for the opposition was provided. Plaintiffs thus file this opposed motion for leave.

## Background and Request for Leave to Amend

Undersigned counsel respectfully requests leave to amend the original request to include these materials and edits. The fee request was filed August 5 to meet the deadline under Federal Rule of Civil Procedure 54(d) following the July 22 judgment.[1] Counsel began reviewing and organizing invoices in the days after the judgment was entered, and anticipated having sufficient time between August 1 and 5 to finish the motion and exhibits, despite other work deadlines.

However, counsel was suddenly required to prepare and file a motion to quash a prosecution in a state-court matter prior to a final pretrial hearing. That motion was filed August 3, and occupied most of the time counsel had available to prepare this motion. That left only the afternoon of Thursday, August 4 (after arguing the last-minute motion in the pretrial hearing by Zoom), and Friday, August 5, to complete the fee application, with all the necessary documentation. This fee application involves three Plaintiffs' attorneys and requires undersigned counsel to review, organize, and clearly calculate compensable/requested time for each attorney, describing their responsibilities and reasonableness of the hours incurred, etc., in light of the history and phases of the litigation. Counsel thought that he could complete the work Friday, but organizing and describing the time records took longer than expected, and it was too late Thursday or Friday to file a request for an extension of time (counsel did not want to rely on a pending request for extension, understanding that the court may not have the time to rule on it by close of

---

[1] Counsel has expressed to Defendants' counsel that, while he had to meet the Rule 54(d) deadline, he would not oppose a reasonable request for an extension of Defendants' response deadline, should they want one, and particularly if settlement negotiations are ongoing.

2

business Friday). Therefore, he proceeded to try and complete the motion, but in the rush to complete it, he failed to include Whatley's hours from the TRO phase in the total calculation, and was not able to finalize Whatley's updated declaration, as Whatley (who no longer works at NLF) was out of town.

With regard to Whatley's time from the TRO phase, Plaintiffs request compensation for 87 of his hours, which Defendants have already been aware of because those exact hours and time records were part of the TRO fee request in 2019. *See* ECF 34, 38. The amended motion would include these timesheets again as an attachment to Whatley's updated declaration.

With regard to Whatley's time since December 2019, Plaintiffs' original motion expressly noted that they would seek to amend to include his updated declaration and subsequent time records, because Plaintiffs "were not able to complete that today, despite diligent work on this motion this week" (p. 14). Whatley left NLF and began employment with another law firm as of March 2022, and he was traveling last week in Florida. Counsel worked with Whatley over the weekend, despite Whatley's travels, to complete his updated declaration and secure review and editing of his time records. Plaintiffs then provided Defendants' counsel with Whatley's declaration and new time records Monday, August 8.

The amendment would also include Exhibit B, a table summarizing Najvar's time by phases of litigation. The table simply presents in a more accessible fashion the breaks and subtotals already shown in Najvar's invoices themselves. It is meant to aid the Defendants' and the court's assessment of the time incurred by phase.

The amendment would also include the Fifth Circuit docket sheets from the merits and fee appeals.

## Conclusion

For the reasons shown, Plaintiffs request that the Court grant leave to amend the fee motion, and order that the attached proposed amended motion and exhibits be filed on the docket.

Respectfully submitted,

*/s/ Jerad Najvar*
**JERAD NAJVAR**
Texas Bar No. 24068079
Southern District No. 1155651
2180 N. Loop W., Ste. 255
Houston, TX 77018
Tel.: 281.404.4696
Fax: 281.582.4138
jerad@najvarlaw.com
*Attorney-in-Charge for Plaintiffs*

Najvar Law Firm, PLLC
2180 N. Loop W.,
Suite 255
Houston, TX 77018
*Of Counsel*

**PAUL A. ROSSI**
Pennsylvania Bar. No. 84947
Pennsylvania Middle District Bar No. 84947
IMPG Advocates, Inc.
Paul-Rossi@comcast.net
*Of Counsel (admitted pro hac vice)*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on August 12, 2022, the foregoing document, and any accompanying exhibits, was served by CM/ECF as follows:

Suzanne R. Chauvin
Senior Assistant City Attorney
City of Houston Legal Department
900 Bagby, 4th Floor

Houston, Texas 77002
Suzanne.Chauvin@houstontx.gov
832.393.6219 (O)
832.393.6259 (F)
*Counsel for Defendants*

                                                         */s/ Jerad Najvar*
                                                         Jerad Najvar