IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **JOE RICHARD "TREY" POOL,** | : |
| | : CIVIL ACTION |
| **Plaintiffs,** | : |
| | : No. 19-cv-2236 |
| v. | : |
| | : Affidavit of Paul A. Rossi, Esq. |
| **CITY OF HOUSTON,** | : |
| | : |
| | : |
| **Defendants.** | : |

## AFFIDAVIT OF PAUL A. ROSSI, ESQ.

I, Paul A. Rossi, the undersigned legal counsel, hereby declare under oath and subject to the penalties of 28 U.S.C. § 1746, that the following is true and correct to the best of my knowledge:

1. I the national litigation counsel for each of the plaintiffs in the above captioned action and represented them in this action as *pro hac vice* counsel.

2. As national litigation counsel for each of the plaintiffs in this action, I would normally take the lead in litigating plaintiffs' challenge to the ballot access restriction for initiative petitions challenged in this action.

3. However, as it quickly became apparent that local counsel, Jerad Najvar is possessed of outstanding legal skill, I readily agreed to have local

counsel take the lead in this litigation. A decision which resulted in an outstanding result for plaintiffs

4       However, I took the lead in researching and drafting the complaint, motion and brief in support for the successful temporary restraining order, argued the motion for temporary restraining order to the court and drafted the second amended complaint, along with securing the additional plaintiffs in the amended pleadings.

5.      I was also involved in assisting in litigation strategy and reviewing the filings in this case at each step of the litigation and conducting research for the instant fee petition.

6.      I graduated from Temple Law School, *magna cum laude*, and was admitted to the practice of law within the Commonwealth of Pennsylvania in 2001.

7.      In practice, I was an associate with the law firms of Ballard Spahr Andrews and Ingersoll from 2000 to 2002 as a state and local tax litigator. Thereafter I was an associate in the New York office of Dechert Price as a state and local tax litigator from 2002 to 2006.

8.      Since 2006, I have been in private practice litigating constitutional torts and since about 2012 have focused by practice on constitutional violations in the area of ballot access.

9. Since 2006, I have appeared before the federal courts in 18 states and 4 united states courts of appeal securing ballot access victories for my clients challenging ballot restrictions in violation, primarily, of the First and Fourteenth Amendments to the United States Constitution.

10. During the instant litigation, plaintiffs secured a temporary restraining order to permit plaintiffs to circulate initiative petitions in the City of Houston for an initiative in 2019.

11. Thereafter, and despite unnecessary procedural moves by the City of Houston to evade judicial review of their unconstitutional residency requirement for the circulation of initiative petition, plaintiffs secured permanent declaratory relief from the challenged residency restrictions and forced the City of Houston to abandon other unconstitutional restrictions thrown-up to block plaintiffs' exercise of rights guaranteed to them under the First and Fourteenth Amendments to the United States Constitution.

12. Plaintiffs have secured the complete relief that they sought at the start of this litigation.

13. I hereby certify that I worked a total of 75.0 hours on this case in the United States District Court for the Southern District of Texas and 0.0 hours litigating the appellate action in this case in the to the United States Court of Appeals for the Fifth Circuit.

14. I hereby certify that the attached time record is a true and accurate recording of contemporaneous time records maintained at all times during this litigation by Attorney Paul A. Rossi.

15. As part of normal billing discretion, I have deducted 2.4 hours from my fee request for certain, non-substantive conference calls on strategy.

16. Furthermore, as part of my normal billing practice, I have deducted from my total fee request 15%, which I normally provide all of my clients who are charged by-the-hour and who make on-time payments within 60 days from the date of the billing.

17. I certify that I am requesting an hourly fee of $400.00 per hour which is commensurate with my expertise in constitutional litigation focused on ballot access issues and with the prevailing rate in the Houston legal market for attorneys with 21 years of experience.

18. I also certify that I have spent a total of $1,622.19 for last-minute round-trip airfare from Philadelphia to Houston ($1,474.00) and 1 night's hotel accommodation ($148.19) to attend the hearing and argue plaintiffs' successful motion for a temporary restraining order. Receipts for each expense are attached hereto.

19. Accordingly, I am requesting a attorney fee award of $24,684.00 and an award for expenses of $1,622.19 for a total of $26,306.19.

