United States District Court
Southern District of Texas
**ENTERED**
August 22, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE RICHARD "TREY" POOL, III, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-19-2236 |
| CITY OF HOUSTON, *et al.*, | § § § | |
| Defendants. | § | |

**ORDER**

The plaintiffs filed an opposed motion to alter this court's entry of final judgment. The court's July 22, 2022, final judgment stated:

> On February 22, 2022, this court issued a declaratory judgment that the Houston Charter, Article VII-a, Sections 2 and 3, and Article VII-b, Sections 2(a) and 3, unconstitutionally burdens political expression protected by the First Amendment by limiting petition circulators to "qualified voters." (Docket Entry No. 100). In response to this court's ruling, the City of Houston passed and adopted Ordinance No. 2022-455, eliminating the "qualified voter" requirement and allowing non-residents and non-registered voters to circulate petitions in Houston. (Docket Entry No. 108-1). The plaintiffs notified the court that in light of the City of Houston's new ordinance, the plaintiffs would not amend their complaint. (Docket Entry No. 109). This case is now dismissed with prejudice.

(Docket Entry No. 111).

The plaintiffs ask the court to amend its final judgment to include, and set out the precise terms of, the declaratory judgment that plaintiffs were granted. They argue that they "are entitled to the inclusion of the declaratory judgment in the final judgment . . . and this is the only means of ensuring that the judgment to which the court has determined they are entitled is enforceable, with preclusive effect." (Docket Entry No. 115, at 5).

The Fifth Circuit "do[es] not follow the . . . view that a party 'is under no judicial compulsion' until a judge 'record[s] an injunction or declaratory judgment on a separate

document.'" *In re United States Bureau of Prisons*, 918 F.3d 431, 437 n.3 (5th Cir. 2019). This court entered a declaratory judgment in the plaintiffs' favor on **February 22, 2022**, as part of its memorandum and opinion. Six months later, after the City of Houston adopted and passed a new, constitutional Ordinance, the plaintiffs complain that the court did not order the declaratory judgment in a separate document from the memorandum and opinion. It is clear that this court's memorandum and opinion granting the declaratory judgment was binding on the City of Houston. As noted, the City acted on the memorandum and opinion by passing and adopting Ordinance 2022-455.

The plaintiffs' argument that "[t]he declaratory judgment must still be 'framed and entered' to state the precise terms of the declaration" is similarly without merit. (Docket Entry No. 115, at 5). The court's memorandum and opinion clearly state the court's holding that "the Houston Charter unconstitutionally 'imposes a burden on political expression' protected by the First Amendment 'that the [City] has failed to justify,' by limiting petition circulators to only qualified voters." The court did not need to, and did not, decide whether a residency requirement alone would violate the First Amendment. (Docket Entry No. 100, at 34).

The plaintiff's argument that the declaratory judgment was not binding and preclusive when entered in February 2022, simply because its terms were not repeated in a separate document, is without merit. The court has issued an opinion and a final judgment. The plaintiffs' motion to alter that judgment, Docket Entry No. 115, is denied. The only issue remaining is attorneys' fees and costs. The court will resolve that issue once it receives full briefing from the parties.

SIGNED on August 22, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge