IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISON

| | |
|---|---|
| JOE RICHARD "TREY" POOL, III, TRENTON DONN "TRENT" POOL, and ACCELEVATE2020, LLC,<br>        Plaintiffs,<br>v.<br>CITY OF HOUSTON and ANNA RUSSELL, in her official capacity as Secretary of the City of Houston<br>        Defendants. | § § § § § § § § § § § § § § § § §   CIVIL ACTION<br><br>No. 19-CV-2236 |

**Declaration of Suzanne R. Chauvin**

STATE OF TEXAS          §

COUNTY OF HARRIS    §

1. My name is Suzanne R. Chauvin. I am over the age of eighteen (18) years, of sound mind, and capable of making this affidavit. I have never been convicted of a crime involving moral turpitude. The facts and circumstances stated herein are based on my personal knowledge and are all true and correct.

2. I am an employee of the City of Houston ("City"). I have been an employee of the City of Houston for over nine years. I am currently the Chief of the General Litigation Section of the City of Houston Legal Department.

3. I am a member of the Texas State Bar in good standing. I was licensed to practice law in Texas in November 1991, after graduating from the University of Texas School of Law in May 1991.

4. My legal practice for the past thirty years has been predominantly litigation in trial courts in Harris County, in both state and federal courts. I have practiced litigation in federal courts in the Northern, Southern, Eastern, and Western Districts of Texas, and in Texas state courts in several other counties in addition to my primary practice in Harris County. Additionally, I have practiced in the state and federal courts of other states on a *pro hac vice* basis. My legal practice has included commercial litigation; appellate practice;

1

Exhibit 2

personal injury litigation; government litigation; labor and employment counseling, administrative proceedings and litigation; civil rights litigation; bankruptcy proceedings; contract negotiations; and pro bono services; among other legal services. In addition to Texas state and federal trial courts, I am admitted to practice law in the Fifth Circuit Court of Appeals and in the United States Supreme Court.

5. I was a litigation partner with Akin Gump Strauss Hauer & Feld, LLP, in the Houston office for approximately six years. I was a partner in the Houston office of the law firm Strong Pipkin Bissell & Ledyard, L.L.P. for over seven years.

6. I am familiar with the reasonable hourly rates charged by attorneys in litigation matters in and around Harris County, Texas.

7. I have reviewed the verification of Mr. Jerad Najvar and the affidavit of Mr. Paul Rossi, and the supporting documentation attached in support of their opposed motion for attorneys' fees and expenses. This declaration is only in response to the fee application and evidence presented in Plaintiffs' original Opposed Motion for Attorneys' Fees and Expenses (DKT 113), and not to Plaintiffs' proposed amended motion, which leave has not been granted to amend at this time.

8. It is my opinion that, as a legal matter, no fee is warranted in this case. However, in the alternative, if any fees are warranted, in my opinion, the amount of $169,933.00 in attorneys' fees and expenses is not a reasonable or necessary fee for the legal services in this case, and is excessive.

9. At the outset, it is my opinion that Plaintiffs in this case have unreasonably and unnecessarily multiplied these proceedings, resulting in excessive fees being claimed. Throughout these proceedings, representatives of the City of Houston have consistently and repeatedly stated, verbally, in writing, in court filings, and in open court, that the City did not and does not intend to enforce the Houston City Charter provisions that were rendered unconstitutional and unenforceable by the United States Supreme Court in *Buckley v. American Constitutional Law Foundation*, 525 U.S. 182, 186 (1999). Nevertheless, Plaintiffs continued to pursue this litigation, filing unnecessary and unwarranted pleadings and motions, resulting in unnecessary and unreasonable claims for attorneys' fees. Selected additional detail is provided below.

10. Mr. Najvar has opined that an hourly rate of $400 for his legal services and the services of Mr. Rossi is a reasonable hourly rate for attorneys at their experience level. He has also opined that an hourly rate of $250 is a reasonable hourly rate for the services of Mr. Whatley, an attorney at a more junior level. I do not challenge Mr. Najvar's opinion that hourly rates of $400 for senior attorneys and an hourly rate of $250 for a more junior attorney are reasonable hourly rates.

2

11. In my opinion, it is not reasonable for Plaintiffs to recover fees that were unnecessary in light of the relief sought and the positions of the parties in this lawsuit. It is likewise not reasonable for Plaintiffs to recover fees relating to claims that are contrary to applicable law.

12. I have reviewed the billing records for the Najvar law firm (DKT 113-2) relating to this case. Based on the documentation and the strike through items, it appears that Plaintiffs are seeking $11,473.33 for the services of the Najvar law firm from the inception of its representation of Plaintiffs through June 24, 2019 (DKT 113-2, p. 2). By *no later than* June 24, 2019, the City of Houston had made Plaintiffs' counsel aware that the City did not intend to enforce the charter provisions in contravention of *Buckley*. (See DKT 113-2, p. 2, time entry of June 23, 2019: "Research credible threat of enforcement element of injury in fact for pre-enforcement challenge, even in context of civil injury as basis"; time entries of June 24, 2019 "Phone w/P. Rossi regarding review of City's suggested affidavit language", "Review Zimmerman petition for certiorari citations . . ., as relevant to defeating potential argument disclaiming enforcement"). At least one subsequent time entry reflects later instances in which the City submitted proposed affidavit language in an effort to satisfy plaintiffs, but those efforts were rejected. (See DKT 113-2, p. 3, time entry for June 25, 2019 ( " . . . receive email from S. Chauvin with revised draft circulator forms and reply."))

