IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE RICHARD POOL, III, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § | CIVIL ACTION NO. H-19-2236 |
| CITY OF HOUSTON, *et al.*, | § § § | |
| Defendants. | § § | |

## ORDER

The court entered final judgment in this case on July 22, 2022. (Docket Entry No. 111). Rule 54 of the Federal Rules of Civil Procedure allows a motion for attorney's fees to "be filed no later than 14 days after the entry of judgment." FED. R. CIV. P. 54(d)(2)(B)(i). On August 5, 2022, the plaintiffs moved for attorney's fees under 42 U.S.C. § 1988, which provides the court with discretion to award "reasonable attorney's fees" in a case brought under 42 U.S.C. § 1983 to "the prevailing party." 42 U.S.C. § 1988(b). (Docket Entry No. 113). A week after filing the motion for attorney's fees, the plaintiffs moved to amend that motion. (Docket Entry No. 114). They seek an additional $26,648 that was erroneously left out of the initial motion. The defendants oppose the motion to amend on the basis that more than 14 days had passed between the court's entry of final judgment and the motion to amend the attorney's fee motion. (Docket Entry No. 119). The defendants argue that that the request for additional fees has been waived. (Docket Entry No. 119).

The court grants the motion to amend the motion seeking attorney's fees. As an initial matter, "the time limit set forth in Rule 54 is not jurisdictional, and as such, the court may entertain a motion for costs if the purposes of Rule 54 are satisfied." *Green v. Administrators of Tulane Educ. Fund*, 284 F.3d 642, 664 (5th Cir. 2002), *overruled on other grounds by Burlington N. &*

*Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006).  One key purpose "is to ensure that parties properly notify their counterparts of their requests for attorneys' fees."  *Romaguera v. Gegenheimer*, 162 F.3d 893, 895 (5th Cir. 1998), *modified*, 169 F.3d 223 (5th Cir. 1999).  To achieve that purpose, "Rule 54(d)(2) sets out the *minimum* requirements needed to effectuate a valid notice of the request.  The failure to timely file a fee request would result in the denial of that request.  However, a court may "deem a notification sufficient if it satisfies the intended purposes of Rule 54(d)(2)." *Id.* (emphasis added).  Rule 54 allows the court to modify those requirements for filing a motion for attorney's fees.  *See* FED. R. CIV. P. 54(d)(2)(B) (starting with "[u]nless a statute or a court order provides otherwise"); *see also* FED. R. CIV. P. 54(d)(2)(D) ("By local rule, the court may establish special procedures to resolve fee-related issues . . . .").

    This court is not faced with an untimely motion for attorney's fees.  The plaintiffs timely filed their motion for attorney's fees, and a short time later, sought to amend that motion.  The proffered reason was that after filing the fee request, one of the lawyers realized that his time entries had been inaccurate.  *Cf. Zimmerman v. City of Austin*, 969 F.3d 564, 570 (5th Cir. 2020) (discussing the failure to file *any* motion for attorney's fees within the 14-day limit in Rule 54).  The plaintiffs, who had submitted their motion on a Friday, notified the defendants of the error and the updated figures the following Monday.  The court finds that the plaintiffs' error is excusable, that the defendants are not prejudiced, and that the purpose behind Rule 54 is satisfied even though the amendment was filed after the 14-day time limit.

    The motion to amend, (Docket Entry No. 114), is granted.  The plaintiffs must file their amended motion for attorney's fees as a separate docket entry no later than November 4, 2022.  The defendants must submit an amended response to the motion for attorney's fees no later than November 11, 2022.

This order resolves only the motion to amend the motion for attorney's fees. The court will separately address that motion.

SIGNED on October 21, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge