UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE RICHARD "TREY" POOL, III, TRENTON DONN "TRENT" POOL, and ACCELEVATE2020, LLC, | § § § § | |
| Plaintiffs | § § | |
| v. | § § | Civil Case No. 4:19-cv-02236 |
| CITY OF HOUSTON, and, ANNA RUSSELL, in her official capacity as the City Secretary of the City of Houston, | § § § § § | |
| Defendants. | § § | |

### VERIFICATION OF AUSTIN WHATLEY REGARDING ATTORNEYS FEES AND BILLABLE EXPENSES

I, Austin Whatley, declare as follows:

1. I have served as counsel of record for Plaintiffs in the above-numbered cause, a lawsuit filed under 42 U.S.C. §1983, alleging federal constitutional violations of Plaintiff's free speech and associational rights, since its inception.

2. I was employed as an associate attorney at Najvar Law Firm, PLLC ("NLF"), based in Houston, Texas, from November 2018 through March 2022. Since March 2022, I have been employed at as an associate attorney at Haque Law Firm PLLC.

3. I graduated from SMU School of Law, *cum laude*, in May 2018 and was licensed in Texas in November 2018. I joined NLF as an associate in November 2018.

4. I received my B.A. from Texas A&M University in 2012.

5. I am admitted to practice in the following federal courts:

      a. The Southern District of Texas;

      b. The Western District of Texas; and

      c. United States Courts of Appeals for the Fifth, Ninth, Tenth, and District of Columbia Circuits.

6. During my more than three years at NLF, my practice focused on state and federal political law, especially constitutional litigation.

7. Since becoming licensed in 2018, I have served as counsel of record, as an associate of Najvar Law Firm PLLC, or otherwise performed substantive work, on the following cases, many of which involved work both in the trial court and on appeal, as indicated:

- *Big Time Vapes, Inc. v. U.S. Food and Drug Admin.*, 427 F. Supp. 3d 831 (S.D. Miss. 2019), *aff'd*, 936 F.3d 436 (5th Cir. 2020) – representation of trade association's constitutional challenge to FDA regulations.
- *Fanning v. City of Shavano Park, Texas*, 429 F. Supp.3d 320 (W.D. Tex. 2019), *vacated*, 853 Fed. Appx. 951 (5th Cir. 2021) (mem.) – a First Amendment and state law challenge to the City of Shavano Park's sign code. I appeared and argued our dispositive motions in *Fanning* (and in a related case also challenging the sign code). We appealed dismissal of the claims and secured a vacatur of the judgment. The case is currently proceeding on remand.
- *Flores v. Whitley*, 7:18-cv-00113 (S.D. Tex., McAllen Div.) – a due process challenge to certain Texas statutes regarding the process for denying mail-in ballots for purported mismatching signatures.
- *Garza v. Escobar*, 386 F.Supp.3d 794 (S.D. Tex. 2019), aff'd, 972 F.3d 721 (5th Cir. 2020) – a First Amendment employment retaliation claim on behalf of one plaintiff against the District Attorney for the 229th Judicial District and Starr County
- *Zimmerman v. City of Austin, Texas*, 881 F.3d 378 (5th Cir. 2018), cert. denied sub nom. *Zimmerman v. City of Austin*, Tex., 139 S. Ct. 639, 202 L. Ed. 2d 492 (2018) – challenge to the City of Austin campaign-finance restrictions. NLF had already secured a declaratory judgment against two Austin charter provisions after a two-day bench trial before I was hired. I assisted as co-counsel with substantive briefing in various appellate stages thereafter.
- *Trevino, et al. v. Hidalgo County, et al.*, 15-cv-435 (S.D. Tex., McAllen Div.) – a First Amendment employment retaliation claim on behalf of eight plaintiffs against Hidalgo County and additional defendants.

- *Maverick County v. Felan*, 551 S.W.3d 229 (Tex. App.—San Antonio 2018, pet. filed) – representation of a county taxpayer seeking a writ of mandamus ordering the county to hold a tax rollback election.

- *Noteware v. Turner*, 01-18-00663-CV, 2019 WL 2180635 (Tex. App.—Houston [1st Dist.] May 21, 2019, pet. denied) – an election contest challenging the City of Houston's November 2017 election on a billion-dollar pension obligation bond measure.

