United States District Court
Southern District of Texas
**ENTERED**
January 16, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOE RICHARD "TREY" POOL, III, TRENTON DONN "TRENT" POOL, and ACCELEVATE2020, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF HOUSTON and ANNA RUSSELL, in her official capacity as Secretary of the City of Houston, <br><br> Defendants. | § § § § § § § § § § § § § CIVIL ACTION NO. H-19-2236 |

**ORDER ON REMAND**

This case has been appealed to the Fifth Circuit twice. The first time, the Fifth Circuit held that the plaintiffs had standing to challenge City of Houston Charter provisions allowing only registered voters to circulate petitions for initiatives and referenda, even though the City conceded that the provisions were unconstitutional. *Pool v. City of Houston ("Pool I")*, 978 F.3d 307, 314 (5th Cir. 2020). The second time, the Fifth Circuit held that there was no Article III "case or controversy" because "all parties have agreed from the beginning of this case that Houston's voter registration provisions governing circulators are unconstitutional." *Pool v. City of Houston ("Pool II")*, 87 F.4th 733 (5th Cir. 2023).

The Fifth Circuit's second judgment requires the vacation of this court's declaratory judgment—entered after the Fifth Circuit held that the plaintiffs had standing—that the voter-registration provisions were unconstitutional. *Pool II*, 87 F.4th at 734. (Docket Entry No. 100). The mandate also directs the court to dismiss the case without prejudice. *Pool II*, 87 F.4th at 734.

The City moves for an order (1) vacating the court's award of attorneys' fees and expenses to the plaintiffs, (Docket Entry No. 132); (2) finding that the plaintiffs "are not prevailing parties" and that "any money received by Plaintiffs from [the City] pursuant to the Court's award of attorneys' fees is improperly held by Plaintiffs, belongs to Defendants, and should be reimbursed to [the City]; and (3) ordering that the plaintiffs refund all attorneys' fees or expenses paid to the City. (Docket Entry No. 135 at 1–2).

The court agrees with the City's reasoning. It follows from the Fifth Circuit's holding of no "case or controversy" that the court was without jurisdiction not only to grant declaratory relief, but also to award the plaintiffs attorneys' fees based on that declaratory relief. The order awarding attorneys' fees is vacated. (Docket Entry No. 132). The court does, however, retain ancillary jurisdiction to order the plaintiffs to return the money that they received from the City. *White v. New Hampshire Dep't of Empl.*, 455 U.S. 445, 454 (1982); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) ("It is well established that a federal court may consider collateral issues after an action is no longer pending. For example, district courts may award costs after an action is dismissed for want of jurisdiction."); *O'Donnell v. Saul*, 983 F.3d 950, 956 (7th Cir. 2020). The plaintiff is ordered to return all awards of attorneys' fees and expenses received under the order awarding fees, totaling $116,359.69. (Docket Entry Nos. 135-1, 135-4).

Consistent with the Fifth Circuit's mandate, this case is dismissed without prejudice.

SIGNED on January 16, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge