United States District Court
Southern District of Texas
**ENTERED**
March 04, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| JOE RICHARD "TREY" POOL, III, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § | CIVIL ACTION NO. H-19-2236 |
| CITY OF HOUSTON, et al., | § § § | |
| Defendants. | § § § § | |

**ORDER ON REMAND**

This case has been appealed to the Fifth Circuit twice. The first time, the Fifth Circuit held that the plaintiffs had standing to challenge City of Houston Charter provisions allowing only registered voters to circulate petitions for initiatives and referenda, even though the City conceded that the provisions were unconstitutional. *Pool v. City of Houston ("Pool I")*, 978 F.3d 307, 314 (5th Cir. 2020). The second time, the Fifth Circuit held that there was no Article III "case or controversy" because "all parties have agreed from the beginning of this case that Houston's voter registration provisions governing circulators are unconstitutional." *Pool v. City of Houston ("Pool II")*, 87 F.4th 733 (5th Cir. 2023).

The Fifth Circuit's second judgment requires this court to vacate the declaratory judgment—entered after the Fifth Circuit held that the plaintiffs had standing—that the voter-registration provisions were unconstitutional. *Pool II*, 87 F.4th at 734. The mandate also directs the court to dismiss the case without prejudice. *Id.*

The City moves for an order: (1) vacating the court's award of attorneys' fees and expenses to the plaintiffs, (Docket Entry No. 132); (2) finding that the plaintiffs "are not prevailing parties"

and that "any money received by Plaintiffs from [the City] pursuant to the Court's award of attorneys' fees is improperly held by Plaintiffs, belongs to Defendants, and should be reimbursed to [the City]; and (3) ordering that the plaintiffs refund all attorneys' fees or expenses paid to the City. (Docket Entry No. 135 at 1–2).

The plaintiffs oppose the City's motion on the ground that the fee award must stand, even though the declaratory judgment on which it is based must be vacated, because (1) *Pool II* did not undermine *Pool I*'s holding that the plaintiffs had standing; (2) the City did not appeal the fee award; (3) ordering the plaintiffs to return the fee award would be prejudicial; and (4) the plaintiffs are "prevailing parties" entitled to attorneys' fees notwithstanding *Pool II*. (Docket Entry No. 142).

Based on the record, motion, response, reply, and applicable law, the court rejects the plaintiffs' arguments and grants the City's motion. The reasons are set out below.

I.  **Background**

When this action was filed, Houston's Charter provisions did not permit a person to circulate initiative and referendum petitions unless the person was a resident and registered voter of the City of Houston. (Docket Entry No. 7 at ¶ 23). The plaintiffs, who are not Houston residents, sued the City and City Secretary for declaratory and injunctive relief. They sought a declaratory judgment that the Charter provisions were unconstitutional. (*Id.* at ¶ 66(b)). They also sought preliminary and permanent injunctions prohibiting the City and its Secretary from enforcing the Charter provisions. (*Id.* at ¶¶ 66(a), (c)).

In July 2019, Judge Vanessa D. Gilmore granted the plaintiffs' motion for a temporary restraining order, enjoining the City and the City Secretary from enforcing the residency and voter registration requirements against petitions that the plaintiffs planned to circulate in the Summer of

2019.  (Docket Entry No. 15).  Once the plaintiffs finished circulating those petitions, Judge Gilmore, on her own, dismissed the plaintiffs' claims as moot.  (Docket Entry No. 20).  The plaintiffs moved to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), but Judge Gilmore concluded that there was no longer a live controversy and denied the motion. (Docket Entry No. 33).

The plaintiffs appealed, arguing that there was a live case or controversy because they had demonstrated an injury that supported standing with respect to future petitions.  The Fifth Circuit reversed, holding that the plaintiffs had standing to seek declaratory and injunctive relief for future petitions, even though the City admitted that the Charter's residency and voting requirements were an unconstitutional "zombie" law that could not, and would not, be enforced.  (Docket Entry No. 45).  *Pool I*, 978 F.3d 307.

In December 2020, the City Council enacted Ordinance 2020-1033, which states that "the City of Houston accepts petitions circulated by individuals who are not registered to vote in the City, provided the circulators complete the 'Affidavit for Circulators Who Are Not Registered Voters of the City of Houston.'"[1]  (Docket Entry No. 95 at 14).  The City also inserted an "Editor's note" below the challenged Charter provisions, stating that "the City will accept petitions circulated by individuals that are not residents of the City or are not registered to vote in the City."

