**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JOE RICHARD "TREY" POOL, III, TRENTON DONN "TRENT" POOL, and ACCELEVATE2020, LLC, *et al.*,** | § | |
| **Plaintiffs,** | § | |
| | § | **CIVIL ACTION** |
| **v.** | § | |
| | § | **No. 4:19-CV-2236** |
| **CITY OF HOUSTON and Pat J. Daniel, in her official capacity as Secretary of the City of Houston** | § | |
| **Defendants.** | § | |

**DEFENDANT'S MOTION TO SHOW CAUSE**

Defendant City of Houston (COH or Houston) files the Motion to Show Cause with respect to this Court's March 4, 2024, order [Dkt. 146] and would show this Court the following:

## I. Summary of Motion

- City of Houston files this Motion to Show Cause in order to enforce this Court's March 4, 2024, order directing Plaintiffs to repay $116,359.69 to the COH. As of the date of this Motion, the COH has not been repaid nor have Plaintiffs provided any details or plans to repay the money.

- The appeal of the March 4, 2024, order has concluded and the order has been affirmed by the Fifth Circuit.

- City of Houston respectfully asks the Court to schedule a show cause hearing to facilitate payment from the Plaintiffs to the City of Houston.

## II. Factual and Procedural Background

Plaintiffs challenged City of Houston charter provisions that limited petition circulation for initiatives and referenda to registered voters on the grounds that such limitations were unconstitutional. The City of Houston, upon receipt of the lawsuit, conceded that those provisions were unconstitutional. *See Pool v. City of Houston* ("Pool I"), 978 F.3d 307, 314 (5th Cir. 2020). On July 24, 2023, this Court granted Plaintiffs' motion for attorneys' fees and expenses and awarded Plaintiffs $116,359.69 after determining that Plaintiffs were the "prevailing parties" pursuant to 42 U.S.C. § 1988(b). [Dkt.132]

The City of Houston complied with the Court's Order and paid $116,359.69 in attorneys' fees and expenses to Plaintiffs' counsel, who received the following checks on September 28, 2023:

| | | |
|---|---|---|
| Check No. 21061021 | Navjar Law Firm | $100,217.50 |
| Check No. 21061023 | Paul A. Rossi | $1,622.19 |
| Check No. 21061467 | Paul A. Rossi | $14,520.00 |

Following the payment, COH appealed. On December 6, 2023, the Fifth Circuit held that there was no Article III "case or controversy" because "all parties have agreed from the beginning of this case that the COH's voter registration provisions governing circulators are unconstitutional." *Pool v. City of Houston* ("Pool II"), 87 F.4th 733 (5th Cir. 2023).

Following the Fifth Circuit's decision, this Court vacated the attorneys' fee award and ordered Plaintiffs to return the $116,359.69 in attorneys' fees and expenses on March 4, 2024. [Dkt. 146] Plaintiffs appealed the March 4, 2024, Order.

On January 2, 2026, the Fifth Circuit affirmed the district court's March 4, 2024, Order, holding that the district court properly granted the COH's Rule 60(b)(5) motion because *Pool II* vacated the underlying judgment and eliminated the basis for Plaintiffs' prevailing-party status. The Fifth Circuit affirmed the order requiring Plaintiffs to return the $116,359.69 in attorneys' fees and expenses previously paid by the COH. *Pool v. City of Houston* ("Pool III"), No. 24-20138, slip op. (5th Cir. Jan. 2, 2026).

On April 27, 2026, the City of Houston sent Plaintiffs a letter seeking repayment of the $116,359.69 owed to the COH pursuant to this Court's March 4, 2024, Order. A copy of that letter is attached as Exhibit A. Plaintiffs' counsel indicated that he intended to appeal the Fifth Circuit decision to the United States Supreme Court. After the deadline to file a writ of certiorari had passed, the City of Houston sent another letter asking if a writ of certiorari had been filed and asking for repayment of $116,359.69. A copy of that letter is attached as Exhibit B. Plaintiffs' counsel has not responded to that letter.

## III. Argument and Authorities

Federal courts possess the inherent authority to enforce compliance with their lawful orders through civil contempt. *Shillitani v. United States*, 384 U.S. 364, 370 (1966). Civil contempt serves two purposes: it allows courts to coerce compliance with their orders and compensate parties for injuries or costs resulting from a contemnor's failure to comply. An order to show cause allows the Court to require a party to appear and explain why the Court

should not hold that party in civil contempt for failing to comply with a court order. *Petroleos Mexicanos v. Crawford Enters., Inc.*, 826 F.2d 392, 400 (5th Cir. 1987).