20. A copy of my Curriculum Vitae is attached.

21. Further, affiant, sayeth naught.

Executed: August 5, 2022

Paul A. Rossi
IMPG Advocates
316 Hill Street
Suite 1020
Mountville, PA  17554

# CURRICULUM VITAE OF ATTORNEY PAUL A. ROSSI

## EDUCATION

1992 – University of Millersville, BA, *Magna Cum Laude*, Political Science

1989 – Temple Law School, JD, *Magna Cum Laude*

## LEGAL EXPERIENCE

2000-2002, Associate – Ballard Spahr Andrew & Ingersoll, State & Local Tax Litigation.

2002-2006, Associate – Dechert Price, New York, State & Local Tax Litigation

2006 – Present, Private Practice, Constitutional Litigation Focused on First and Fourteenth Amendment Tort Litigation, Cases Include the Following:

*Max v. Republican Committee of Lancaster County*, 7-cv-4488 (U.S.D.C. E.D. Pa.) – First Amendment challenge to political party enlisting the services of Lancaster County Sherriff to assist in the intimidation of a party committee woman who actively opposed party's endorsed judicial candidate in primary election.

*Democracy Rising v. Celluci*, 1:07-cv-00860-CCC (U.S.D.C. M.D. Pa.) – First Amendment and Fourteenth Amendment challenge to Pennsylvania judicial conduct rules placing restrictions on judicial candidate speech during primary election campaigns.

*Goudy-Bachmann v. Dep't of HHS*, 1:10-cv-00763-CCC (U.S.D.C. M.D. Pa.) 0 Commerce Clause challenge to the individual mandate to purchase government regulated health insurance plan under the Affordable Care Act.

*In re Nomination Papers of Margaret Robertson*, 507 M.D. 2012 (Commw. Ct. of Pa.) Defended Pennsylvania nomination papers of 2012 Libertarian Party presidential candidate.

*In re Nomination Papers of Margaret Robertson*, 148 EM 2012 (Sup. Ct. of Pa.) Supreme Court appeal made by Objectors. Court upheld litigation arguments and decision of Commonwealth Court in favor of Libertarian Party presidential candidate nomination paper signatures.

1

*Green Party of Pennsylvania v. Aichele*, 14-cv-3299 (U.S.D.C. E.D. Pa.) Litigated constitutionality of ban on out-of-state circulators of nomination papers for 3rd party candidates, notarization requirement for nomination papers and single signature requirement for qualified electors in Pennsylvania.

*In re Nomination Petition of Joseph Vodvarka*, 126 M.D. 2016 (Commw. Ct. of Pa.) Defended Pennsylvania nomination petition of 2016 Democratic Senatorial candidate.

*In re Nomination Petition of Joseph Vodvarka*, 37 MAP. 2016 (Sup. Ct. of Pa.) Litigation upholding litigation position that signers of nomination petitions do not have to record the address reflected on their voter registration card.

*De La Fuente v. Krebs*, 3:16-cv-03035-RAL (U.S.D.C. S.D.) Defense of signatures and challenge to ballot access rules imposed in South Dakota under the First and Fourteenth Amendments to the United States Constitution.

*Arsenault v. Guadagno*, 3:16-cv-01854 (U.S.D.C. N.J.) Challenged constitutionality of ban on out-of-state circulators of major party ballot access petitions in New Jersey under the First and Fourteenth Amendments to the United States Constitution.

*De La Fuente v. Kemp*, 1:16-cv-02937-MHC (U.S.D.C. N.D. Ga.) Challenged Georgia's signature collection requirement for 3rd party presidential candidates under First and Fourteenth Amendments to the United States Constitution.

*De La Fuente v. South Carolina Democratic Party*, 3:16-cv-00322-CMC, (U.S.D.C. S.C.) Challenged party control of ballot access for presidential candidates in primary election under First and Fourteenth Amendments to the United States Constitution.

*De La Fuente v. Alcorn*, 16-cv-1201 (U.S.D.C. E.D. Va.) Challenged requirement that voters in Virginia are required to record either their birth date or the last 4 digits of their social security number on candidate nomination petitions for validity review under First and Fourteenth Amendments to the United States Constitution.