13. Additionally, the time entry for June 11, 2019 states: "Review selected pleadings in Lancton v. Anna Russell (Firefighter pay parity petition case) for discussion/treatment of circulator requirement." (See DKT 113-2, p. 1, time entry of June 11, 2019.) I was one of the attorneys of record in *Lancton v. Anna Russell*, Cause No. 2017-83302, in the 269th Judicial District Court of Harris County, Texas. The issues in that lawsuit did not involve paid petition circulators or "out-of-town" petition circulators. Instead, the issues in that lawsuit involved whether the City Secretary had timely complied with her ministerial duty to count petition signatures. I do not understand why selective pleadings from the *Lancton* case were reviewed in this case, and in my opinion, the work reflected in the time entry for June 11, 2019 is not reasonable.

14. Additionally, it is unreasonable for Plaintiffs to recover fees for non-descriptive entries that are either so vague or have been so heavily redacted that they do not specifically identify the services provided and thus do not support the recovery of fees. For example, the time entry of August 27, 2019 is almost completely redacted, stating only "Review caselaw." It is impossible to determine the work performed and whether it relates to this case. Accordingly, in my opinion, the fees associated with this time entry are not reasonable.

15. Plaintiffs also seek to recover $3,106.67 for work performed on a "protective motion for attorneys' fees." The court denied Plaintiffs' "protective motion for attorneys'

3

fees", and in my opinion, Plaintiffs' fees in connection with preparation of the "protective motion for attorneys' fees were not necessary or reasonable.

16. Additionally, Plaintiffs appear to seek to recover $9,426.66 for a Rule 59 Motion to Alter or Amend the Judgment in 2019. The Court denied Plaintiffs' Motion to Alter or Amend the Judgment, and in my opinion, Plaintiffs' fees in connection with the Motion to Alter or Amend the Judgment were not necessary or reasonable. Likewise, Plaintiffs' requested fees of $806.67 in connection with their reply to the response to the motion to alter or amend the judgment were not necessary or reasonable.

17. Additionally, the Najvar firm's entry for January 7, 2021 is heavily redacted and contains block billing. That is, it is impossible to determine what work was done in the redacted item and what portion of 1.4 is attributable to the redacted item. Therefore, in my opinion, the fees associated with that item are not necessary or reasonable.

18. In my opinion, any fees attributable to Plaintiffs' filing a Second Amended Complaint to add new plaintiffs and new causes of action are neither necessary nor reasonable. By the time the Plaintiffs prepared and filed their Second Amended Complaint, Plaintiffs and their counsel were fully aware that the City had placed Editors' Notes on the applicable Charter provisions and on the City Secretary's website evidencing that the City did not intend to enforce the applicable Charter provisions. Additionally, Plaintiffs and their Counsel had been informed by the City that the City had passed Ordinance 2020-1033, acknowledging *Buckley* and confirming the City's policy to enforce the United States Constitutional requirements relating to petition circulators. (See DKT 113-2, p. 17, time entry for 3/16/2021 ("Email P. Rossi with thoughts regarding new revelation that City actually passed ordinance in December") and time entry for 3/17/2021 ("Reply to email from P. Rossi regarding amending complaint, new potential plaintiff, and preparation for scheduling conference")). Thus, it is my opinion that the time entries for April 1 and 2, 2021 and May 1 and 4, 2021 do not reflect reasonable or necessary fees.

19. As an example of unnecessary and unreasonable motions and documents filed by Plaintiffs, on July 6, 2021, Plaintiffs filed a so-called "Notice Regarding Status of Defendants Proposed Amended Motion to Dismiss" (DKT 70), in which they argued that the City's Memorandum in Support of a motion to dismiss was not on file with the Court, because the City had not filed the document *again* after the Court granted the City's motion to exceed the page limit. The "notice" was ultimately stricken, but the Najvar firm appears to have billed approximately $1,440 in connection with this unnecessary "notice". (See DKT 113-2, p. 21, time entries for 7/6/2021, 7/15/2021, and 7/27/2021, in the amounts of $400, $80, and $960, respectively.) It is my opinion that those charges are neither reasonable nor necessary.

20. I am familiar with the legal issues involved in this case. I am familiar with the pleadings and motions filed in this case. No depositions were taken. The work in this case

4

5

was predominantly legal briefing. In the event that the Court determines that Plaintiffs are prevailing parties, it is my opinion that a reasonable fee for the services of Plaintiffs' attorneys in this case is no more than $25,000, based on the results achieved and the City's position in this case. However, it is my opinion that it would be reasonable not to award attorneys' fees in this case.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 26, 2022.

_____
Suzanne R. Chauvin