- *Villarreal v. Texas S. Univ.*, 570 S.W.3d 916 (Tex. App.—Houston [1st Dist.] 2018, pet. filed), reversed, 620 S.W.3d 899 (Tex. 2021) – representation of a dismissed law student in a due process challenge to the dismissal. I assisted with research and briefing after review was granted by the Texas Supreme Court, and then with preparation for Najvar's appearance at oral argument in December 2020.

- *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022) – NLF represented five gun rights groups in an amicus brief filed in 2021. I assisted with research for the brief.

- In October 2021, NLF filed seventeen separate petitions for review of marketing denial orders issued by the Food and Drug Administration on behalf of seventeen individual clients, across five circuit courts of appeals (the Fifth, Ninth, Tenth, Eleventh, and DC Circuits). These cases were consolidated within each circuit under the following lead cases: *SWT Global Supply v. FDA*, No. 21-60762 (5th Cir.); *Nude Nicotine, Inc. v. FDA*, No. 21-71321 (9th Cir.); *Cloud 9 Vapor Products, LLC v. FDA*, No. 21-9578 (10th Cir.); *Diamond Vapor LLC v. FDA*, No. 21-13387 (11th Cir.); *Prohibition Juice Co. v. FDA*, No. 21-1201 (D.C. Cir.). I drafted the petitions for review of these agency orders, and most of the briefs filed in these appeals, with Najvar's review and revision. I also drafted requests for stays pending appeal in the Fifth and Eleventh Circuit cases, which were granted.

8. I am familiar with the rates charged by litigation attorneys in Texas and in the federal Southern District, Houston Division. The hourly rates of $250 for my legal services is reasonable and well within the typical range of hourly rates charged by litigation attorneys of equivalent experience and competence in the Southern District of Texas, Houston Division.

9. I have kept detailed contemporaneous records reflecting the billable time incurred in representing plaintiffs in this smatter, and I am personally familiar with the legal services provided in this case because I have performed the services or participated with co-counsel in performing such services. True and correct copies of these records, current through the end of my participation in the case (February 2022), are attached as Exhibit C. These statements were prepared in

accordance with the normal billing practices at NLF and reflect the exercise of billing judgment, in that only billable time and expenses are reflected on these statements. Normal billing practices of Najvar Law Firm include recording of detailed, contemporaneous timesheets to document billable tasks performed for clients. All of the hours recorded on my time sheets were actually expended as reflected, and these hours and the rate claims are reasonable.

10. I personally spent 100.40 hours on this case from June 2019 through the filing of the TRO fee petition in November 2019, and another 18.1 through the reply in support of the TRO fee motion. I excised 31.60 hours from this time in the exercise of billing judgment. This yields a total of 86.9 requested hours through Dec. 9, 2019. These records were filed with the TRO fee request in November and December 2019 in the district court, and are attached here again.

11. From March 2020 through February 2022, I recorded an additional 165.3 hours; after Najvar excised 20.7 hours in specific time entries in billing judgment (excising certain excessive, duplicative, or noncompensable time), this yields a request of 144.6 hours for this period.

12. Thus, the total requested, from June 2019 through February 2022, for my time is **231 hours**.

13. The hours I spent in this case have been necessary and reasonable for the prosecution of this action. I have carefully reviewed my own time entries, to make this affirmation.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct, and if called upon to testify I would testify competently as to matters stated herein.

Executed on August 8, 2022, in Pasco County, Florida.