In February 2022, after the case had been reassigned, this court granted partial summary judgment for the plaintiffs.  (Docket Entry No. 100).  The court ruled that the plaintiffs had not

---

[1] The Affidavit form states that an individual "who is not registered to vote in the City of Houston" may circulate petitions in Houston, provided that he or she: (1) agrees to "subject [him or herself] to the jurisdiction of the Courts of Texas in connection with any allegation of fraud or misrepresentation associated with the circulation of any initiative, referendum, or recall petition or the collection of signatures for any initiative . . . in the City of Houston"; (2) represents that he or she has "never been convicted of the crimes of fraud or misrepresentation"; and (3) agrees to "make [himself or herself] available in person in Houston, at [his or her] own expense, within 72 hours of a request by the City of Houston concerning matters encompassed by [the] affidavit."  (Docket Entry No. 95 at 15).

3

demonstrated a need for injunctive relief because there was no immediate threat that the City would enforce the Charter provisions against them. (*Id.* at 3). But the court granted declaratory relief that "the Houston Charter unconstitutionally 'imposes a burden on political expression' protected by the First Amendment 'that the [City] has failed to justify,' by limiting petition circulators to only qualified voters." (*Id.* at 3–4). Because "[t]his court's declaratory judgment gives the City an opportunity to enact an ordinance," the court ordered the City to advise "if it plans to reenact or prepare a new ordinance in light of this opinion." (*Id.* at 39). In June 2022, the City notified the court that it had "passed and adopted Ordinance No. 2022-455 in light of this Court's Memorandum and Opinion." (Docket Entry No. 108). Ordinance No. 2022-455 eliminated the qualified voter requirement and allowed non-residents and non-registered voters to circulate petitions in Houston. (Docket Entry No. 108-1 at 1).

In July 2022, the court issued a final judgment and dismissed the case with prejudice. (Docket Entry No. 111). The plaintiffs moved to alter the final judgment to "include, and set out the precise terms of, the declaratory judgment that plaintiffs were granted." (Docket Entry No. 116 at 1). The court denied the motion, ruling that the declaratory judgment contained in the February 2022 memorandum and opinion was binding and did not need to be repeated in the final judgment. (*Id.* at 2). The plaintiffs appealed the final judgment and the denial of the motion to alter. (Docket Entry No. 123).

In July 2023, the court granted the plaintiffs' motion for attorneys' fees and expenses. (Docket Entry No. 132). The court concluded that the plaintiffs were "prevailing parties" under 42 U.S.C. § 1988(b) because they had obtained "both a TRO and a declaratory judgment" that the ordinance was unconstitutional, and the City had adopted Ordinance No. 2022-455 "[i]n direct response to" the court's February 2022 memorandum and opinion. (*Id.* at 11). The court did not

4

award the plaintiffs "the full amount they request[ed]" because part of the plaintiffs' success was owing to "the City's own work to address the issue." (*Id.* at 14).

In January 2024, the Fifth Circuit vacated the final judgment and remanded to this court with instructions to dismiss the suit without prejudice. (Docket Entry No. 134). The court held that no Article III case or controversy was present because "all parties have agreed from the beginning of this case that Houston's voter registration provisions governing circulators are unconstitutional." (*Id.* at 2) (quotation marks omitted).

The City then moved for entry of an order on remand:

1. dismissing the plaintiffs' claims without prejudice;

2. vacating the award of attorneys' fees and expenses in this Court's order dated July 24, 2023, because the plaintiffs are not "prevailing" parties pursuant to 42 U.S.C. Section 1988;

3. finding that the plaintiffs are not prevailing parties and are not entitled to any fees or cost in this litigation, that any money received by the plaintiffs from the defendants from the court's award of attorneys' fees is improperly held by the plaintiffs, belongs to the defendants, and should be reimbursed to the defendants; and

4. ordering that the plaintiffs refund all amounts paid under the court's award of attorneys' fees.

(Docket Entry No. 135 at 1–2).

The court granted the motion before the plaintiffs had filed a response in opposition. (Docket Entry No. 136). The court vacated that order in order to allow the plaintiffs to respond. (Docket Entry No. 139). The plaintiffs have responded, the City has replied, and the motion is now ripe for decision.

II.     Analysis

The parties agree that the Fifth Circuit's mandate requires the court to dismiss this case without prejudice. They disagree about whether the court should also vacate the award of fees and

5

expenses and order the plaintiffs to return the award to the City. The court considers each of the plaintiffs' arguments against disturbing the award, finding each without merit.

### A.    Reconciling *Pool I* and *Pool II*

The plaintiffs argue that the court must "give effect" to both *Pool I* and *Pool II*. (Docket Entry No. 142 at 6). They contend that *Pool I* (which held there was standing) and *Pool II* (which held there was no case or controversy) can be harmonized by reading *Pool II* "as holding that no 'case or controversy' existed at the time *Pool II* was decided because the case had become moot." (*Id.* at 11).