To establish civil contempt, the movant must prove through clear and convincing evidence that: (1) a valid court order existed; (2) the order required the respondent to take specific action; and (3) the respondent failed to comply with the order. Once the movant satisfies this burden, the alleged contemnor must demonstrate an inability to comply or another valid defense. *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir. 2000).

Here, the COH satisfies each element necessary to support issuance of an order to show cause. First, this Court's March 4, 2024 Order vacating the attorneys' fee award and requiring Plaintiffs to return $116,359.69 constitutes a valid court order. The Fifth Circuit affirmed that Order in *Pool III*. Second, the Order required Plaintiffs to return the attorneys' fees and expenses previously paid by the COH. Following the Fifth Circuit's affirmance, the COH provided Plaintiffs with a clear repayment demand. Third, despite the Court's Order and the COH's subsequent repayment requests, Plaintiffs have failed to return the funds owed to the COH. Plaintiffs have also failed to communicate any intention or timeline for satisfying their repayment obligation. Accordingly, the COH has established a sufficient basis for the Court to require Plaintiffs to show cause as to why they should not be held in civil contempt.

For illustrative purposes, *Piambino v. Bailey* ("*Piambino I*"), 757 F.2d 1112 (11th Cir. 1985), and the subsequent enforcement proceeding, *Piambino v. Bestline Prods., Inc.* ("*Piambino II*"), 645 F. Supp. 1210 (S.D. Fla. 1986), provide a similar example of a court

using civil contempt to enforce a repayment obligation. In *Piambino I*, attorneys received substantial fees following a class action settlement, but the underlying judgment was later overturned on appeal. The Eleventh Circuit directed the district court to require repayment of the funds and provided that failure to comply would subject the attorneys to the court's contempt power. Following remand, the district court in *Piambino II* ordered the attorneys to repay the amounts and, after they failed to do so, held the attorneys in civil contempt.

The court rejected the attorneys' inability-to-pay defense, finding that their failure to comply resulted from their own decision to withdraw and dissipate the funds rather than preserve them pending resolution of the appeal. The court imposed conditional contempt sanctions, allowing one attorney to purge the contempt by paying $125,000 into the court registry within seventy-five days and the other attorney to purge the contempt by paying $15,000. *Piambino II* illustrates that civil contempt is the appropriate remedy mechanism for enforcing a court-ordered repayment obligation when a party fails to return funds required by a court's order.

## Conclusion

Defendant City of Houston respectfully requests that the Court set a show cause hearing for the purpose of enforcing compliance with the Court's March 4, 2024, Order and facilitating repayment to the City of Houston. City of Houston further asks for all other relief to which it is entitled.

Respectfully submitted,

**ARTURO G. MICHEL**
City Attorney
**BRIAN AMIS**
Chief, General Litigation Section

By: */s/Kenneth S. Soh*
Kenneth Soh
Senior Assistant City Attorney
State Bar No.: 00794670
kenneth.soh@houstontx.gov
City of Houston Legal Department
900 Bagby, 4th Floor
Houston, Texas 77002
832.393.6468 – Telephone
832.393.6259 – Facsimile

***ATTORNEY FOR DEFENDANT***

Of Counsel:
Collyn A. Peddie
Senior Assistant City Attorney
Federal ID No.: 843
Texas State Bar No.: 15707300
832.393.6463 - Telephone
collyn.peddie@houstontx.gov
Lydia S. Zinkhan
Senior Assistant City Attorney
Federal ID No.: 11882
Texas State Bar No.: 22277600
832.393.6467 – Telephone
lydia.zinkhan@houstontx.gov

***ATTORNEYS FOR DEFENDANTS***
***CITY OF HOUSTON AND PAT J. DANIEL,***
***in her official capacity as Secretary for the City of Houston***

**CERTIFICATE OF CONFERENCE**

I certify that I have sent opposing counsel a copy of this motion, left him 2 voice mails and sent 3 emails in an attempt to resolve and/or discuss this matter. The parties have been unable to discuss or resolve this matter.

*/s/Kenneth S. Soh*
Kenneth Soh

**CERTIFICATE OF SERVICE**

I certify that on August 18, 2026, a copy of the foregoing document was served electronically on the CM/ECF system, which will automatically serve an electronic notice to all counsel of record.

*/s/Kenneth S. Soh*
Kenneth Soh