*Wilmoth v. Merrill*, 16-cv-0223-JCH (U.S.D.C. Conn.) Challenged ban on out-of-state circulators of candidate petitions for major party candidates under First and Fourteenth Amendments to the United States Constitution.

*Open Pittsburgh.Org v. Voye*, 2:16-cv-1075-MRH (U.S.D.C. W.D. Pa.) Challenging Pennsylvania's ban on out-of-state circulators of home rule charter

2

amendment petitions under First and Fourteenth Amendments to the United States Constitution.

*De La Fuente v. Reagan*, 2:16-cv-02419, (U.S.D.C. AZ) Challenged ballot access restriction imposed on 3rd party presidential candidates under First and Fourteenth Amendments to the United States Constitution.

*De La Fuente v. Padilla*, 2:16-cv-03242 (U.S.D.C. C.D. CA) Challenged excessive signature collection and time limits placed on 3rd party presidential candidates to secure ballot access under First and Fourteenth Amendments to the United States Constitution.

*Guerra v. Toulouse-Oliver*, 1:16-cv-00393-LF (U.S.D.C. N.M.) Challenged ballot access restrictions placed on 3rd party presidential candidates to secure ballot access under First and Fourteenth Amendments to the United States Constitution.

*De La Fuente v. Wyman*, 16-cv-5801-BHS (U.S.D.C. W.D. Wash.) Challenged Washington state requirement that 3rd party presidential candidates hold nominating conventions within the state to secure ballot access in violation of the First and Fourteenth Amendments to the United States Constitution.

*De La Fuente v. The Sherry Netherland*, 1:17-cv-04759-PAE (U.S.D.C. S.D. NY) Lawsuit raising racial bias in the co-op housing market in New York city.

*Pierce v. Stapleton*, 6:18-cv-0063-CCL (U.S.D.C. Mont.) Challenging ban on out-of-state circulators for initiative and referendum petitions and ban on compensating circulators based on the number of valid signatures collected.

*Pool v. City of Houston*, 19-cv-02236 (S.D. Tex.) Challenging ban on out-of-state petition circulators of city initiative and referendum petitions in violation of the First and Fourteenth Amendments to the United States Constitution. Argued and briefed temporary restraining order, assisted lead, local counsel, with strategy, research and drafting second amended complaint. Declaratory judgment secured for plaintiffs.

*De La Fuente v. Simon*, 19-cv-02995-DSD-HB (U.S.D.C. MN) Challenged party control of primary ballot access under First and Fourteenth Amendments to the United States Constitution.

*De La Fuente v. Raffensperger*, 1:19-cv-05323 (U.S.D.C. N.D. GA.) Challenged COVID-19 related restrictions imposed on ballot access in Georgia under First and Fourteenth Amendments to the United States Constitution.

3

*De La Fuente v. Padilla*, 2:19-cv-1659-MCE-DB (U.S.D.C. E.D. CA.) Challenged California's newly passed requirement that presidential candidates release their tax returns as a condition precedent to secure ballot access under the Qualifications Clause of the United States Constitution.

*We The People PAC v. Dunlap*, 1:20-cv-489-JAW (U.S.D.C. ME) Challenging Maine's ban on out-of-state circulators of initiative and referendum petitions under First and Fourteenth Amendments to the United States Constitution. Prevailed on securing preliminary injunction, overturned prior precedent in district and prevailed on defendants' appeal to the United States Court of Appeals for the First Circuit. Appellees' petition for *en banc* rehearing pending.

*Liberty Initiative Fund v. Thurston*, 21-cv-0460 (U.S.D.C. E.D. AR.) Challenging a whole host of ballot access restrictions imposed on initiative and referendum petitions in Arkansas in violation of the First and Fourteenth Amendments to the United States Constitution and *Ex Post Facto* Clause of the Constitution

*Florida Right to Pray Together v. Lee*, 4:22-cv-0033-RH-MAR (U.S.D.C. N.D. FL.) Challenging ban on compensating initiative petition circulators based on the number of signatures collected under First and Fourteenth Amendments to the United States Constitution.