/s/ Austin Whatley<br>
Austin M. B. Whatley

| Date | Matter | Description | Hours |
|---|---|---|---|
| ~~6/19/19~~ | ~~Pool v. Houston~~ | ~~Research - Examples of circulator standing. Following Buckley and Meyer, went through citations to them and made a research document detailing what cases where and were not useful.~~ | ~~2.7~~ |
| 6/19/19 | Pool v. Houston | Drafting Certificate of summons to city and russell | 1.1 |
| ~~6/19/19~~ | ~~Pool v. Houston~~ | ~~Continued circulator standing research and drafting up a research document that attempts to survey all the useful cases (good and bad) quickly detailing key points, the law in question and the holding.~~ | ~~2.2~~ |
| 6/19/19 | Pool v. Houston | Cover letter | 0.3 |
| ~~6/19/19~~ | ~~Pool v. Houston~~ | ~~Standing research promise not to enforce~~ | ~~0.4~~ |
| ~~6/24/19~~ | ~~Pool v. Houston~~ | ~~Cover letter~~ | ~~0.3~~ |
| ~~6/24/19~~ | ~~Pool v. Houston~~ | ~~Research - Consent decree examples. To model any offer off of.~~ | ~~0.8~~ |
| ~~6/24/19~~ | ~~Pool v. Houston~~ | ~~Research attorneys' fees document update~~ | ~~2.3~~ |
| 6/24/19 | Pool v. Houston | Drafting summons and related research | 1.4 |
| ~~6/25/19~~ | ~~Pool v. Houston~~ | ~~Research - Finding examples of consent decrees, paticularly looking for decrees in the § 1988 context~~ | ~~1.7~~ |
| 6/25/19 | Pool v. Houston | Driving to and from federal court to have issuance of service signed and sealed. | 1.2 |
| ~~6/25/19~~ | ~~Pool v. Houston~~ | ~~Research - Standing in the context of a government defendant promising not to enforce a statute.~~ | ~~0.7~~ |
| ~~6/25/19~~ | ~~Pool v. Houston~~ | ~~Con't research~~ | ~~1.2~~ |
| ~~6/25/19~~ | ~~Pool v. Houston~~ | ~~Research - line of cases concerning voluntary cessation~~ | ~~2.6~~ |
| ~~6/25/19~~ | ~~Pool v. Houston~~ | ~~Call with opposing counsel~~ | ~~0.1~~ |
| ~~6/25/19~~ | ~~Pool v. Houston~~ | ~~Coordination meeting and research share with Jerad, including 10 minutes of preperation~~ | ~~0.6~~ |
| 6/25/19 | Pool v. Houston | Research - Can a government entity enter into a illegal contract. I.e. would this settlement agreement, despite requiring action explicitly disallowed in the charter be valid and enforceable. | 0.4 |
| ~~6/25/19~~ | ~~Pool v. Houston~~ | ~~Read through pleadings, charter, all filed documents to get a holistic grasp in preperation for hearing on Monday~~ | ~~1.1~~ |

Mtn for Fees Exh C

| | | | |
|---|---|---|---|
| ~~6/26/19~~ | ~~Pool v. Houston~~ | ~~Research - looked through legislative history of select cases. After determining language of specific orders, looked through the original language of unconstitutional statutes and how legislature responded to rulings.~~ | ~~2.3~~ |
| 6/26/19 | Pool v. Houston | Drafting notice of appearance | 0.5 |
| 6/26/19 | Pool v. Houston | Updated Jerad on research changes and strategy discussion regarding impending city response and certain strategic decisions. | 0.3 |
| 6/26/19 | Pool v. Houston | Research of Houston charter to see if there is any explicit authority giving private parties the right to force the city to comply with plain language of law. | 1.9 |
| 6/26/19 | ~~Pool v. Houston~~ | ~~Similar research, but regarding a private parties right to file a complaint/mandamus.~~ | ~~1.5~~ |
| 6/26/19 | Pool v. Houston | Call with Co-counsel Paul and subsequent conversation | 0.5 |
| 6/26/19 | Pool v. Houston | Continued research regarding any case were mandamus was requested to invalidate a petition | 1.6 |
| 6/26/19 | Pool v. Houston | Reading through opposing party's breifing and discussion | 0.6 |
| ~~6/26/19~~ | ~~Pool v. Houston~~ | ~~Looking for examples of prior Houston strikes against non-registered voter signatures~~ | ~~0.5~~ |
| 6/26/19 | Pool v. Houston | Attempting to locate documents regarding Houston's prior enforcement (e.g. Woodfill). | 0.4 |
| ~~6/27/19~~ | ~~Pool v. Houston~~ | ~~Pouring through Woodfill record~~ | ~~1.7~~ |
| 6/27/19 | Pool v. Houston | Continued reading regarding Woodfill, pulling quotes for reply brief and looking at City's case citations (including a previous enforcement of the charter in a similar context). | 1.5 |
| ~~6/27/19~~ | ~~Pool v. Houston~~ | ~~Line by line read through brief and attempt to evaluate and rebuff every claim made by D. Looking for where we can buttress our arguments~~ | ~~2.40~~ |
| 6/27/19 | Pool v. Houston | Woodfill - finding more quotes and examples to show impending enforcement. Specifically Trent's depo. | 1.4 |
| 6/28/19 | Pool v. Houston | Research - case law in lower courts following remand by CoA on petition issues | 1.3 |
| 6/28/19 | Pool v. Houston | Drafting motion for leave, sending to Jerad for edits. | 0.8 |
| 6/28/19 | Pool v. Houston | Drafting proposed order for leave (including looking at examples). | 0.4 |