The argument, and its implication for the fees issue, is unclear. The plaintiffs' position seems to be this: if there was no case or controversy at the time of *Pool I*, the Fifth Circuit would not have held that the plaintiffs had standing. Therefore, the reason for *Pool II*'s "no case or controversy" holding must have materialized after *Pool I*. It follows that the plaintiffs are entitled to some fees and expenses—at least those they incurred while there was still a case or controversy.

The plaintiffs' reading of *Pool II* as holding that the case had become moot since *Pool I* is inconsistent with the opinion. The Fifth Circuit observed that: (1) "where the parties agree on a constitutional question, there is no . . . case or controversy"; and (2) "all parties have agreed from the beginning of this case" that the provisions "are unconstitutional." (Docket Entry No. 134 at 1–2). It follows that there has been no case or controversy "from the beginning of this case."

### B.    Jurisdiction

The plaintiffs next argue that, because the City did not appeal the fee award and cannot timely do so now, the court has no jurisdiction to vacate the fee award. (Docket Entry No. 142 at 12). They also offer the slightly different argument that, because "the fee award [] was not part of the merits appeal in *Pool II*[,] . . . it cannot be part of the remand." (*Id.*).

6

Neither argument is persuasive. As the City points out, the cases the plaintiffs cite concern appellate jurisdiction over untimely appeals from fee awards. These cases have no bearing on whether the court has jurisdiction to vacate the fee award here. Further, the issue is not whether *Pool II* reviewed the fee award (it did not), but whether *Pool II*'s mandate requires vacation of the award. *See Gen. Univ. Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 453 (5th Cir. 2007) ("[O]n remand the district court must implement both the letter and the spirit of the appellate court's mandate[.]") (quotation marks and quoting reference omitted).

The court finds that it has jurisdiction to vacate the fee award and order the award returned to the City, even though *Pool II* held that there is no case or controversy. "[D]istrict courts may award costs after an action is dismissed for want of jurisdiction" and may reverse awards issued when jurisdiction was incorrectly supposed to exist. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395, 110 S. Ct. 2447, 2455, 110 L. Ed. 2d 359 (1990). This authority follows from the collateral nature of fee awards; issuing or reversing a fee award "does not raise the issue of a district court adjudicating the merits of a 'case or controversy' over which it lacks jurisdiction." *Id.*; *Willy v. Coastal Corp.*, 503 U.S. 131, 138, 112 S. Ct. 1076, 1080–81, 117 L. Ed. 2d 280 (1992).

### C.     Prejudice

The plaintiffs argue that even if the court has jurisdiction to vacate the fee award and order it returned to the City, the court should not do so because it would be unduly prejudicial. (Docket Entry No. 142 at 14). The plaintiffs claim they would be prejudiced in two ways. First, they allege that they acted in reliance on the City's "lack of any timely appeal" from the fee award by removing the award from "the client trust account" once the time for appeal had run. (*Id.*). Second, they allege that if the City had appealed the fee award, they would have cross-appealed, challenging the

7

court's decision to award only part of the fee requested. (*Id.* at 15). This cross-appeal, plaintiffs speculate, "could have prompted settlement negotiations." (*Id.*).

Speculating on an unexplored possibility of settlement negotiations does not show prejudice. Having to return money awarded as part of an overturned judgment is not unfair prejudice. Having to return to the City money that the plaintiffs moved from a "client trust account" to an unspecified recipient is not unfair prejudice.

### D. Prevailing Party Status

The plaintiffs next argue that *Pool II* does not undermine their status as prevailing parties under 42 U.S.C. § 1988(b). According to the plaintiffs, their status as prevailing parties "is based on the TRO and the summary judgment order and the City's responsive action(s), and everything that makes Plaintiffs prevailing parties was accomplished before final judgment." (Docket Entry No. 142 at 19).

It would be inconsistent with *Pool II* to draw a temporal line at the entry of final judgment and permit the plaintiffs to recover fees incurred up to that line. As explained, *Pool II* held that no case or controversy existed from the outset because the parties agreed from the beginning that the ordinance provisions at issue were unconstitutional. *Pool II* did not hold that a case or controversy existed until final judgment was entered.

True, the plaintiffs' suit was a factor in the City's enactment of Ordinance 2022-455. (Docket Entry No. 132 at 11). The court ruled in granting the fee award that Ordinance 2022-455 satisfied the second and third *Buckhannon*[2] factors: the parties' relationship was materially altered in a way that directly benefited the plaintiffs. (Docket Entry No. 132 at 11). However, the "judicially sanctioned relief" that the court ruled had satisfied the first *Buckhannon* factor—the

---

[2] *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602, 121 S. Ct. 1835, 149 L.Ed.2d 855 (2001).