**IMPG ADVOCATES, INC.**
316 HILL STREET
SUITE 1020
MOUNTVILLE, PENNSYLVANIA 17554
717.615.2030
Direct Dial: 717.869.8872
Panthonyrossi@comcast.net

*Civil Rights • International Law • Antitrust • Election Law*

| | | | |
|---|---|---|---|
| Time Date: | May 29, 2019 – August 5, 2022 | Attorney: | Paul A. Rossi |
| Re: | 4:19-cv-2236 | Billing Code: | 025, 067 |
| Clients: | Trenton Donn Pool | | 42 U.S.C. § 1983 |
| | Trey Pool | | First Amendment |
| | Liberty Initiative Fund & Paul Jacob | | Elections |

| **Date** | **Description** | **Hours** | **Time** |
|---|---|---|---|
| 5/29/19 | Initial Consultation<br>Re: Pool Houston Petition Circulation<br>Discuss Facts for Complaint, Plaintiff Information<br>Statutory Provisions | 7:05 pm – 7:24 pm | No Charge |
| | Draft Document<br>Re: Draft and Send Representation Agreement<br>To Plaintiffs | 8:18 pm – 8:58 pm | No Charge |
| 5/30/19 | Research<br>Re: Houston Charter Restrictions on Petition<br>Circulators, Review Applicable Ordinance,<br>Charter History, Amendment History<br>First Amendment Claims, Potential Equal Protection | 10:24 am – 11:47 am | 1.4 |
| | Research<br>Re: Texas Statutes Authorizing Houston Charter<br>Provisions Restricting Petition Circulators, Southern<br>District Case Law Research, Circuit Precedent, Standing | 2:22 pm – 4:06 pm | 1.7 |
| 6/01/19 | Conference Call<br>Re: Call with Plaintiff Trent Pool Discussing Standing<br>And Trent's Role in Petition Drive, Contract with<br>Client, Past Petition Conduct, Future Intentions | 7:18 pm – 7:33 pm | 0.2 |
| | Draft Document<br>Re: Complaint Opening, Nature of Complaint<br>Jurisdiction, Venue, Parties | 8:14 pm – 11:37 pm | 3.4 |
| 6/2/19 | Draft Document<br>Re: Complaint Facts, Claims, Request for Relief<br>Exhibit Preparation | 1:09 am – 5:47 am<br>2:15 pm – 4:22 pm | 4.6<br>2.1 |

1 | Page

| Date | Description | Hours | Time |
|---|---|---|---|
| 6/10/19 | Research<br>Re: Federal Precedent on Residency Restrictions Imposed by Local Government for Initiative & Referendum Petitions for TRO Brief<br>Local Counsel Consultation | 2:02 pm – 5:10 pm<br>8:08 pm – 8:24 pm | 3.1<br>0.3 |
| 6/11/19 | Draft Document<br>Re: TRO Brief | 9:32 am – 12:16 pm<br>2:04 pm – 6:07 pm | 2.6<br>4.0 |
| 6/12/19 | Draft Document<br>Re: TRO Brief | 1:14 am – 2:55 am<br>3:18 am – 3:41 am<br>3:54 pm – 8:13 pm | 1.6<br>0.4<br>4.3 |
| 6/13/19 | Draft Document<br>Re: TRO Brief | 10:26 am – 1:33 pm | 3.1 |
| 6/14/19 | Draft Document<br>Re: TRO Brief | 1:11 pm – 3:48 pm | 2.6 |
| | Draft Document<br>Re: TRO Motion | 3:50 pm – 4:37 pm | 0.8 |
| | Draft Document<br>Re: TRO Proposed Order | 4:40 pm – 5:08 pm | 0.4 |
| 6/19/19 | Draft Document<br>Re: Review, Revise & Edit Complaint | 1:47 pm – 6:19 pm | 4.7 |
| 6/21/19 | Draft Document<br>Re: Final Review, Revise & Edit Complaint & TRO Brief Draft Trenton Pool Declaration, Send to Plaintiff Scan Executed Declaration, Send to Local Counsel | 9:0 am – 11:25 am | 2.4 |
| 6/27/19 | Research<br>Re: Review Brief in Opposition to TRO<br>Research Precedents Cited by Defendants | 7:45 pm – 7:58 pm<br>8:09 pm – 10:46 pm | 0.2<br>2.6 |
| 6/28/19 | Draft Document<br>Re: *Pro Hac Vice* Application | 2:01 am – 2:09 am | 0.1 |
| 6/30/19 | Conference:<br>Conference with Local Counsel, Prep Plaintiff For TRO Hearing | 9:13 pm – 10:20 pm | 1.1 |
| | Research<br>Re: Review Case Law citied in Reply Brief, Prep For TRO Hearing | 11:49 pm – 1:25 am | 1.6 |

2 | P a g e

| Date | Description | Hours | Time |
|---|---|---|---|
| 7/1/19 | Hearing Preparation<br>Re: Prepare Argument for TRO Hearing<br>Testimony | 1:26 am – 3:39 am<br>8:50 am – 9:33 a.m. | 2.2<br>0.7 |
| | Hearing<br>Re: Attend TRO Hearing, Make Argument<br>Argument Low on Hearing List | 10:20 a.m. – 11:50 am | 1.5 |
| 11/11/19 | Draft Document<br>Re: Compile, Scan and Send Time Records,<br>Airline and Hotel Receipts for Protective Fee Petition | 2:47 a.m. – 4:39 am | 1.8 |
| 2/10/21 | Review<br>Re: USCA 5th Circuit Judgment | 3:12 pm – 3:31 pm | 0.3 |
| 2/11/21 | Conference Call<br>Re: Local Counsel regarding 5th Circuit Opinion<br>Discuss Next Steps | 2:46 pm – 3:08 pm | No Charge |
| 5/7/21 | Conference Call<br>Re: Discussion with Local Counsel Regarding<br>Additional Plaintiffs and 2nd Amended Complaint | 4:32 pm – 4:47 pm | No Charge |
| 5/7/21 | Conference Call<br>Re: New Plaintiffs LIF and Paul Jacob<br>Collect Facts From New Plaintiffs for<br>2nd Amendment Complaint | 6:22 pm – 6:58 pm | 0.6 |
| 5/8/21 | Draft Document<br>Re: Draft Second Amended Complaint, Research<br>New City Restrictions on Circulation | 1:20 pm – 6:51 pm | 5.5 |
| 5/9/21 | Draft Document<br>Re: Second Amended Complaint, Draft & Final Edits | 10:15 am – 12:54 pm | 2.6 |
| 2/23/22 | Review<br>Re: Memorandum & Opinion Granting Declaratory<br>Judgment | 3:04 pm – 3:32 pm | No Charge |
| 2/24/22 | Conference Call<br>Re: Discussing Declaratory Judgment with Local<br>Counsel, and Plaintiffs Regarding Strategy | 3:16 pm – 3:42 pm | No Charge |
| 8/1/22 | Review<br>Final Judgment | 1:18 pm – 1:20 pm | 0.1 |
| | Conference Call<br>Re Fee Petition with Local Counsel | 2:28 pm – 2:38 pm | No Charge |
| 8/3/22 | Research<br>Re: Fee Petition Prevailing Market Rate | 8:23 pm – 9:51 pm | 1.4 |

| Date | Description | Hours | Time |
|------|-------------|-------|------|
| 8/4/22 | Conference Call<br>Re: Fee Petition with Local Counsel | 1:23 pm – 1:33 pm | No Charge |
| | Research<br>Re: Fee Petition 5th Circuit & S.D. Texas Precedent<br>Text & Email Results to Local Counsel | 7:03 pm – 12:32 am | 5.4 |
| 8/5/22 | Draft Document<br>Re: Compile Fee Petition Time Records Since<br>Last Fee Petition, Draft, Execute and Scan Affidavit | 3:09 am – 4:24 am | 1.2 |
| | **Total Hours** | | 72.6 |
| | **Hourly Rate** | | $ 400.00 |
| | **Total Attorney Fees** | | $29,010.00 |
| | **Total After 15% Reduction** | | $24,684.00 |

**Expenses:**

| | |
|---|---|
| Last Minute Round Trip Airfare (American Airlines PHL to IAH Return 7/1)<br>Attend TRO Hearing (Local Counsel Unable to Attend) | $ 1,474.00 |
| 1 Night Hotel (The Whitehall Houston) | $ 148.19 |
| **Total Expenses** | $ 1,622.19 |

**TOTAL ATTORNEY FEE & EXPENSES REQUEST FOR – PAUL A. ROSSI**   $26,306.19

4 | P a g e

# EXHIBIT A

# PAUL ROSSI FEE PETITION

# AMERICAN AIRLINES RECEIPT

# FOR ROUNDTRIP AIRFARE

# TO ATTEND AND ARGUE TRO HEARING

# PHL – IAH

# 6/30/19 – 7/01/19

# American Airlines

Home    Hello, PAUL ▼    English ▼    Search aa.com

Plan Travel    Travel Information    AAdvantage

## Choose flights

« New search

### Your trip summary

**First**
Round trip (Non-refundable)
**$1,474** per person
Total $1,473.30 (all passengers)
Fare and tax information

**Best way to travel**
- Our largest, most comfortable seat
- 2 free checked bags
- Up to 3 EQMs per mile flown on eligible flights
- Same-day flight change & standby when available on American flights

On planes with both Business and First, you get 1 extra checked bag or 2 if you're AAdvantage Executive Platinum.

Includes taxes and carrier imposed fees.
Fare and optional fees

### Depart Philadelphia, PA to Houston, TX
Sunday, June 30, 2019

11:00 AM     5:44 PM     7h 44m    1 stop    First
PHL - DFW • AA 2562 • 757-Boeing 757
DFW - IAH • AA 2276 • 738-Boeing 737

Details | Change

### Return Houston, TX to Philadelphia, PA
Monday, July 1, 2019

4:22 PM     11:26 PM     6h 4m    1 stop    First
IAH - DFW • AA 2830 • 738-Boeing 737
DFW - PHL • AA 947 • 757-Boeing 757

Details | Change



**Earn up to a $200 statement credit**
Plus, 40,000 bonus miles after qualifying purchases with this credit card offer

Learn more

Continue

Help    About American    Extras

https://www.aa.com/booking/flights/choose-flights/your-trip-receipt?selectedFareID=2s...    06/29/2019

# EXHIBIT B

# PAUL ROSSI FEE PETITION

# HOTEL RECEIPT

# WHITEHALL HOUSTON

# ATTEND TRO HEARING

# 07/01/19



# The Whitehall Houston, Houston

Jun 30, 2019 - Jul 1, 2019   |   Itinerary # 7448410329084

## The Whitehall Houston

Jun 30, 2019 - Jul 1, 2019 , 1 room |  1 night

**This reservation is complete. We hope you had a great trip.**

1700 Smith St, Houston, TX, 77002 United States of America

Tel: 1 (713) 739-8800, Fax: 1 (713) 739-7307

### Check-in

- Check-in time starts at 3 PM
- Check-in time ends at midnight
- Minimum check-in age is 21
- If a late check-in is planned, contact this property directly for their late check-in policy.

### Important Hotel Information

Although Expedia does not charge a fee to change or cancel your booking, The Whitehall Houston may still charge a fee in accordance with its own rules & regulations.

- Cancellations or changes made after 6:00pm (Central Standard Time (US & Canada)) on Jun 29, 2019 or no-shows are subject to a property fee equal to 100% of the total amount paid for the reservation.
- View your online itinerary for additional rules and restrictions.

Award points and airline mileage may not be awarded when booking an Expedia Special Rate hotel.

| Room | Standard Room, 1 King Bed |
|---|---|
|  | Includes: Free Wireless Internet |
| Reserved for | Paul Rossi |
|  | 2 adults |
| Requests | 1 King Bed, non-smoking room |

**COMPLETED**

## Price Summary

| | |
|---|---|
| Subtotal | $148.19 |
| 4,118 Expedia Rewards points used | -$58.85 |
| **Total** | **$89.34** |
| Collected by Expedia | |

Private sale: save 15%

Prices shown after $22.35 savings

| | |
|---|---|
| Room Price | $148.19 |
| 1 night | $126.65 |
| Taxes & Fees | $21.54 |

All prices quoted in USD.

## Additional Hotel Services

The below fees and deposits only apply if they are not included in your selected room rate.

The price shown above DOES NOT include any applicable hotel service fees, charges for optional incidentals (such as minibar snacks or telephone calls), or regulatory surcharges. The hotel will assess these fees, charges, and surcharges upon check-out.