Mtn for Fees Exh C

| Date | Case | Description | Hours |
|---|---|---|---|
| 6/29/19 | Pool v. Houston | Looking for any reference of third party enforcement in the Houston Charter. Did a plain language search and read every provision mentioning petitions. Documented in research folder. | 2.3 |
| 6/29/19 | Pool v. Houston | Research - Additional state law that may grant third party standing or place additional restrictions on petitioning. E.g. TEC Ch. 277 and all of its progeny. | 1.7 |
| 6/29/19 | Pool v. Houston | Found Sherman v. Hudman, searched through its cites and progeny. | 0.9 |
| ~~6/29/19~~ | ~~Pool v. Houston~~ | ~~Research - narrowly tailoring when there is a compelling interest. E.g. Citizens in Charge, Judd...~~ | ~~1.5~~ |
| 6/29/19 | Pool v. Houston | Research - Rules for notaries. Basically looking through any source of information to determine if a notary could not sign a crossed out petition like this. | 1.7 |
| 6/30/19 | Pool v. Houston | Writing reply: Woodfill litigation pulling quotes regarding the city's depo with trent | 2.2 |
| 6/30/19 | Pool v. Houston | Writing reply: Woodfill litigation pulling quotes regarding the city's strict enforcement of the charter | 2.6 |
| ~~6/30/19~~ | ~~Pool v. Houston~~ | ~~editing supplemental verification, emailing jerad for approval, editing and sending to trent~~ | ~~0.4~~ |
| 6/30/19 | Pool v. Houston | Building table of authorities and contents (including locating pin cites). | 0.7 |
| 6/30/19 | Pool v. Houston | Revising, proofreading and filing reply | 1.9 |
| 6/30/19 | Pool v. Houston | Building curtesy copy to take to judge gilmore | 0.6 |
| ~~6/30/19~~ | ~~Pool v. Houston~~ | ~~Meeting with Trent and Paul game planning for hearing~~ | ~~0.9~~ |
| ~~6/30/19~~ | ~~Pool v. Houston~~ | ~~Getting research on voluntary cessation to Paul~~ | ~~0.4~~ |
| 7/1/19 | Pool v. Houston | Drive to USDC and turn in of curtesy copy | 0.7 |
| 7/1/19 | Pool v. Houston | Prep for hearing, included rescan of research to make sure ready for questions or can spout talking points. Concerned with voluntary cessation and third-party mandamus | 2.1 |
| 7/1/19 | Pool v. Houston | Hearing on TRO. Started ~30 late, continued review during wait. | 1.6 |
| ~~7/1/19~~ | ~~Pool v. Houston~~ | ~~Lunch with Paul and client~~ | ~~1~~ |
| 7/1/19 | Pool v. Houston | Call with Jerad to update on result and drive back to office. | 0.6 |
| 7/1/19 | Pool v. Houston | Reviewed order | 0.6 |

Mtn for Fees Exh C

| 7/1/19 | Pool v. Houston | Back to back calls with Trent and Jerad | 0.4 | |
|---|---|---|---|---|
| 7/1/19 | Pool v. Houston | Taking affidavit from order and getting it to trent. Series of emails following regarding questions. | 0.5 | |
| ~~7/2/19~~ | ~~Pool v. Houston~~ | ~~Beginning research for certificate of interested persons including FRCP 7.1, any applicable local rule, Gilmore's instructions etc.~~ | ~~1.2~~ | |
| 7/2/19 | Pool v. Houston | Drafting the disclosure | 0.4 | |
| 7/2/19 | Pool v. Houston | Drafting email to Trent | 0.3 | |
| 7/6/19 | ~~Pool v. Houston~~ | ~~Finished up COIP and sent to Paul for his additions (if any)~~ | ~~0.3~~ | |
| 7/8/19 | Pool v. Houston | Talked with trent in the office and got the petition documents from him. | 0.4 | |
| 7/9/19 | Pool v. Houston | Filed COIP | 0.2 | |
| 7/10/19 | Pool v. Houston | Research and write up of DC courts striking law and not writing it in prep for conversation with city attorneys | 0.9 | |
| 7/10/19 | Pool v. Houston | Finding supporting case law for limiting releif to simply striking the offending provision. Both overarching rules and good examples | 0.7 | |
| 8/3/19 | Pool v. Houston | Reading Defs response | 0.6 | |
| 8/8/19 | Pool v. Houston | Research - reading cases relied upon D, looking for how strong their authority is and if it is even on point. Trying to distinguish | 2.4 | |
| 8/8/19 | Pool v. Houston | Outlining reply | 1.4 | |
| 8/8/19 | Pool v. Houston | Drafting reply - rebuttal portion to Ds' evading repitition | 2.2 | |
| 8/8/19 | Pool v. Houston | Drafting reply - whether the petition mattered | 1.4 | |
| 8/8/19 | Pool v. Houston | Drafting reply - past injury/nominal damages | 3.1 | |
| 8/8/19 | Pool v. Houston | Drafting reply - future injury chilled speech | 1.8 | |
| 8/8/19 | Pool v. Houston | Drafting motion for leave. | 0.9 | |
| 8/8/19 | Pool v. Houston | Drafting proposed order for leave | 0.4 | |
| 8/8/19 | Pool v. Houston | emails to opposing counsel | 0.2 | |
| 8/8/19 | Pool v. Houston | Drafting reply - adding in portions to each section. E.g. Zimmerman part, Villareal case cites etc. | 1.9 | Total before fee motion: |
| 8/8/19 | Pool v. Houston | Final read through and filing | 0.4 | 87.10 |
| 11/8/19 | Pool v. Houston | Discussion with Jerad about whether when we file the tty fee motion and what its contents need to be | 0.3 | |
| 11/8/19 | Pool v. Houston | outline of contents for atty fee motion | 0.5 | |

Mtn for Fees Exh C

| Date | Case | Description | Hours | |
|---|---|---|---|---|
| 11/8/19 | Pool v. Houston | Drafting fee motion. Going through previous documents and putting together a facts summary | 1.7 | |
| 11/8/19 | Pool v. Houston | Going through Jerad and my hours line by line. Looking to excise any potentially duplicative work. | 0.9 | |
| 11/8/19 | Pool v. Houston | Drafting prevailing party case law portion of motion | 2.1 | |
| 11/8/19 | Pool v. Houston | Adding lodestar and compensable fees section | 0.5 | |
| 11/8/19 | Pool v. Houston | compiling everyone's hours | 1.4 | |
| 11/8/19 | Pool v. Houston | Drafting application section and calculating fees etc. | 1.6 | |
| 11/8/19 | Pool v. Houston | Drafting Austin's declaration | 0.3 | |
| 11/8/19 | Pool v. Houston | Drafting Jerad's declaration | 0.3 | |
| 11/9/19 | Pool v. Houston | Discussion w/ Jerad about Rossi's documents etc. | 0.2 | |
| 11/9/19 | Pool v. Houston | Final edits to Jerad and austin's declarations | 0.4 | |
| 11/9/19 | Pool v. Houston | Fixing citations to the record in motion | 0.5 | |
| 11/9/19 | Pool v. Houston | General editing and revision. Removing extra content; changing parentheticals; cite checking | 1.8 | |
| 12/12/19 | Pool v. Houston | Implementing final edits to the fee motion. | 0.2 | Total from fee motion: |
| 12/12/19 | Pool v. Houston | Going through final hours. Updating declarations etc. | 0.6 | 13.3 |

| Worked Hours: | 100.40 | Total Hours Requested: | 68.80 |
|---|---|---|---|
| Excised Hours: | 31.60 | | |

Note: entries with strikethough are excised hours as an exercise of billing judgment. Entries in regular type are requested.

Mtn for Fees Exh C

| Hours Tracking ||||
|---|---|---|---|
| Date | Matter | Description | Hours |
| 11/12/19 | Pool v. Houston | Final edits and inputting new numbers after all the above. NOT REQUESTED IN INITIAL MOTION | 0.2 |
| 12/3/19 | Pool v. Houston | Corrections from Najvar | 0.1 |
| 12/4/2019 | Pool v. Houston | Read through city's resp. | 0.5 |
| 12/4/2019 | Pool v. Houston | Strategy discussion with Najavr on how to reply to city | 0.3 |
| 12/4/2019 | Pool v. Houston | Outlining City's arguments and our rebuttals | 0.4 |
| 12/4/2019 | Pool v. Houston | Discussion with Najvar about research and specific cases | 0.2 |
| 12/5/2019 | Pool v. Houston | Research - collaterally attacking merits on attorneys' fees motion; Drafting - Starting reply and giving heading/section structure | 0.9 |
| 12/5/2019 | Pool v. Houston | Drafting - standing portion | 0.3 |
| 12/5/2019 | Pool v. Houston | Drafting - rebuttal to specific citations by City; Plaintiffs' hours are reasonable section | 1.6 |
| 12/5/2019 | Pool v. Houston | Drafting - Research prevailing parties standards; general standards; specifically TROs' effects etc. | 1 |
| 12/6/2019 | Pool v. Houston | Drafting - Beginning prevailing party section | 1.2 |
| 12/6/2019 | Pool v. Houston | Research and Drafting - Cooksy v. Futrell and other case law regarding credible threat, promise not to enforce, cessation; Seals v. Mcbee | 1.5 |
| 12/6/2019 | Pool v. Houston | Drafting - Going through exhibits looking for evidence to put into reply and strengthen our arguments | 0.6 |
| 12/6/2019 | Pool v. Houston | Drafting and research - Plaintiffs' are prevailing parties, judicially sanctioned relief; additional out of circuit research along the lines of Black Heritage Soc. | 1.1 |
| 12/8/2019 | Pool v. Houston | Drafting and research - Drearmore element two; Drearmore element three; adding in a RIA section about Black Heritage Soc. | 0.9 |
| 12/9/2019 | Pool v. Houston | Research - duplication of work when multiple attorneys working on the same matter | 0.7 |
| 12/9/2019 | Pool v. Houston | Drafting - duplicative work portion of argument; supplemental research to find supporting case. | 1.2 |
| 12/9/2019 | Pool v. Houston | Drafting - adding additional argument on why work was not duplicative and delegation was effective; adding discussion on chain of events and why the city did not give adequate offers | 1.5 |
| 12/9/2019 | Pool v. Houston | Drafting - Full read through, editing sections, citation adjustment, expounding on the applied sections. | 1.3 |
| 12/9/2019 | Pool v. Houston | Preparing and updating current hours request | 0.2 |

| 12/9/2019 | Pool v. Houston | Research - looking for case law along the lines of Davis v. Abbott to make a similar point | 0.6 |
| 12/9/2019 | Pool v. Houston | Drafting - going over Najvar edits and implementing | 0.4 |
| 12/9/2019 | Pool v. Houston | Drafting - Editing | 0.2 |
| 12/9/2019 | Pool v. Houston | Drafting - reworking prevailing parties section | 0.4 |
| 12/9/2019 | Pool v. Houston | Drafting - condensing sections that can be more punchy | 0.3 |
| 12/9/2019 | Pool v. Houston | Drafting - calculating additional time spent; writing updated fees portion. | 0.5 |
| **New Worked:** | **18.1** | **New hours requested for fee motion:** | **16.29** |
| **New Excised:** | **10%** | | |

Mtn for Fees Exh C                              Appx. H

| DATE | ACTIVITY | HOURS | EXCISED HRS | HRS Requested |
|---|---|---|---|---|
| 3/4/2020 | Filing Whatley attorney appearance in CA5 | 0.2 | | |
| 3/4/2020 | Organizing briefs and Record Excerpts to order paper copies for CA5; place order with printer | 0.3 | | |
| | Finishing getting paper copies out | 0.6 | | 0.6 BJ |
| 4/24/2020 | Begin outline of points for reply brief | 0.5 | | |
| 4/24/2020 | Outlining City's arguments and our rebuttals for reply | 1.8 | | |
| 4/25/2020 | Outlining reply arguments: addressing Babbit | 1.1 | | |
| 4/25/2020 | Outlining reply arguments: sua sponte argument | 0.9 | | |
| 4/26/2020 | Outlining reply arguments: future injunctive relief portion | 2.2 | | |
| 4/28/2020 | Finishing outline | 1.3 | | |
| 4/30/2020 | Drafting: shelling, heading, topic sentences, and other beginning steps | 0.9 | | |
| 4/30/2020 | Drafting: sua sponte dissmissal standard and argument that sua spone dismissal was inappropriate for lack of ability to address the merits | 1.4 | | |
| 4/31/2020 | Drafting: Mootness arguments; clarifying there was no "concession;" putting key capable of repitition points; drafting voluntary cessation argument | 3.2 | | |
| 4/31/2020 | Drafting: Standing arguments; clarifying when the test applies; past enforcment in woodfill | 2.6 | | 2.6 BJ |
| 5/5/2020 | Finishing off reply draft one; adding record cites etc. | 0.7 | | |
| 5/6/2020 | Research: fleshing out case law regarding mootness | 1.2 | | |
| 5/6/2020 | Drafting: "capable of repetition yet evading review" (CORYER) section (exception to mootness) | 2.4 | | |
| 5/6/2020 | Drafting: expanding mootness argument | 2 | | |
| 5/6/2020 | Drafting: reorganizing structure of arguments | 0.8 | | |
| 5/7/2020 | Drafting: returning to mootness sections and clarifying key points | 2.6 | | |
| 5/7/2020 | Drafting: continued drafting and refinement | 1.5 | | |
| 5/7/2020 | Drafting: revise argument on nominal damages | 1.2 | | |
| 5/7/2020 | Complete Reply draft version three | 0.4 | | |
| 5/8/2020 | Adding citations: e.g. Gratz, Lyons; removing information regarding Equal Rights Ordinance (from Woodfill litigation) for space; clarifying petition circulation requirements | 1.5 | | |

Mtn for Fees Exh C

Hrs. Requested

| Date | Description | Hours | Adj. |
|---|---|---|---|
| 5/8/2020 | Researching additional cites for credible threat and what is objectively reasonable fear of enforcement to support standing in our context (First Amendment rights and self censorship). Adding to sections in reply | 2.2 | |
| 5/8/2020 | Going through checking/adding/fixing citations | 1.3 | |
| 5/8/2020 | Working with Najvar to finish reply brief | 0.5 | |
| | **WHATLEY THROUGH REPLY BRIEF - MERITS APPEAL** | **35.3** | − 3.2 = 32.1 |
| 5/22/2020 | Reading through district court order denying atty fees for TRO phase | 0.3 | 0.3 BJ |
| 7/17/2020 | TRO Fee appeal: Getting paper copies together; ordering | 0.3 | |
| 7/20/2020 | TRO Fee appeal: Send paper copies of briefs to CA5 | 0.9 | 0.9 |
| | **WHATLEY TRO FEE APPEAL** | **1.2** | − 0.3 = |
| 9/30/2020 | Emailing with Najvar about merits appeal panel selection | 0.1 | 0.1 BJ |
| 10/7/2020 | Preperation and research for Najvar's argument | 1.4 | |
| 10/23/2020 | Reading through merits panel opinion | 0.8 | 0.1 |
| | **WHATLEY - MERITS APPEAL ORAL ARGUMENT** | **2.3** | − 0.4 = 2.2 |
| | **AFTER REMAND:** | | |
| 3/18/2021 | Reading City's MTD and beginning thoughts on response | 1.2 | |
| 3/19/2021 | Listening to status conference and taking notes; follow up with J. Najvar | 0.5 | 0.5 BJ |
| 3/19/2021 | Phone call with Rossi | 0.4 | 0.4 BJ |
| 3/20/2021 | Finishing motion for extension and filing | 1.3 | 1.3 BJ |
| 3/22/2021 | Research: Came across case law applicable to arguments concerning Buckley's effect on Houston provision while working for another case. Stopped, read through this line of cases and added update to research document. | 0.7 | |
| 3/30/2021 | Review and revise P. Rossi's draft of memorandum in support of amending complaint. Submit to J. Najvar for review | 1.4 | |
| 3/31/2021 | Revising draft Second Amended Complaint | 2.3 | |
| | **WHATLEY - THROUGH SECOND AMD COMPL** | **7.8** | − 2.2 = 5.6 |
| 4/6/2021 | Research mootness (Voluntary cessation) - going through citations on this topic found in the MTD and older ones relied upon by houston | 2.1 | |
| 4/6/2021 | Research voluntary cessation | 1.7 | |

Mtn for Fees Exh C

| Date | Description | Hours | Notes |
|---|---|---|---|
| 4/7/2021 | Research voluntary cessation in circumstances where there is no repeal of the underlying statute/law. | 4.1 | |
| 4/7/2021 | Research: issues concerning standard of review and burdens | 0.7 | |
| 4/7/2021 | Outlining, writing memo/thoughts down regarding conclusions on VC theory and arguments | 2.3 | |
| 4/8/2021 | Research MTD: grabbing case law regarding specific concepts including touching up 12(b)(1) standard | 3.8 | |
| 4/8/2021 | Continue revising portions of response to MTD | 1.5 | |
| 4/8/2021 | Response to MTD: adding selected citations and revising paragraphs to come within page limit | 1.6 | |
| 4/8/2021 | Finishing up MTD; last minute check for specific point in Speech First v. Fenves | 0.8 | |
| 4/9/2021 | Planning for future briefing regarding City's MTD and Plaintiffs' motion for leave to amend complaint, while issues fresh | 0.2 | |
| | **WHATLEY - THROUGH RESPONSE TO MTD** | **18.8** | — 0.0 = 18.8 |
| 4/16/2021 | Atty Fee Appeal - Principal Brief | 8.4 | |
| 4/17/2021 | Atty Fee Appeal - Principal Brief | 4.5 | |
| 4/19/2021 | Atty Fee Appeal - Principal Brief | 9.8 | |
| 4/20/2021 | Atty Fee Appeal - Principal Brief | 8.9 | |
| 4/21/2021 | Atty Fee Appeal - Principal Brief | 9.5 | |
| | **WHATLEY - THROUGH ATTY FEE APPEAL** | **41.1** | — 10.0 = 31.1 |
| 5/1/2021 | Review City's response to mtn for leave to amend complaint; begin noting issues/thoughts for reply | 1.6 | |
| 5/1/2021 | Reply Mtn for leave - reading our motion, response, writing beginning outline of reply | 3.5 | |
| 5/1/2021 | Reply Mtn for leave: continued thoughts; reading background case law | 1.2 | |
| 5/2/2021 | Reply Mtn for leave: reading through the City's cases/building outline | 2.6 | |
| 5/3/2021 | Reply Mtn for leave: continuing case readings/building outline | 3.8 | |
| 5/3/2021 | Reply Mtn for leave: drafting background section; research; shelling out rest of document; prejudice | 2.2 | |
| 5/4/2021 | Reply Mtn for leave: drafting. Centered mostly around futility arguments | 3.3 | |
| 5/4/2021 | Reply Mtn for leave: drafting. Discussion with Najvar following review; implementing suggestions | 2.1 | |

Mtn for Fees Exh C

| Date | Description | Hours | Adjustment |
|---|---|---|---|
| 5/4/2021 | Reply Mtn for leave: drafting. Returned to Houston's long string cite to reread cases and drafted better distinguishing section | 3.3 | |
| 5/5/2021 | Reply Mtn for leave: drafting; adjusting certain citations regarding standard of leniancy | 0.9 | |
| 5/5/2021 | Reply Mtn for leave: drafting. Bouncing between sections of document tightening language, attempting to bring more clarity | 2.2 | |
| 5/5/2021 | Reply Mtn for leave: drafting. Adjusting prejudice section, including standard and research associated with this argument; removing certain portions | 4.1 | |
| 5/5/2021 | Reply Mtn for leave: Finishing Reply. Includes final read through; citation adjustments, reprhrasing etc. | 1.1 | |
| | **WHATLEY - THRU REPLY IN SUPPORT OF MTN FOR LEAVE TO AMEND COMPLAINT** | **31.9** | − 0.0 = 31.9 |
| 5/19/2021 | Reading the City's Reply and motion for extension | 1.6 | 1.6 BJ |
| 7/30/2021 | Research and Drafting: response to unconstitutional conditions argument | 3.1 | |
| 7/30/2021 | Research and Drafting: equal protection argument | 2.5 | |
| 8/11/2021 | Drafting letter responding to City's letter argument re page limits | 1.9 | |
| 8/12/2021 | Finish and file letter advisory regarding page limits | 0.9 | |
| 8/31/2021 | Drafting discovery | 1.8 | |
| 12/14/2021 | Research: City's specific objections to Plaintiffs' MSJ Exhibits and response | 3.4 | |
| 12/15/2021 | Research: City's specific objections and response | 4.5 | |
| 12/15/2021 | Drafting: argument regarding the City's objections | 1.4 | |
| 1/21/2022 | Assisting J. Najvar with dispositive motions hearing preparation: Research - Voluntary cessation when a similar law has been declared unconstitutional; repeal by implication as in McCorvey v Hill | 3.6 | |
| 1/25/2022 | Hearing prep | 0.7 | 0.7 BJ |
| 1/25/2022 | Hearing and follow up with Najvar | 1.5 | 1.5 BJ |
| 2/22/2022 | Reading through order and taking notes | 1.1 | 1.1 BJ |
| | **WHATLEY - THROUGH SUMMARY JUDGMENT ORDER** | **26.9** | − 4.9 = 22 |

Tot = 165.3 − 20.7 = 144.6

Mtn for Fees Exh C