8

TRO and declaratory judgment—was vacated by the Fifth Circuit. Or, what amounts to the same thing, the jurisdictional ground for that relief never existed.

*Doe v. University of Michigan*, 78 F.4th 929 (6th Cir. 2023), is analogous. That case involved a university student accused of sexually assaulting another student. The university placed a temporary hold on the student's account that prevented him from obtaining his transcript while the university investigated the allegations. *Id.* at 935. The student sued, and the district court ordered the university to release the transcript. *Id.* at 936. The district court also ordered the university to provide the student with a hearing and the opportunity to cross-examine the complainant. *Id.* The university then changed its official policy for adjudicating cases of sexual misconduct to allow for a hearing and an opportunity for the accused to question the accuser. *Id.* at 936–37. The student amended his complaint, adding a due process challenge to the university's new policy. *Id.* at 937. The district court entered summary judgment in the student's favor, ruling that the university's original and new policies violated the student's due process rights because the former did not provide for a hearing and the latter made "the condition[s] under which a hearing is required" too vague. *Id.* at 938. The court then awarded attorneys' fees to the student under 42 U.S.C. § 1988(b). *Id.* at 939.

On appeal, the Sixth Circuit began by noting that "an appellate court must vacate an award of attorney's fees if the district court did not have subject matter jurisdiction over the litigation." *Id.* at 939 (quoting *Lynch v. Leis*, 382 F.3d 642, 648 (6th Cir. 2004)). The court held that the district court had jurisdiction over the student's due process claim arising from the denial of access to his transcript. *Id.* at 943. The court concluded, however, that there was no jurisdiction over the student's due process challenge to the university's policies for adjudicating sexual misconduct cases. The challenge to the new policy was not ripe because the university had not yet concluded

9

the investigation and disciplinary process, making it "perfectly possible that the investigator would find in [the student]'s favor." *Id.* at 944, 949–50. The challenge to the old policy had become moot when the university adopted the new policy. *Id.* at 945–46.

Because the district court had jurisdiction over only the claim for release of the transcript, the Sixth Circuit held that the student was a "prevailing party" as to that claim only. *Id.* at 950–54. The student could not "be a prevailing party" as to the other claims "because the district court never had subject-matter jurisdiction over th[o]se claims." *Id.* at 954. The Sixth Circuit accordingly ordered the attorneys' fees award vacated insofar as it was based on those claims. *Id.* at 954–55.

The court agrees with the reasoning in *Doe* and finds it applicable here. *Pool II* held that the plaintiffs' claims present no case or controversy because "all parties have agreed from the beginning of this case that Houston's voter registration provisions governing circulators are unconstitutional." (Docket Entry No. 134 at 2) (quotation marks omitted). It follows that this court never had subject matter jurisdiction over the plaintiffs' claims, so the plaintiffs cannot be prevailing parties.

It is for this reason that the plaintiffs' reliance on *Dearmore v. City of Garland*, 519 F.3d 517 (5th Cir. 2008), is misplaced. *Dearmore* held that a plaintiff who obtains a preliminary injunction qualifies as a prevailing party under 42 U.S.C. § 1988(b) only if the injunction "causes the defendant to moot the action, [] prevent[ing] the plaintiff from obtaining final relief on the merits." *Id.* at 524. *Pool II* did not hold that the City's actions mooted the case, but instead that the parties' agreement on the constitutional question caused a jurisdictional defect *ab initio*.

In this situation, Federal Rule of Civil Procedure 60(b) provides two grounds for the relief the City seeks. The court "may relieve" the City from the fee-shifting order because the order is

void, FED. R. CIV. P. 60(b)(4), or because it is "based on an earlier judgment that has been reversed or vacated," *id.* (b)(5).  *See* WRIGHT & MILLER, FED. PRAC. & PROC. § 2862 (3d ed.) (a judgment is void when "the court that rendered it lacked jurisdiction of the subject matter"); *Flowers v. S. Reg'l Physician Services, Inc.*, 286 F.3d 798, 801–03 (5th Cir. 2002) (upholding the district court's vacation of a fee award under Rule 60(b)(5) after the damages award on which the fee award was based had been vacated on appeal).  The court finds that Rule 60(b) relief is appropriate.

### III.  Conclusion

The City's motion is granted.  (Docket Entry No. 135).  The order awarding fees and expenses to the plaintiffs is vacated.  (Docket Entry No. 132).  The plaintiffs are ordered to return the fees and costs received under the award, totaling $116,359.69, to the City.  Consistent with the Fifth Circuit's mandate, this case is dismissed without prejudice.

SIGNED on March 4, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge